UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmd.uscourts.gov

HOLLY J. FRAZETTA,
HEIDI L. FRAZETTA, AND
FRAZETTA PROPERTIES, LLC,

        Plaintiffs,

v.

VANGUARD PRODUCTIONS, LLC, AND
JESSE DAVID SPURLOCK,

        Defendants.

_____/

Complaint for
Copyright Infringement

## <u>VERIFIED COMPLAINT</u>

FRAZETTA PROPERTIES, LLC, a Delaware limited liability company, ("Plaintiff" or "Frazetta Properties"), Holly J. Frazetta ("Ms. Frazetta"), a Florida resident, and Heidi L. Frazetta ("Ms. Frazetta"), a Florida resident, (collectively, Frazetta Properties, Ms. Frazetta and Ms. Frazetta, "Plaintiffs" or "Frazetta"), jointly and severally, by and through their attorneys, Merritt Law, P.A., file this Complaint against VANGUARD PRODUCTIONS, LLC ("Defendant Productions" or "Productions"), a Florida limited liability company, and JESSE DAVID SPURLOCK ("Defendant Spurlock" or "Mr. Spurlock"), (collectively, Productions and Mr. Spurlock, "Defendants") alleges, on knowledge as to Defendants' own actions, and otherwise upon information and belief, as stated hereinafter.

## PRELIMINARY STATEMENT

1.      Pursuant to the Copyright Act of 1976, this action is brought by Plaintiffs Holly J. Frazetta, Heidi L. Frazetta, and Frazetta Properties, LLC ("Plaintiffs") own the copyright rights in connection with works created by Mr. Frank Frazetta, Sr..  Plaintiffs have verified this Complaint.

2.      Plaintiffs' claims are based on Defendants' willful copying, reproduction, and creation and sale of Plaintiffs' Works lacking Plaintiffs' agreement and permission to do so. Plaintiffs sue for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

3.      Plaintiffs seek temporary injunction and permanent injunction, copyright infringement, and statutory damages, against Defendant Jesse David Spurlock and Defendant Vanguard Productions, LLC ("Defendants") in connection with the following works and other works of art created by Frank Frazetta, Sr. ("Protected Works").

| Title | Copyright Registration Number | Copyright Issued |
|---|---|---|
| Death Dealer II | VA0001688397 | 1988 |
| Death Dealer V | VA0001688405 | 1990 |
| Death Dealer VI | VA0001688403 | 1996 |

4.     In or about November 2021, Defendants began taking advance orders throughout the United States and foreign countries for a book that contains the exact works of art and Defendants are advertising them as, *Frazetta Book Cover Art The Definitive Reference,* identified with ISBN 10:   1934331848 and ISBN 13: 978-1934331848 ("Infringing Book").





5.    On November 19, 2021, Plaintiffs found the above post advertising a new Frazetta Art Book, which they confirmed is the Infringing Book.

6.    On November 26, 2021, Plaintiffs sent a Cease and Desist letter ("Letter) to Defendants via email and USPS mail advising Defendants not to use the Dark Kingdom a work owned by Plaintiff Heidi Frazetta, but Defendants ignored the Letter.  Exhibit A is attached and incorporated herein by reference.  .

7.    Plaintiffs ignored the Letter and continued with the .

8.    Defendant Spurlock refers to the Infringing Book as his "new book" and made this post March 6, 2022 on Amazon.



9.      Through   Defendants'   website,   www.VanguardPublishing.com, Defendants are selling advance copies of the Infringing Book and advertising that "every single one of Frazetta's famous and highly collectable illustrated book covers."



