

**MERRITT LAW, P.A.**
Legal & Advisory Services
Mediterranea Professional Park
690 South Tamiami Trail
Osprey, Florida 34229
941.445.4841
www.merrittlaw.net

**Jack W. Merritt, MBA, JD**
Licensed in States of Florida & Maryland
US Middle & Southern Districts of FL
US District of MD, 4th & 9th Circuits
Federal Courts of Appeal

November 26, 2021

**VIA EMAIL AND MAIL**
Mr. Jess David Spurlock
705 Rancho Drive
Mesquite, TX 75149-0000

Mr. Jess David Spurlock
12419 Shorecrest Lane
Mesquite, TX 75180-1945

    Re:    <u>Your Unlawful Use of Dark Kingdom in Your Book Promotion</u>

Mr. Spurlock:

    I am an attorney for Holly Frazetta, who owns all the rights, title and interest in a painting, Dark Kingdom, that you misappropriated for commercial gain and used in connection with your promoting your art book that you stated will be published in 2022. That is the most important fact.

    You misunderstand Fair Use. There is no legal doctrine permitting your misuse of Ms. Frazetta's rights in Dark Kingdom. Your use of "a few samples as legally allowable to illustrate a topic of discussion" is incomplete, incorrect and nonsensical. There is no bright line rule stating that Fair Use exists if you meet specific criteria and you can determine that criteria without need of the court system. Fair Use determinations consist of a multi prong test. It is not a single measure as you misstated. The most crucial factor in determining whether a use constitutes "Fair Use" is "the purpose and character of the use, including whether the use made

EXHIBIT A

<u>**VIA EMAIL AND MAIL**</u>
Mr. Jess David Spurlock
November 26, 2021
Page 2

of the underlying work is for a commercial purpose or for commentary." You made use of Dark Kingdom for your own purely commercial reasons and that eliminates "Fair Use" as a defense.

Although little analysis is required, your post of Dark Kingdom leads to the conclusion that your intent was not to educate but to piggyback your book on artwork that you do not own to boost interest in your future book to increase the sales by implying the owner of Dark Kingdom approves of your book. You then assert that you have the right to use the work by transforming your use into something else. No one would put forward as education misstatements that are false and can be easily found to be false. Such action demonstrates the person's ignorance and seemingly begs for ridicule and legal action.

Your use of Facebook's text from its Help Center, demonstrates that you did not clear your use of Facebook's text with it. Section 230 of the Communications Decency Act does not protect Facebook or any similar entity from being named in a lawsuit for injunctive relief, especially when it permits someone to use Facebook's intellectual property as a cover to misappropriate, etc., the ownership rights of another, as it appears that you have done with Dark Kingdom. The character of your use and then your attempt to use Facebook to hide your wrongdoing will likely be of interest to Facebook, especially in light of the damaging publicity that it has suffered in the last few months and the already damaging publicity it has suffered over the past years.

You already are involved in a lawsuit with Ms. Frazetta. I doubt that your attorney in that case would have approved of your action but would have advised you not to do anything that could result in additional action being brought against you.

<u>**VIA EMAIL AND MAIL**</u>
Mr. Jess David Spurlock
November 26, 2021
Page 3

You also misunderstand that a lawsuit can only be filed against you using causes of action arising from copyright law. The other causes of action that can be brought against you include defamation, all forms of civil fraud, quantum meruit, injunctive relief, deceptive and unfair trade practices, state and Federal civil RICO statutes, and that list is not comprehensive, but are only some of the non-copyright causes of action available in Florida's courts.

Your Facebook post was published throughout the United States. Therefore, legal action can be brought elsewhere. California and New York recognize causes of action that are not available through Florida's courts. I do not know whether suit would be filed in connection with your unlawful use of her paintings, but I would not object with filing any such action in California and specifically in San Francisco with a law firm that I have work with previously.

You have taken Ms. Frazetta's ownership rights too lightly. On behalf of Ms. Frazetta, I demand that you:

1. Immediately cease and desist from all further production, reproduction, publishing, provision, distribution, transmission, display, performance, advertising, licensing, and sale of materials that are unlawful and adversely affect her rights in Dark Kingdom.

2. Destroy all such materials in your inventory or otherwise in your possession or control, including all copies in electronic or printed form.

3. Provide Ms. Frazetta with a full accounting of all uses that you have made of Dark Kingdom or otherwise distributed and all proceeds therefrom.

You are specifically advised that any failure or delay in complying with these demands will compound the damages for which you may be liable.

**VIA EMAIL AND MAIL**
Mr. Jess David Spurlock
November 26, 2021
Page 4

I demand that you promptly provide me with written confirmation that you will comply with these demands. If I do not receive a satisfactory response by 5 p.m. EST on Monday, November 29, 2021, Ms. Frazetta is prepared to take all steps necessary to protect her valuable property rights without further notice to you.

The above is not an exhaustive statement of all the relevant facts and law, and Ms. Frazetta expressly reserves all of its equitable and legal rights and remedies, including the right to seek injunctive relief and recover monetary damages.

       Regards,

       /s/ *Jack W. Merritt*

       Jack W. Merritt, MBA, JD
       Attorney for Ms. Holly Frazetta

cc: Ms. Holly Frazetta
   Client