UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA,
AND FRAZETTA PROPERTIES, LLC,

                *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, AND
JESS DAVID SPURLOCK,

                *Defendants.*

_____/

## VANGUARD PRODUCTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT

COMES NOW, VANGUARD PRODUCTIONS, LLC ("Vanguard"), and Answers and alleges affirmative defenses to Plaintiffs' Verified Complaint as follows:

### PRELIMINARY STATEMENT

1.     Denied, and Defendant would put Plaintiffs to strict proof that any infringement under the Copyright Act of 1976 occurred or will occur in this matter.

2.     Denied as to all allegations. Defendant denies that the Copyright Act of 1976 governs in this matter.

3.     Denied, and Defendant would put Plaintiffs to strict proof.

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

4.      Denied. The book in question is a reference work of book covers.

5.      Denied; the book in question is a reference work consisting of book covers entitled *"Frazetta Book Cover Art: The Definitive Reference."*

6.      Denied.

7.      Denied.  Defendants received no letter, nor did Defendants' attorney.

8.      Denied.

9.      Denied that the book infringes on any copyright.

10.     Denied; the use of two of the images in question is in the context of actual book covers, not simply the artwork of Frank Frazetta, and any use in the reference book is fair use, not copyright infringement.

11.     Denied.

12.     Denied in its entirety.

13.     Denied that Plaintiffs have any rights to protect or that Defendant infringed upon any alleged right.

## JURISDICTION AND VENUE

14.     Denied.

15.     Denied.

16.     Denied.

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

17.    Denied.

18.    Denied.

19.    Denied in its entirety.

20.    Denied in its entirety.

21.    Denied as to all allegations.

22.    Denied in its entirety. Plaintiffs have produced no copyright registration certificates (required by statute on pre-1978 works) to support a claim on any image included in the Vanguard book other than Death Dealer 2 and Death Dealer 4 (Death Dealer 6 does not appear in the book).  These images appear as fair use under the Copyright Act and supported by Vanguard's noted win in *Warren Publ'g Co. v. Spurlock*, 645 F. Supp. 2d 402 (E.D. Pa. 2009).  The new book is in keeping with Vanguard's prior *Definitive Reference* book which Defendants have recognized for over a decade as fair use, as evidenced by their not demanding reports or royalties thereon.

## FACTUAL ALLEGATIONS

23.    Denied in its entirety; Sara Taylor, of Frazetta Girls, LLC, approached Defendant and requested Defendants produce a coloring book of Frank Frazetta's artwork. Denied that Dark Kingdom was a planned cover.

24.     Denied in its entirety; see answer to paragraph 23.

25.     Admitted; the claim for breach of oral contract named Frazetta Girls, LLC, Sara Taylor, and Holly Frazetta, as a result of Sara Taylor's rejection of the project after Defendants completed the project but Ms. Taylor wanted to get an "unknown artist" to "trace the artwork," which would made the project an ersatz Frazetta book, one that would cheapen Defendants' Frank Frazetta branding agreement with Frazetta Properties, LLC.

26.     Admitted.

27.     Denied in its entirety.

28.     Denied in its entirety.  At no time was this image considered for use as a cover for the parties' agreed-upon coloring book, let alone the design alleged herein.  This allegation is a total fabrication.

29.     Denied in its entirety.  This allegation is a total fabrication.

30.     Denied, and Defendant would put Plaintiffs to strict proof.

31.     Denied, and Defendant would put Plaintiffs to strict proof.

32.     Denied in its entirety; this allegation has no basis in fact.

33.     Denied, and Defendant would put Plaintiffs to strict proof.

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

34.     Denied; this allegation makes no sense and alleges copyright ownership was had in the past; Defendant would put Plaintiffs to strict proof.

35.     Denied.

36.     Denied.

37.     Admitted as to the first allegation and Denied as to the remaining allegations.

38.     Denied, this allegation alleges copyright ownership was had in the past; Defendant would put Plaintiffs to strict proof.

39.     Denied as making no sense.

40.     Denied, and Defendant would put Plaintiffs to strict proof.

41.     Denied in its entirety, at no time have Defendants converted or stolen any purported copyrights.

42.     Denied.

43.     Denied.

**PLAINTIFFS HOLLY FRAZETTA AND HEIDI FRAZETTA**

44.     Admitted.

45.     Denied for lack of knowledge.

46.     Denied, this alleges copyright ownership in the past tense.

47.    Denied; this allegation appears to accuse Defendants of theft of the actual artwork; Defendants sue Plaintiffs in state court for Plaintiffs' breaches of contract with Defendants; Defendant would put Plaintiffs to strict proof.

