UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, and FRAZETTA PROPERTIES, LLC,

    *Plaintiffs*,

v.

VANGUARD PRODUCTIONS, LLC, and JESSE DAVID SPURLOCK,

    *Defendants*.

_____/

## DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' PRODUCTION OF DOCUMENTS

Defendants VANGUARD PRODUCTIONS, LLC, and J. DAVID SPURLOCK, pursuant to Fed. R. Civ. P. 37(a), request an order be issued by this Honorable Court compelling Plaintiffs HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, and FRAZETTA PROPERTIES, LLC, to produce the requested documents, and would show as follows:

### STATEMENT OF FACTS

1. Defendants served their Fed. R. Civ. P. 34(b) request for production of documents to Plaintiffs under certificate of service dated June 22, 2022. (See, Ex. 1, RFP); (Ex. 2, email serving Defendants' RFP to Plaintiffs).

2. Defendants emailed Plaintiffs' counsel on August 2, 2022, asking for production of the overdue documents. (Ex. 3)

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

3. Plaintiffs served their responses on August 3, 2022, declining to provide any of the requested documents. (Ex. 4).

4. Plaintiffs' response to Request No. 1 simply stating, in pertinent part, that: "[T]he copyright registration information is provided in the Complaint." (Ex. 4)

5. Plaintiffs' response to Request No. 2 simply stated: *"The Complaint identifies the three paintings and identifies the details of the copyright issued and the ownership of the Copyright by the United States Government by and through the United States Copyright Office."* (Ex. 4)

6. The undersigned researched Plaintiffs' counsel's argument and found no legal support for the contention that an allegation describing the ownership of copyrighted items fulfills Plaintiffs' burden of proof to claim copyright infringement.

7. On August 22, 2022, the undersigned emailed Plaintiffs' counsel requesting Plaintiffs production of the items described in Requests Nos. 1 and 2 without further delay or a motion seeking a court order would be filed. (Ex. 5).

8. Defendants' counsel has not responded.

9. Defendants seek an order compelling the above items listed in Request No. 1 and Request No. 2 pursuant to Fed. R. Civ. Pro. 37(a), providing such remedy for noncompliance with Fed. R. Civ. P. 34(b) discovery requests.

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

## LEGAL ARGUMENT

### A. Proof of Copyright Registration is Required to Litigate Copyright Infringement Claims.

10. Plaintiffs produced no proof of copyright registration to support the Complaint's allegation that any of the three named Plaintiffs hold the copyrights to any of the three pieces of artwork in question.

11. Proof of registration or an application to register a copyright is a prerequisite to a suit to enforce a copyright and a plaintiff in a copyright infringement case bears the burden of proving "(1) ownership of a valid copyright, and (2) [unauthorized] copying of constituent elements of the work that are original." *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995).

12. An application to register must be filed, and either granted or refused, before suit can be brought. See, 17 U.S.C. § 411(a) (Providing registration of copyright as necessary for civil litigation infringement claims), which provides, in pertinent part:

> … [N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. …

17. U.S.C. Section 411(a).

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

13. "'In judicial proceedings, a certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid.'" *Saenger Org., Inc. v. Nationwide, Inc.*, 119 F.3d 55, 59 (1st Cir. 1997) (quoting *Lotus Dev. Corp.*, 49 F.3d at 813 (quoting *Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106 (9th Cir. 1990); see, also, 17 U.S.C. 411(b)(1) ("A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, … …").

14. In the instant matter, the artwork in question was created by the late artist Frank Frazetta decades before FRAZETTA PROPERTIES, LLC was registered, so the artwork was presumably copyright registered by Frank Frazetta or another entity. Accordingly, Defendants requested production of the recorded transfer of copyright ownership showing that FRAZETTA PROPERTIES, LLC was/is the true holder of the copyrights and thus has standing to bring the instant copyright infringement action.

15. 17 U.S.C. § 205(a) and (b) "*Recordation of transfers and other documents*" provides for the recording of a copyright registration transfer upon submission of a proper application and fee, after which the recorded document will be sent to the copyright ownership transferee.

16. Defendants' Fed. R. Civ. Pro. 34(b) request for production to Plaintiffs for the relevant copyright registration certificates and recorded transfers of copyright ownership was made for legitimate purposes.

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

17. Plaintiffs' complaint does not satisfy their initial burden of proof to bring suit and Plaintiffs cannot further litigate their claim of copyright infringement unless such certificates are filed with the court, as the Complaint's allegations do not satisfy this requirement.

## CONCLUSION

18. For the reasons set forth above, Defendants respectfully request this Honorable Court issue an order compelling Plaintiffs to produce the requested items without further delay, and for an award of Defendants' costs and attorney's fees as provided under Fed. R. Civ. Pro. Rule 37.

DATED: AUGUST 29, 2022

/s/: *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
Fla. Bar No. 624543
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
Tel. No.: 210 209-3030
*Attorney for Vanguard Productions, LLC, and J. David Spurlock*

## CERTIFICATE OF GOOD FAITH CONFERRAL

I HEREBY CERTIFY that an attempt to obtain the above requested items was made with counsel for Plaintiffs prior to filing this motion, with no success.

/s/: *Leigh M. Williams*
Leigh M. Williams, Esq.