UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA,
and FRAZETTA PROPERTIES, LLC,

    *Plaintiffs*,

v.

VANGUARD PRODUCTIONS, LLC, and J.
DAVID SPURLOCK,

    *Defendants*.

_____/

## DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Defendants VANGUARD PRODUCTIONS, LLC, and J. DAVID SPURLOCK, pursuant to Local Rule 7.01, request the Court enter an order finding Defendants entitled to reasonable attorney fees under the expense-shifting provision of FRCP 37(a)(5)(A) in the amount of $2,240.00, and in support, would show as follows:

### STATEMENT OF FACTS

1. On September 7, 2022, the Court entered an Order [DE 25] granting Defendants' Motion to Compel [DE 23] production of copyright registration certificates from HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, and FRAZETTA PROPERTIES, LLC, who declined to produce the certificates in response to Defendants' Rule 34(b) request for production.

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

2. Defendants' motion to compel required legal research to rebut Plaintiffs' response to Defendants' request for production advising that Plaintiffs are not required to produce copyright registration certificates in bringing the copyright infringement action because the copyright registration certificates could be obtained from the United States Copyright Office.

3. A total of 6.40 hours at $350 per hour was incurred by Defendants to:

   i. Research U.S. copyright statutes and caselaw showing that a plaintiff is required to produce copyright registration certifications as prima facie evidence in order to bring an action for copyright infringement (3.30 hours), and

   ii. Draft the Motion to Compel, comprising a statement of facts, citation to legal authorities, and including supporting exhibits (3.10 hours).

4. Defendants accordingly request this Honorable Court enter an Order awarding Defendants reasonable attorneys fees in the amount of $2,240.00 for prevailing on their motion to compel Plaintiffs to produce copyright certificates.

## LEGAL ARGUMENT

5. Rule 37(a)(5)(A), Fed. R. Civ. P., authorizes an award of reasonable attorney fees incurred by a party who successfully moves for an order compelling discovery, providing, in pertinent part, as follows:

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

> (a) Motion for an Order Compelling Disclosure or Discovery.
>> (5) *Payment of Expenses; Protective Orders.*
>>> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>>>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>>> (iii) other circumstances make an award of expenses unjust.

6. None of the above exceptions apply, as Defendants served their draft motion to compel seven days before filing it with the court to give Plaintiffs an opportunity to resolve the issue upon reviewing Defendants' legal argument, and Plaintiffs had no good cause or reason to decline to produce prima facie evidence of ownership of the copyrights they allege to hold.

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

7.      In addition to Rule 37, the trial court has inherent authority to award sanctions in the form of attorneys fees against a party who unjustly causes delay. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U. S. 752, 764 (1980); *Hutto v. Finney*, 437 U. S. 678, 689, n. 14 (1978) (sanction assessing attorney fees within court's inherent power to fashion appropriate sanction for conduct which abuses judicial process).

## CONCLUSION

For the reasons set forth above, Defendants respectfully request this Honorable Court issue an order finding Defendants are entitled to an award of reasonable attorneys fees in the amount of $2,240.00, incurred in obtaining the Order compelling Plaintiffs' production of discovery, and for all other such relief deemed necessary in the interests of justice.

DATED: SEPTEMBER 12, 2022

Respectfully submitted,

/s/: *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
Fla. Bar No. 624543
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
Tel. No.: 210 209-3030
*Attorney for Defendants*