UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND
FRAZETTA PROPERTIES, LLC,

    Plaintiffs,

v.

VANGUARD PRODUCTIONS, LLC, AND
JESSE DAVID SPURLOCK,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiffs Holly J. Frazetta, Heidi L. Frazetta and Frazetta Properties, LLC, by and through undersigned attorney, file this Motion for Reconsideration of the Court's Order (Doc. 25) and Motion for Leave to Extend the Time for Respond to Defendants' Motion for Attorneys' Fees (Doc. 27), and in support states as follows.

**Statement of Facts**

1. This is a copyright infringement case before this Court

2. On page 2 of the Complaint, Plaintiffs lists the three protected works, and the Copyright identification numbers.

| Title | Copyright Registration Number | Copyright Issued |
|---|---|---|
| Death Dealer II | VA0001688397 | 1988 |

| Death Dealer V | VA0001688405 | 1990 |
|---|---|---|
| Death Dealer VI | VA0001688403 | 1996 |

3. The registrations were issued in 1988, 1990 and 1996 and Plaintiffs do not have the original certificates.

4. The Plaintiffs have complied by providing the document in its possession responsive to requests.

5. Due to an inadvertent error on behalf of the undersigned counsel in the failure to appropriately calendar the response deadline, the deadline to respond to Plaintiff's Motion for Compel, because of the Labor Day holiday. As embarrassing as it is to admit, undersigned counsel looked at the calendar and inadvertently mistakenly calendared the response for Wednesday, September 7, 2022.

6. The Response was filed on September 7, 2022, at 10:22 am.

7. As the filing was made, undersigned counsel's system downloaded the Court's Order entered on September 7, 2022, at 8:41 am and that is when undersigned discovered the calendaring mistake.

8. In the interest of justice and reaching decisions on the merits, the undersigned requests that this Court grant its Motion for Reconsideration and may evaluate Defendants' Motion to Compel in light of Plaintiffs' Response in Opposition and Objection to Motion to Compel and additional time for Plaintiff to respond to Defendants' Motion for Attorneys' Fees.

## Memorandum of Law

9. A court may reconsider an order based upon excusable neglect, an equitable determination, evaluating the reason for the failure to timely respond and the prejudice to the opposing party.

10. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1297 (11th Cir. 2003). There exist several relevant factors for consideration of excusable neglect, justifying reconsideration of an order: (1) the danger of prejudice, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. Pioneer Invest. Servs. Co. v. Brunswick Assocs. Limited Partnership, 507 U.S. 380, 397–98 (1993).

11. Here, this Court should exercise its discretion to excuse the undersigned's tardy filing, and grant Plaintiffs' Motion for the Court to consider its Response in Opposition to Defendants' Motion to Compel and additional time to respond to Defendants' Motion for Attorneys' Fees, as the basis for the belated filing was due to neglect, specifically a mistake of fact or clerical error as the undersigned incorrectly tasked the response deadline. See, e.g., Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849-50 (11th Cir. 1996) (ruling that the failure to timely respond was the result of carelessness, but carelessness attributable to negligence and not any deliberate action to disregard the rules).

12. The length of Plaintiffs' delay is minimal, one (1) business day, and there is minimal to no prejudice to and minimal impact on judicial proceedings. See id.; see also Pioneer Invest., 507 U.S. at 397–98 (1993). Additionally, federal courts also

recognize three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

13.   Here, there is controlling law for the Court to consider if it considers Plaintiffs Response in Opposition to Defendants' Motion to Compel and additional time to respond to Defendants' Motion for Attorneys' Fees. Additionally, there is a need to correct manifest injustice to Plaintiffs, because of an inadvertent error of its undersigned counsel, such that a ruling is reached on the merits.

WHEREFORE, Plaintiffs Holly J. Frazetta, Heidi L. Frazetta and Frazetta Properties, LLC., respectfully request this Honorable Court grant this Motion for Reconsideration and consider Plaintiffs' Response in Opposition to Defendants' Motion to Compel and provide additional time to respond to the Defendants' Motion for Attorneys' fees.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Respectfully submitted,
MERRITT LAW, PA.
 /s/ <u>Jack W. Merritt</u>

Jack W. Merritt
FBN: 0052248
690 S. Tamiami Trail
Osprey Florida 34229
Attorney for Plaintiffs Holly J. Frazetta, Heidi L. Frazetta and Frazetta Properties, LLC,