UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND
FRAZETTA PROPERTIES, LLC,

    Plaintiffs,

v.

VANGUARD PRODUCTIONS, LLC, AND
JESSE DAVID SPURLOCK,

    Defendants.

_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Plaintiffs Holly J. Frazetta, Heidi L. Frazetta and Frazetta Properties, LLC, by and through their undersigned attorney, file their Response in Opposition to Defendants' Motion for Attorney's Fees, and in support states as follows.

### STATEMENT OF FACTS

1. Defendants' Motion to Compel and its Motion for Attorneys' fees were based Plaintiffs' response to the Requests for Production of Documents.

2. Each request and response are provided below.

**Defendants' First Production Request.** The original copyright certificates for each image Plaintiffs claim Defendants infringed Plaintiffs' copyrighted image.

**Plaintiffs' Response:** The Plaintiffs do not have the original certificates for the copyright, but they are unnecessary. As explained to the attorneys for the Defendants, the three paintings that were identified as being infringed are clearly set forth and the

Page **1** of **8**

copyright registration information is provided in the Complaint. As further explained to the Defendants, the United States Constitution explicitly provides for copyrights and patents.

**Article I Section 8 | Clause 8** – Patent and Copyright Clause of the Constitution. [The Congress shall have power] "To promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." Defendants can obtain anything else necessary to defend against the infringement claims from the United States Copyright Office, at www.copyright.gov.

**Defendants Second Production Request.** Agreements transferring copyright ownership to Defendant(s) by the person or entity who originally held the copyright to each image Plaintiffs claim Defendants infringed Plaintiffs' copyrighted image.

**Plaintiffs' Response:** The Complaint identifies the three paintings and identifies the details of the copyright issued and the ownership of the Copyright by the United States Government by and through the United States Copyright Office.

**Defendants Third Production Request.** Proof of mailing the alleged cease and desist letter notifying Defendants of the alleged copyright infringement.

**Plaintiffs' Response:** The letter was sent via email and U.S. mail. The letter was provided to give Defendants the opportunity to stop their expected infringement. A copy of the email confirming receipt by Defendants dated November 27, 2021 will

be provided. The Cease and Desist letter is not a prerequisite to filing the instant lawsuit for infringement.

## ARGUMENT

3. Plaintiffs cannot produce the original certificates because they do not have them.

4. They were issued decades ago and Mr. Frazetta, the creator, has passed away.

5. However, the U.S. Copyright Office registration information and ownership information is available through it.

6. The information necessary for Defendants to verify the information is contained in the Complaint and listed again here.

| Title | Copyright Registration Number | Copyright Issued |
|---|---|---|
| Death Dealer II | VA0001688397 | 1988 |
| Death Dealer V | VA0001688405 | 1990 |
| Death Dealer VI | VA0001688403 | 1996 |

7. The Plaintiffs cease and desist letter is attached to the Complaint and both it and the evidence of Defendants receiving it via email have been provided to Defendants and, if necessary, it can be provided again.

## **MEMORANDUM OF LAW**

Defendants' Motion for Attorney's Fees cited only Local Rule 7.01 and FED. R. CIV. P. 37.

8. Local Rule 7.01 Attorney's Fees and Expenses, states the requirement and specific procedure that must be followed when seeking an award of attorneys' fees. states a specific procedure that must be followed to permit before Attorney's Fees are to be awarded.

(a) BIFURCATED PROCEDURE. A party claiming post-judgment attorney's fees and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on amount.

(b) MOTION ON ENTITLEMENT. Within fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion that:

(1) specifies the judgment and the statute, rule, or other ground entitling the movant to the award,

(2) states the amount sought or provides a fair estimate of the amount sought, and

(3) includes a memorandum of law.

(c) SUPPLEMENTAL MOTION ON AMOUNT. Within forty-five days after the order determining entitlement, the party claiming fees and expenses must file a supplemental motion that:

(1) describes the meet-and-confer effort but preserves any confidential settlement communication;

(2) specifies the resolved and unresolved issues;

(3) includes a memorandum of law on any disputed issue;

(4) includes for any disputed rate or hour:

   (A) the timekeeper's identity, experience, and qualification;

(B) the timekeeper's requested hours;

(C) each task by the timekeeper during those hours;

(D) the timekeeper's requested;

(E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;

(F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience and reputation; and

9. The memorandum of law required by Rule 7.01(b)(3) is defined in Local Rule 1.01 Purpose, Scope, and Definitions as follows, (10) "Legal memorandum" means a paper — including a legal brief — that cites legal authority or otherwise advances a statement of law to support a request for relief.

10. Defendants did not follow the requirements of Local Rule 7.01 by following the Bifurcated Procedure by first filing a MOTION ON ENTITLEMENT and then filing a SUPPLEMENTAL MOTION ON AMOUNT, but Defendants instead filed "Defendants Motion for Attorney's Fees," which combines parts of the MOTION ON ENTITLEMENT and part of the SUPPLEMENTAL MOTION ON AMOUNT.

11. In their CONCLUSION, Defendants complete the failure to comply with Local Rule 7.01 and conflate the bifurcated procedure into a single motion:

> "For the reasons set forth above, Defendants respectfully request this Honorable Court issue an order finding Defendants are entitled to an award of reasonable attorneys fees in the amount of $2,240.00, incurred in obtaining the Order compelling Plaintiffs' production of discovery, and for all other such relief deemed necessary in the interests of justice." See Defendants Motion for Attorney's Fees at p. 4.

12.  Defendants cite FED. R. CIV. P. 37 and refer to the following as the relevant part.

**(5)** *Payment of Expenses; Protective Orders.*

**(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

**(iii)** other circumstances make an award of expenses unjust.

13.  Defendants dismissively state that "none of the above exceptions apply" and "Plaintiffs had no good cause or reason to decline to produce prima facie evidence of ownership of the copyrights they allege to hold." See Defendants Motion for Attorney's Fees, paragraph 6 at p. 4.

14.  Apparently being concerned the prior arguments would be recognized as lacking support in the facts, Defendants refer to the Court's inherent authority. *See, e.g., Roadway Express, Inc. v. Piper*, 447 U. S. 752, 764 (1980); *Hutto v. Finney*, 437 U. S. 678, 689, n. 14 (1978) (sanction assessing attorney fees within court's inherent power to fashion appropriate sanction for conduct which abuses judicial process).

SUMMATION

Plaintiffs have produced what they have in their possession. The information as to the ownership for the purposes of the lawsuit are provided in the Complaint and Defendants can verify it by simply going to the U.S. Copyright Office website and performing a search. Regardless, the Plaintiffs cannot produce what they do have. All the information requested by the Defendants available to the Plaintiffs were produced and, when not produced, Defendants were told where it can be located.

The exceptions to the award of fees are applicable to this Motion. The Plaintiffs response was substantially justified and Defendants can obtain that information through the U.S. Government's Copyright Office. The totality of the circumstances support the Plaintiffs' position that no fees should be awarded.

Defendants failed to comply with Rule 7.01 and their Motion for fees is a nullity.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Respectfully submitted,

MERRITT LAW, PA.

 /s/ Jack W. Merritt
Jack W. Merritt
FBN: 0052248
690 S. Tamiami Trail
Osprey Florida 34229
Attorney for Plaintiffs Holly J. Frazetta, Heidi L. Frazetta and Frazetta Properties, LLC,