UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, and FRAZETTA PROPERTIES, LLC,

    *Plaintiffs*,

v.

VANGUARD PRODUCTIONS, LLC, and JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

# DEFENDANTS' MOTION TO SANCTION PLAINTIFFS FOR FAILURE TO COMPLY WITH THE COURT'S ORDER TO PRODUCE DOCUMENTS

Defendants VANGUARD PRODUCTIONS, LLC, and J. DAVID SPURLOCK request this Honorable Court issue an Order sanctioning Plaintiffs HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, and FRAZETTA PROPERTIES, LLC, pursuant to Fed. R. Civ. P. 37(b), for failure to comply with the Court's Order [DE 25] to produce documents, and in support, would show as follows:

## STATEMENT OF FACTS

1. On September 7, 2022, this Court entered an Order [DE 25] granting Defendants' Motion to Compel Production [DE 23] of documents.

2. The Court's Order compelled production of the following documents:

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

  (a) The original copyright certificates for each image Plaintiffs claim Defendants infringed Plaintiffs' copyrighted image.

  (b) Agreements transferring copyright ownership to Defendant(s) by the person or entity who originally held the copyright to each image Plaintiffs claim Defendants infringed Plaintiffs' copyrighted image.

  (c) Proof of mailing the alleged cease and desist letter notifying Defendants of the alleged copyright infringement.

(DE 23, Ex. 1)

3. On October 26, 2022, Defendants asked Plaintiffs when the documents ordered to be produced would be served. (Ex. 1). No response was made by Plaintiffs.

4. Defendants seek the imposition of appropriate sanctions for Plaintiffs' failure to produce the documents pursuant to Court Order [DE 25] pursuant to Fed. R. Civ. Pro. 37(b).

## LEGAL ARGUMENT

### A. Sanctions Against Plaintiffs are Appropriate and Warranted.

5. Proof of registration or an application to register a copyright is a prerequisite to a suit to enforce a copyright. An application to register must be filed, and either granted or refused, before suit can be brought. 17 U.S.C. § 411(a) (Providing registration of copyright as necessary for civil litigation infringement claims).

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

  6. The Complaint alleges that the three artworks in question are copyrighted, but Plaintiffs have produced no proof of copyright registration to date.

  7. Defendants' request for production to Plaintiffs pursuant to Fed. R. Civ. Pro. 34(b) for the relevant copyright registration certificates and recorded transfers of the copyrights was made for the legitimate purpose of having Plaintiffs satisfy their initial burden of proof to bring suit as well as satisfy their burden of proof to further litigate their claim of copyright infringement.

  8. The Complaint's allegations do not satisfy this requirement. See, *Saenger Organization, Inc. v. Nationwide Ins. Lic. Assoc., Inc.*, 119 F.3d 55, 59 (1st Cir. 1997) ("`In judicial proceedings, a certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid.'"), quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995) (quoting *Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106 (9th Cir. 1990)).

  9. Federal Rule of Civil Procedure 37(b)(2)(A) provides for the imposition of sanctions against a party who does not obey a discovery order:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(e), 35, or 37(a), the court may issue further just orders. They may include the following:

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

10. Federal Rule of Civil Procedure 37(b)(2)(C) provides:

> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

11. Plaintiffs' failure to produce the copyright registration certificates and/or transfer of copyright ownership in this matter precludes their claim from moving forward and hinders Defendants' defense of this matter.

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

## CONCLUSION

12. For the reasons set forth above, Defendants respectfully the imposition of sanctions against Plaintiffs as provided under Fed. R, Civ. P 37(b), and for an award of Defendants' costs and attorney's fees.

DATED: NOVEMBER 1, 2022

Respectfully submitted,

/s/:  _____
Leigh M. Williams, Esq.
Fla. Bar No. 624543
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
Tel. No.: 210 209-3030
*Attorney for Vanguard Productions, LLC, and J. David Spurlock*

## CERTIFICATE OF GOOD FAITH CONFERRAL

I HEREBY CERTIFY that an attempt to obtain the above requested items was made with counsel for Plaintiffs by email dated October 26, 2022, with no success.

/s/:  Leigh M. Williams
Leigh M. Williams, Esq.