**TAKING ADVANCE ORDERS NOW!**
(Release Date - June 28, 2022)
*Frazetta Book Cover Art: The Definitive Reference*
**Hardcover**
Size: 8.5 x 11 inches
168 pages
$39.95

**Slipcased Deluxe HC**
The Slipcased Deluxe edition will feature a 16-page bonus folio comprised of vintage Frazetta frontispiece drawings which, often opened early books Frazetta painted covers for.
Size: 8.5 x 11 inches
184 pages
$69.95

10.     As shown below in Facebook posts made by Defendant Spurlock, who has knowledge of copyright law, Defendants know they are intentionally violating the Copyright Act and he wrote about infringement, "Unfortunately, ours is not a perfect world and in this digital age, more than ever, forgeries, unauthorized reproductions and copyright infringement is rampant," taken form Defendant Spurlock's Facebook post published August 2020 and he makes similar statements against Infringement in his November 2021 post.



11.    For Defendants own monetary gain, they intentionally and willfully infringed on Plaintiffs' rights in their Copyrights.

12.    Plaintiffs own the Copyrights in the Protected Works, Defendants have copied the entire Protected Works and the contents of the Infringing Book contains exact copies of the Protected Works.  Defendants cannot and will not argue the Infringing Book contains anything other than the Protected Work because doing so would eliminate the Infringing Book's value.

13.    Plaintiffs filed this action to protect their rights and Copyright Rights.

## JURISDICTION AND VENUE

14.    This Court has original jurisdiction of this action under 17 U.S.C. § 501, et seq., and pursuant to 28 U.S. Code § 1338 (a) the district court has exclusive jurisdiction over any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.

15.    Venue in this district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) this judicial district has jurisdiction over Defendant Productions, which is a limited liability company created under the laws of the State of Florida that has committed and is coming acts of copyright infringement.

16.    This Court also has personal jurisdiction over Defendants because are doing business in the State of Florida.

17.     Defendants submitted themselves to the jurisdiction in the State of Florida in this Court's judicial district when Defendants filed an actively ongoing lawsuit in Sarasota County Circuit Court ("State Court"), case number 2019 CA 001718 NC.  That case is not now related to this case but it is within the jurisdiction of the United States District Court for the Middle District of Florida.

18.     Plaintiffs' acts of infringement complained of herein are occurring in the State of Florida and in this judicial district.

19.     Plaintiffs bring this action seeking temporary injunctions and permanent injunctions and statutory damages for Defendants' intentional infringement of Plaintiffs' rights and copyrights in the Protected Works.

20.     Plaintiffs are the owners of Protected Work and sell, resell, license, sublicense, create new media, and develop their related marketing and branding of the Protected Work with other entities and the Defendants use of the Protected Work without the Plaintiffs' agreement makes it extremely difficult to plan and work with current and future business partners because the Infringing Book was unknown and forced on the Plaintiffs, which this diminishes the value of the Frazetta's Sisters right in their father's lifetime of work and future business agreements and adversely affect the reliability of the Plaintiffs in marketing and business development.

21.     It is unlikely that Defendants Vanguard Publishing and Spurlock will have funds to pay a money judgment against them.

22.     Although Plaintiffs have not seen the interior of the books, Plaintiffs estimate that more than one hundred (100) works of art created by Frank Franzetta,

Sr. and owned by Plaintiffs are included in the Infringing Book, because Defendants are advertising the number of pages in the smaller of two books offered for sale now contains 168 pages of the Plaintiffs' Protected Works.  Defendants do not own any rights in the Protected Works displayed in the Infringing Book. Pursuant to 28 U.S. Code § 1338 (a) the district court has exclusive jurisdiction over any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.

## FACTUAL ALLEGATIONS

23.    In or about May 2017, Defendant Spurlock approached Plaintiff Holly Frazetta to create a coloring book of Mr. Frazetta's art ("Coloring Book").  Mr. Spurlock knew that he could not use art created by Mr. Frazetta without the approval of those who owned them.  Mr. Spurlock's idea was to use Heidi Frazetta's painting Dark Kingdom on its cover and artwork created by Mr. Frazetta for the Coloring Book's interior.

24.    Ms. Frazetta listened to Plaintiff Spurlock presentation and she rejected his idea of preparing the coloring book.  After considering his idea, she rejected it.

25.    In the above cited lawsuit filed by Defendants Vanguard and Spurlock in State Court, Count VII of the Complaint contained a count against Plaintiff Holly Frazetta, and others, for an "estimated loss of profits between $10,000 to $15,000."