48.    Denied.

49.    Denied.

## PLAINTIFF FRAZETTA PROPERTIES, LLC

50.    Admitted that Frazetta Properties, LLC is a Delaware limited liability company, however, this entity is not registered with the State of Florida to conduct business in Florida.

51.    Denied; this alleges that Frazetta Properties, LLC had copyright ownership in the past, not at the time of the filing of this complaint.

52.    Denied.

53.    Denied that Frazetta Properties has any rights to protect as alleged, and Defendant would put Frazetta Properties to strict proof.

## DEFENDANT JESS DAVID SPURLOCK

54.    Denied; Defendant entered into an agreement with the late Frank Frazetta and Frazetta Properties, LLC, in 2010 to create a Frank Frazetta brand with Defendants and was granted certain exclusive rights under that agreement.

55.    Denied as to the first allegation; Admitted as to the second allegation.

56.    Denied in its entirety.

57.    Admitted that Spurlock is the author of the commentary of the not-yet published book titled "*Frazetta Book Cover Art; The Definitive Reference.*"

58.    Denied.

59.    Denied.

60.    Denied, and Defendant would put Plaintiffs to strict proof.

## DEFENDANT VANGUARD PRODUCTIONS, LLC

61.    Admitted.

62.    Admitted; Defendants entered into an agreement with the late Frank Frazetta and Frazetta Properties, LLC, in 2010 to create a Frank Frazetta brand of books with Defendants and was granted certain exclusive rights under that agreement.

63.    Denied; Vanguard Productions, LLC, an independent publisher of books featuring the work of famous comics artists, fine artists, and illustrators, has been nominated for and/or awarded the Independent Publisher Book Award (The "IPPY," annual book awards for independently published titles); Will Eisner Comic Industry Awards ("Eisner Awards," given for creative achievement in

American comic books, sometimes referred to as the comics industry's equivalent of the Academy Awards); the Rondo Hatton Classic Horror Awards (the "Rondo"); The Hugo Awards, and others.

64.    Denied; in 2020, Vanguard's book "*Fantastic Paintings of Frazetta*" was an IPPY Award Gold Medal winner, was a Locus Award nominee, and a Rondo nominee.

65.    Denied that the book infringes on any copyright.

66.    Denied, and Defendant would put Plaintiffs to strict proof.

67.    Denied, and Defendant would put Plaintiffs to strict proof.

**DEFENDANTS' FAILURE TO COMPLY WITH
PLAINTIFFS' CEASE AND DESIST LETTER**

68.    Denied, and Defendant would put Plaintiffs to strict proof.

69.    Admitted.  No letter was sent, either by mail or email, and Defendant would put Plaintiffs to strict proof.

70.    Denied; Plaintiffs never contacted Defendant or his attorney to discuss the complaint's allegations, and Defendant would put Plaintiffs to strict proof.

**PLAINTIFFS CLAIMS
FIRST CLAIM FOR RELIEF - TEMPORARY INJUNCTION AND
PERMANENT INJUNCTION - AGAINST ALL DEFENDANTS**

71.     Defendant repeats each response to each numbered allegation in paragraphs 1 through 70.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied, and Defendant would put Plaintiffs to strict proof.

76.     Denied, and Defendant would put Plaintiffs to strict proof.

77.     Denied; the two projects are completely unalike; the coloring book was the idea of Sara Taylor.

78.     Denied, and Defendant would put Plaintiffs to strict proof.

79.     Denied, and Defendant would put Plaintiffs to strict proof.

80.     Denied; Defendants and Plaintiffs entered into a publishing agreement in 2010, and Defendant would put Plaintiffs to strict proof.

81.     Denied, and Defendant would put Plaintiffs to strict proof.

82.     Denied, and Defendant would put Plaintiffs to strict proof.

The WHEREFORE request is Denied in its entirety.