26.    Although his lawsuit filed in State Court continues, Defendants Vanguard and Spurlock dropped Count VII from the lawsuit.

27.     Although Mr. Spurlock knew he could not proceed with the Coloring Book, he did not give up on the idea of using the Protected Works in a book, but he gave up on trying to gain agreement from the Plaintiffs.

28.     The Coloring Book's front cover is nearly identical to the Infringing Book's cover.   The Coloring Book was Defendants Spurlock and Vanguard's inspiration to create the Infringing Book.

29.     Plaintiffs made no effort to hide the fact that the books' covers are identical and that they are identical to the Dark Kingdom painting.  Plaintiffs could not hide their infringing use of the Protected Works, because Defendant Spurlock knew the book without the Plaintiffs' Protected Works, a book would be impossible.

| Frank Frazetta, Sr., Original Painting of Dark Kingdom | Plaintiffs' Vanguard and Spurlock Coloring Book Scheme | Plaintiffs Vanguard and Spurlock Infringing Book Scheme |
|---|---|---|
|  | | |

30.     Plaintiffs own much of the original paintings and other artwork created

by Mr. Frank Frazetta, Sr. and his artwork has been displayed and sold throughout the world including Death Dealer II, V and VI.

31.     Plaintiffs depend on the Artwork to earn a living and the copyright protection the Artworks enjoy deters would-be thieves from copying and profiting from the Protected Word without Plaintiffs' agreement and permission.

32.     However, the Copyright protection did nothing to deter Defendants Spurlock and Vanguard from copying the Protected Work and announcing to their infringement to the world.

33.     Although surrounded by smaller paintings, one of which is Death Dealer V, Dark Kingdom is the largest image on the front cover of the Infringing Book and also it on its slipcover.  The slipcover does not contain Dark Kingdom is owned by Plaintiffs Frazetta Properties and Heidi Frazetta.

34.     It is one of the smaller images surrounding the large Dark Kingdom. Plaintiffs Heidi Frazetta had owned it and Frazetta Properties owned the intellectual property rights in it.

35.     Defendants chose to use it on the covers of the Infringing Book and its slipcover because it embodies Mr. Frazetta's distinctive and unique artistic style.

36.     The Death Dealer character and Mr. Frazetta's series of several Death Dealer paintings, including Death Dealer V began, like all Mr. Frazetta's works, with his imagination, a model, makeup and his unique artistic style.

37.     Death Dealer II, V and VI demonstrate the beauty and timeless quality that Mr. Frazetta's work has.  The Death Dealer works of art also were book covers

and will be in the Infringing Book.   Death Dealer V is shown on the cover of Defendant Spurlock's and Vanguard's Infringing Book.

**Frank Frazetta Original Painting**
**Death Dealer II**



**Frank Frazetta's**
**Original Painting as Book Cover**



**Frank Frazetta Original Painting**
**Death Dealer V**



**Frank Frazetta's**
**Original Painting as Book Cover**



**Frank Frazetta Original Painting**
**Death Dealer VI**

**Frank Frazetta's**
**Original Painting as Book Cover**





38.     Frazetta Properties and Heidi and Holly Frazetta owned the Death Dealer VI and the intellectual property rights.  Plaintiff Heidi Frazetta owned the Death Dealer II and Frazetta Properties owns the copyright rights in Death Dealer II.

39.     The finished work conveys the style, physical power, and unique genre that Mr. Frazetta created and has been loved by his fans and studied by other artists for decades.

40.     The Plaintiffs are working to create new media to extend Mr. Frazetta's legacy to new generations of fans.

41.     However, Defendants converted the Protected Work for their own

profit and have made make no effort to hide their unlawful conversion and theft of Plaintiffs' copyright rights in the paintings Death Dealer II, V and VI and other Protected Works.

42.     Any value claimed added by Defendants Spurlock and Vanguard would extend solely to the Defendants own original work they do not obtain copyright protection and value created by the underlying Protected Works.