## SECOND CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT - AGAINST ALL DEFENDANTS

83. Defendant repeats each response to each numbered allegation in paragraphs 1 through 70.

84. Denied.

85. Denied.

86. Denied, and Defendant would put Plaintiffs to strict proof.

87. Denied, and Defendant would put Plaintiffs to strict proof.

88. Denied, and Defendant would put Plaintiffs to strict proof.

89. Denied, and Defendant would put Plaintiffs to strict proof.

90. The WHEREFORE request is Denied in its entirety.

### THIRD CLAIM FOR RELIEF
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### AGAINST ALL DEFENDANTS

91. Defendant repeats each response to each numbered allegation in paragraphs 1 through 70.

92. Denied.

93. Denied.

94. Denied, and Defendant would put Plaintiffs to strict proof.

95. Denied, and Defendant would put Plaintiffs to strict proof.

96. Denied, and Defendant would put Plaintiffs to strict proof.

97.    Denied, and Defendant would put Plaintiffs to strict proof.

98.    Denied, and Defendant would put Plaintiffs to strict proof.

99.    The WHEREFORE request is Denied in its entirety.

## FOURTH CLAIM FOR RELIEF
## VICARIOUS COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

100.    Defendant repeats each response to each numbered allegation in paragraphs 1 through 70.

101.    Denied.

102.    Denied.

103.    Denied, and Defendant would put Plaintiffs to strict proof.

104.    Denied, and Defendant would put Plaintiffs to strict proof.

105.    Denied, and Defendant would put Plaintiffs to strict proof.

106.    Denied, and Defendant would put Plaintiffs to strict proof.

107.    Denied, and Defendant would put Plaintiffs to strict proof.

108.    The WHEREFORE request is Denied in its entirety.

## FIFTH CLAIM FOR RELIEF
## INDUCING COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

109.   Defendant repeats each response to each numbered allegation in paragraphs 1 through 70.

110.   Denied.

111.   Denied.

112.   Denied, and Defendant would put Plaintiffs to strict proof.

113.   Denied, and Defendant would put Plaintiffs to strict proof.

114.   Denied, and Defendant would put Plaintiffs to strict proof.

115.   Denied, and Defendant would put Plaintiffs to strict proof.

The WHEREFORE request is Denied in its entirety.

## SUMMARY OF REQUESTED RELIEF

Defendant Denies each and every relief requested by Plaintiffs in paragraphs A, B, C, D, E, F, G, H, I, and J.

## VERIFICATION

The verifications of Heidi L. Frazetta and Holly J. Frazetta are contested, and Defendant will put each Plaintiff to strict proof.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs lack standing to bring the claims alleged against Defendants.

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

2.    <u>Failure To State a Claim</u>:  Plaintiffs' Count I, Temporary Injunction and Permanent Injunction, Count II, "Direct Copyright Infringement," Count III, "Contributory Copyright Infringement," Count IV, "Vicarious Copyright Infringement," and Count V, "Inducing Copyright Infringement" are barred by Plaintiffs' failure to establish Exclusive Rights in the three works alleged.

3.    <u>The Alleged Infringement is *de minimis*</u>.  Plaintiffs allege in Paragraph 22 that the intended book contains an estimated 100 copyrighted works of Frank Frazetta's but only three of the allegedly copyrighted works allegedly owned by Plaintiffs will allegedly be included in the book.   Three copyrighted images in a book with an estimated 100 copyrighted images are insufficient to find copyright infringement.

4.    <u>Failure to State a Claim</u>:  Count I, Count II, Count III, Count IV, and Count V are not legally cognizable because the book in question has not yet been published, released, or distributed to the public.  Federal "judicial power" extends only to "Cases" and "Controversies," as provided under the United States Constitution, Article III, § 2, requiring plaintiff to allege a true injury, a defendant who could remedy the problem, and a live dispute.  These unripe claims are not amenable to the judicial process.

5.    <u>Fair Use</u>:  Defendants' use of the works in question, if the use occurred at all, was a legally protected fair use of the allegedly infringed works, as provided under Section 107 of the 1976 Copyright Act, which contains a "fair use" defense against allegations of copyright infringement in a lawsuit, as demonstrated in *Warren Publ'g Co. v. Spurlock*, 645 F. Supp. 2d 402 (E.D. Pa. 2009).

6.    <u>Invalid Copyright</u>:   The alleged copyrights are invalid and/or unenforceable, and Plaintiffs' claims should be barred and their copyright registrations canceled because of defects in the registration and fraud on the Copyright Office.

7.    <u>Good Faith Intent</u>:  Plaintiff's claims are barred because Defendants acts, if any, were done in good faith and without any intent to infringe Plaintiffs' alleged works.  Section 504 of the Copyright Act contains an "innocent infringer" defense.  17 U.S.C. § 504(c)(2).

8.    <u>Plaintiffs had no ownership interest in and to any of the Copyrights in the 3 works at issue as of the date of filing the lawsuit</u>, and as such, Plaintiffs are incapable of maintaining their claims for copyright infringement.

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

WHEREFORE, pursuant to the foregoing, Defendant requests dismissal of

all claims and requests an award of its attorney fees and costs as the prevailing

party under Title 17 U.S.C. §505.

DATE:        MAY 12, 2022

/s/:    *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
Fla. Bar No. 624543
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
Tel. No.: 210 209-3030