43.     Plaintiffs are continuing to investigate the possible involvement of unknown third parties, including illustrators, publishers, printers, co-writers and ghostwriters.

## PLAINTIFFS HOLLY FRAZETTA AND HEIDI FRAZETTA

44.     Plaintiffs Holly Frazetta and Heidi Frazetta are sisters and they are daughters of Frank Frazetta, Sr.

45.     The Frazetta sisters rely on their father's artwork for their income and livelihood and are committed to extending Mr. Frazetta's legacy.

46.     Plaintiffs owned Death Dealer II, Death Dealer V and Death Dealer VI and other of their copyright protected artwork.

47.     They obviously know of the Defendants theft and conversion of the Protected Works and have had adverse interactions with Defendant Spurlock, including the lawsuit he filed in State Court.

48.     Plaintiffs are creating a unique brand for the Protected Art of its creator, Mr. Frazetta, Sr., and sort of home for characters he created, including Death Dealer and Dark Kingdom that could be conceptually similar to the Marvel Character's

Universe created by Disney.

49.    Defendants are intent on disrupting their work.

## PLAINTIFF FRAZETTA PROPERTIES, LLC

50.    Plaintiff Frazetta Properties LLC is a Delaware Limited Liability Company conducts business in the State of Florida.

51.    Properties has owned some of the ownership rights and copyright rights in some of the Protected Works.

52.    Plaintiff Frazetta Properties is seeking to protect rights its rights in the Protected Works.

53.    Plaintiff Frazetta Properties reason for joining in the lawsuit was to ensure its rights would be protected.

## DEFENDANT JESS DAVID SPURLOCK

54.    Defendant Jess David Spurlock resides in Dallas County, Texas and has been involved compilations of Mr. Frazetta's artwork before.

55.    According to Florida's corporate information website, sunbiz.org, Defendant Spurlock is the sole manager of Defendant Vanguard Productions and controls its actions.  Upon information and belief, Defendant  is its sole member.

56.    Defendants are solely responsible for the content of the Defendants' website having the URL of www.VanguardPublishing.com.  As referenced above, in a Facebook post, Defendant Spurlock removed any doubt that he misunderstands Copyright law and by confirming that he had an understanding of Copyright law.

57.    As stated on the website, the Infringing Book's commentary was

provided by Defendant Spurlock.

58.     Defendant Spurlock cannot use Vanguard as a shield because he is also responsible and liable for the consequences of copyright infringement.

59.     Defendants stated on Vanguard's website that "Frazetta is the revolutionary fantasy artist of Conan, King Kong, Death Dealer, Edgar Rice Burroughs, Lord of The Rings and more, whose original art sells for millions." An expected high dollar return is the reason that Defendants risked this lawsuit being filed and have willfully disregarded the Copyright Act, and the Plaintiffs' rights in the artwork.

60.     Defendants have tried to quickly advertise and offer for sale to the general public artwork they do not own with the goal of making a quick windfall of cash and while disregarding and that their actions will damage Mr. Frazetta's daughters, Heidi Frazetta and Holly Frazetta, and Frazetta Properties efforts to build a lasting legacy and brand to the genius that Frank Frazetta, Sr. was and to his millions of fans.

## DEFENDANT VANGUARD PRODUCTIONS, LLC

61.     Defendant Vanguard Productions LLC is a Florida limited liability company. Defendant Spurlock is listed as its sole manager.

62.     Defendant Productions sells other books through its website, including books based on Frank Frazetta's artworks.

63.     Defendant Productions is a vanity publisher and primarily sells books consisting of a compilations assembled by Defendant Spurlock. .

64.     Defendant has a history of making statements to Frazetta Properties members attempting to interfere with their Copyrights and agreements, causing conflict amongst Properties members.

65.     Defendant Productions is offering the Infringing Books for sale, but it does not appear to have begun printing the Infringing Book.

66.     Defendant Productions has been used an extension of Defendant Spurlock and he has used it as a club against the Plaintiffs in their infringement and in the lawsuit filed in Sarasota County, Florida.

67.     Defendant Productions in engaging in presales and, on information and belief, all funds received through presales will used by it for the purpose of printing the book and to benefit the Defendants and none will be available to be refunded to those ordering the Infringing Book before it is printed.

## DEFENDANTS' FAILURE TO COMPLY
## WITH PLAINTIFFS' CEASE AND DESIST LETTER

68.     The Plaintiffs' attorney sent a Cease and Desist letter to the Defendants but Defendants ignored the Letter and continued to proceed with their intent to violate the Plaintiffs' rights under Copyright Law.

69.     Defendants denied having received the letter.

70.     Defendants were given the opportunity to resolve the matter by ceasing what appeared to be the Defendants' intent to deprive Plaintiffs of their rights in the copyrighted art.

## PLAINTIFFS CLAIMS

### FIRST CLAIM FOR RELIEF
### TEMPORARY INJUNCTION AND PERMANENT INJUNCTION
### AGAINST ALL DEFENDANTS

71.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 70 of the Complaint.

72.    The Copyright Act provides for the imposition of injunctive relief in 17 U.S.C. 502.

73.    Plaintiffs seek temporary injunction to prevent the book from being published and sent from the printing company that is believed to be in China or Taiwan and to prevent the pre-sale of the book while this matter is being decided by the courts.

74.    Defendants are making presales now of the book and it is very likely they are removing the funds and keeping them for their own purposes, including paying for printing the books, and not holding them in trust for those pre-ordering and an injunction will ensure that more placing pre-orders who stand to lose all the money they have paid and not receive the Infringing Book.

75.    Money damages will be insufficient to compensate the Plaintiffs for the damage to the value of the Protected Works now and in the future.

76.    It is unlikely that Defendants will be able to pay money damages awarded to compensate for the damages Plaintiffs will suffer.

77.    If Defendants had any interest in making payments to Plaintiffs, they would have brought this idea, which resembles the rejected Coloring Book, to them.

78.     As shown from the foregoing, it is very likely that Plaintiffs will prevail, because Defendants disregarded the Plaintiffs' rights and Copyright Law.

79.     The books will not be released until June 28, 2022 and preventing Defendants from selling more advanced copies will not injure the public and will benefit the public, because those who have not yet ordered but are considering doing so, will prevent loss of their payment for the book.

80.     Plaintiffs will be irreparably damaged because this infringement will demonstrate to their business partners that they do not control their copyrights, unorganized and will be unreliable business partners.

81.     Plaintiffs will be irreparably damaged.

82.     Defendants have no damage.  They do not have the right to create and publish the Infringing Book and their action will undermine the Plaintiffs' credibility in connection with their current and future business partners that will question Plaintiffs' business judgment for entering into a new venture with Defendants Vanguard and Spurlock when they are being sued by them in State Court.

WHEREFORE, Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta respectfully demand that a preliminary injunction and permanent injunction be entered against Defendants Jess David Spurlock and Vanguard Productions, L.L.C.to prevent them from printing, taking orders for, distributing and/or selling the Infringing Book, and for Plaintiffs' attorneys' fees and costs per 17 USC 505.

## SECOND CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

83.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 70 of the Complaint.

84.     The Copyright Act permits the impounding and disposing of the Infringing Book pursuant to 17 U.S.C. 503.

85.     The Copyright Act permits imposition of the award of damages and actual profits against Defendants for the Infringing Book pursuant to 17 U.S.C. 504.

86.     Defendant's conduct as described above constitutes direct copyright infringement of each of the Protected Works.

87.     The infringement of each such work is a separate and distinct act of infringement.

88.     The foregoing acts of infringement by Defendants are willful, intentional and purposeful and in disregard of and indifference to the rights of Plaintiffs.

89.     The foregoing acts constitute direct infringement of the exclusive rights in the Protected Works.

90.     WHEREFORE, Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta, jointly and severally, respectfully demand pursuant to 17 U.S.C. 503 and 17 U.S.C. 504 that all copies of the Infringing Book be impounded and disposed of and that, pursuant to 17 U.S.C. 504, Plaintiffs be awarded damages and actual profits to be paid from Defendants Jess David Spurlock and Vanguard Productions,

L.L.C. and paid to Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta, Plaintiffs' attorneys' fees and costs in accordance with 17 U.S.C. § 505. and for such other and further relief as the Court deems appropriate and justice requires.

**THIRD CLAIM FOR RELIEF**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**AGAINST ALL DEFENDANTS**

91.     Plaintiffs repeat and reallege each and every allegation contained in other paragraphs 1 through 70 of the Complaint.

92.     The Copyright Act permits the impounding and disposing of the Infringing Book pursuant to 17 U.S.C. 503.

93.     The Copyright Act permits imposition of the award of damages and actual profits against Defendants for the Infringing Book pursuant to 17 U.S.C. 504.

94.     Defendants provide the site, means, materials and business contacts and funding for the massive copyright infringement that will soon occur through the publication and sale of each Infringing Book.

95.     Defendants have undertaken the acts with full knowledge, actual and constructive, of the infringing activities alleged herein.

96.     The infringement of each Infringing Book is a separate and distinct act of infringement.

97.     The foregoing acts of infringement by Defendants are willful, intentional and purposeful and in disregard of and indifference to the Plaintiffs' rights.

98.    The foregoing acts constitute contributory infringement of the exclusive right in the Protects Works.

99.    WHEREFORE, Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta, jointly and severally, respectfully demand pursuant to 17 U.S.C. 503 and 17 U.S.C. 504 that all copies of the Infringing Book be impounded and disposed of and that, pursuant to 17 U.S.C. 504, Plaintiffs be awarded damages and actual profits to be paid from Defendants Jess David Spurlock and Vanguard Productions, L.L.C. and paid to Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta, Plaintiffs' attorneys' fees and costs in accordance with 17 U.S.C. § 505. and for such other and further relief as the Court deems appropriate and justice requires.

### FOURTH CLAIM FOR RELIEF
### VICARIOUS COPYRIGHT INFRINGEMENT –
### AGAINST ALL DEFENDANTS

100.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 70 of the Complaint

101.    The Copyright Act permits the impounding and disposing of the Infringing Book pursuant to 17 U.S.C. 503.

102.    The Copyright Act permits imposition of the award of damages and actual profits against Defendants for the Infringing Book pursuant to 17 U.S.C. 504.

103.    Defendants provide the site, means, materials and business contacts and funding for the massive copyright infringement that will soon occur.

104.    Defendants have the control and power to control to eliminate and end the infringement that will soon occur.

105.   The infringement of each Protected Work is a separate and distinct act of infringement.

106.   The foregoing acts of infringement by Defendants are willful, intentional, and purposeful and in disregard of and indifference to the Plaintiffs' rights.

107.   The foregoing acts constitute vicarious infringement of the Plaintiffs' exclusive rights in the Protected Works.

108.   WHEREFORE, Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta, jointly and severally, respectfully demand pursuant to 17 U.S.C. 503 and 17 U.S.C. 504 that all copies of the Infringing Book be impounded and disposed of and that, pursuant to 17 U.S.C. 504, Plaintiffs be awarded damages and actual profits to be paid from Defendants Jess David Spurlock and Vanguard Productions, L.L.C. and paid to Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta, Plaintiffs' attorneys' fees and costs in accordance with 17 U.S.C. § 505. and for such other and further relief as the Court deems appropriate and justice requires.

## FIFTH CLAIM FOR RELIEF
## INDUCING COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

109.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 70 of the Complaint

110.   The Copyright Act permits the impounding and disposing of the Infringing Book pursuant to 17 U.S.C. 503.

111.   The Copyright Act permits imposition of the award of damages and

actual profits against Defendants for the Infringing Book pursuant to 17 U.S.C. 504.

112.    Defendants have infringed the Protected Works by inducing others to illustrate, reproduce, adapt, distribute and sell and otherwise transmit the Plaintiffs Protected Works.

113.    The infringement of each of the Protected Works by the Defendants is a separate and distinct act of Infringement.

114.    The foregoing acts of infringement by Defendants are willful, intentional, and purposeful and in disregard of and indifference to the Plaintiffs' rights.

115.    The foregoing acts constitute vicarious infringement of the Plaintiffs' exclusive rights in the Protected Works.

WHEREFORE, Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta, jointly and severally, respectfully demand pursuant to 17 U.S.C. 503 and 17 U.S.C. 504 that all copies of the Infringing Book be impounded and disposed of and that, pursuant to 17 U.S.C. 504, Plaintiffs be awarded damages and actual profits to be paid from Defendants Jess David Spurlock and Vanguard Productions, L.L.C. and paid to Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta, Plaintiffs' attorneys' fees and costs in accordance with 17 U.S.C. § 505. and for such other and further relief as the Court deems appropriate and justice requires.

## SUMMARY OF REQUESTED RELIEF

In summary, Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta respectfully demand judgment in their favor against Defendants Jess David Spurlock and Vanguard Productions, LLC, jointly and severally, as follows:

A.     That Defendants' products and materials that infringe Plaintiffs' Death Dealer II, Death Dealer V, Death Dealer VI and other copyrighted Artworks in the Infringing Book, as well as any other articles that contain or embody copies of Plaintiffs' original work, be impounded pursuant to 17 U.S.C. §. 503(a);

B.     That Defendants' products and materials that infringe Plaintiffs' copyrighted works, as well as any other articles that contain or embody copies of Plaintiffs' original work, be destroyed pursuant to 17 U.S.C. §. 503(b);

C.     That Defendants be required to provide a full accounting to Plaintiffs for all profits derived from their infringing use and their production, reproduction, and preparation of derivative works based on, distribution, and display of Plaintiffs' works in all media, from all sources, worldwide;

D.     That Defendants be ordered to pay Plaintiffs all damages, including future damages, that Plaintiffs have sustained or will sustain as a result of the acts complained of herein, and that Plaintiffs be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting;

E.     That Defendants be ordered to pay to Plaintiffs' pre-judgment and post-judgment interest on all applicable damages;

F.     That Defendants disgorge any and all profits earned;

G.     Impound any and all inventory of Infringing Books to be destroyed;

H.      That Defendants be permanently enjoined from all further infringement of works created by Frank Frazetta, Sr. owned by Plaintiffs; and

I.      Such other or further relief as the Court may deem proper.

J.      Plaintiffs seek attorneys' fees in accordance with 17 U.S.C. § 505.

**VERIFICATION**

This Complaint is verified by the Plaintiffs on the pages attached hereto and incorporated herein.

Respectfully submitted,

**MERRITT LAW PA**

/s/  Jack W. Merritt
Jack W. Merritt
FBN: 0052248
Mediterranea Professional Plaza
690 South Tamiami Trail
Osprey, FL 34229

## VERIFICATION OF COMPLAINT

I declare and certify under penalty of perjury that the foregoing Complaint is true and correct.

Signed here:

Heidi L. Frazetta

Executed on:

Date 3-4-22

## VERIFICATION OF COMPLAINT

I declare and certify under penalty of perjury that the foregoing Complaint is true and correct.

Signed here:

Heidi L. Frazetta,
Member of Frazetta Properties, LLC

Executed on:

Date 3-4-22

Page 27 of 28

## VERIFICATION OF COMPLAINT

I declare and certify under penalty of perjury that the foregoing Complaint is true and correct.

Signed here: _____

Holly J. Frazetta

Executed on: _____3 / 4 / 22_____

Date

## VERIFICATION OF COMPLAINT

I declare and certify under penalty of perjury that the foregoing Complaint is true and correct.

Signed here: _____

Holly J. Frazetta
Member of Frazetta Properties, LLC

Executed on: _____3 / 4 / 22_____

Date