# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

## CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND
FRAZETTA PROPERTIES, LLC,

    Plaintiffs,

v.

VANGUARD PRODUCTIONS, LLC, AND
JESSE DAVID SPURLOCK,

    Defendants.

_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION
## TO DEFENDANTS' MOTION FOR SANCTIONS

Plaintiffs Holly J. Frazetta, Heidi L. Frazetta, and Frazetta Properties, LLC file this Opposition to the Defendants' Motion for Sanctions and state as follows.

### STATEMENT OF FACTS

1. The First Production Requests submitted by Defendants follows.

**(a)   The Defendants' First Production Request.**  The **original copyright certificates** for each image Plaintiffs claim Defendants infringed Plaintiffs' copyrighted image.

**Plaintiffs' Response:** The Plaintiffs do not have the original certificates and it is impossible to produce them.

2. During a call with Plaintiffs' attorney on November 6, 2022, and in preparation for a hearing on November 8, 2022, Defendants' counsel and Plaintiffs'

Page **1** of **7**

counsel discussed the fact that Plaintiffs did not have the original certificates and could not make the originals available for review, inspection and copying.

3. I told her that I had reviewed the issue through the Copyright Office website and found that that Plaintiffs could order certified copies of the three registrations from the Copyright Office as provided in Circular 6 "Obtaining Access to and Copies of Copyright Office Records and Deposits," but that I would be on vacation from Friday, November 11 through November 22, 2022, and would order the certified copies when I returned.

4. During the call, I also explained that the firm's paralegal Wendy Newsome also would be on vacation and she would not return until November 30.

5. Defendants' counsel raised no objection to waiting until I returned to order the certified copies from the Copyright Office.

6. Defendants' counsel also did not advise me that she had already filed a Motion for Sanctions on November 1, 2022, five days before our call on November 6, 2022.

7. I did not receive email notification from CM/ECF of her filing the Motion on November 1, 2022.

8. I did not know that Plaintiffs' counsel had filed a Motion for Sanctions filed until I returned from vacation and found the Court's Endorsed Show Cause Order dated November 21, 2022, stating that it must be shown why the sanctions Motion should not be granted by November 25, 2022.

9. The Defendants' Second Production Request follows.

**(b) Defendants Second Production Request.** Agreements **transferring copyright ownership to Defendant(s)** by the person or entity who originally held the copyright to each image Plaintiffs claim Defendants infringed Plaintiffs' copyrighted image.

**Plaintiffs' Response:** Plaintiffs have no agreements and are unaware of the existence of any agreements transferring copyright ownership to Defendants by the person or entity who originally held the copyright to each image.

10. The owner of the three registrations with the Copyright Office remains unchanged and that is available online and will be provided when the certified copies are received.

11. The owners of the individual paintings are not registered with the Copyright Office, but Plaintiffs David Spurlock and Vanguard Productions, LLC, and Plaintiff's attorney are aware that the ownership of the physical paintings differs from the ownership of the Copyrights filed with the Copyright Office.

12. Plaintiffs third production request follows.

**Defendants Third Production Request.** Proof of mailing the alleged cease and desist letter notifying Defendants of the alleged copyright infringement.

**Plaintiffs' Response:** The letter was sent via email and U.S. mail. The letter was provided to give Defendants the opportunity to stop their expected infringement. Although copies of the stamped envelopes were not made, a copy of the email stating, "Subject: Return receipt" is attached showing successful delivery notifications to

vanguardpub[email domain redacted] showing "The following addresses had successful delivery notifications ----<vanguardpub[email domain redacted] and also "original message was received at Fri, 26 Nov 2021 14:45:27 -0500 from [10.30.35.45]. See Exhibit A, Email confirmation of delivery of Cease-and-Desist Letter and Letter.

## MEMORANDUM OF LAW

13. Although copies of the two stamped envelopes were not made, Federal Rule of Civil Procedure 5 provides:

> (2) *Service in General.* A paper is served under this rule by: (C) mailing it to the person's last known address—in which event service is complete upon mailing;

14. Although the Cease-and-Desist letter is not a prerequisite to filing the instant lawsuit for infringement, it was mailed and emailed to Defendants and the Letter and confirmation of email delivery are attached as Exhibit A.

## ARGUMENT

15. Defendants' counsel was aware that Plaintiffs did not have the original copyright certificates, which were issued as shown below, in 1988, 1990 and 1996, and the Complaint and prior filings.

| Title | Copyright Registration Number | Copyright Issued |
|---|---|---|
| Death Dealer II | VA0001688397 | 1988 |
| Death Dealer V | VA0001688405 | 1990 |

| Death Dealer VI | VA0001688403 | 1996 |
|---|---|---|

16. Defendants' counsel was aware that Plaintiffs did not have the original copyright certificates, which were issued as shown below, in 1988, 1990 and 1996, and the Complaint and prior filings.

17. Plaintiffs' counsel again told Defendants' counsel during a conversation that occurred on November 6, 2022, that the original certificates were not in the Plaintiffs' possession but were told that Plaintiffs had learned that certified copies could be ordered through the Copyright Office as provided in Circular 6, after Plaintiffs' counsel returned from vacation.

18. Defendants' counsel did not object to it and Defendants counsel did not advise Plaintiffs' counsel that it had already filed a Motion for Sanctions.

19. Plaintiffs did not learn of the Motion for Sanctions being filed until their counsel returned from vacation and found the Show Cause Order from CM/ECF.

20. The individuals own the individual paintings, but the ownership for the purpose of the Copyrights remains registered with the Copyright Office as being Frazetta Properties, LLC.

21. Defendants and their counsel know there are no Agreements transferring copyright ownership to Defendant(s) and it is impossible for Plaintiffs to produce them.

22. The certified copies of the registrations will show that Defendants do not own the copyrights.

23.     The Cease-and-Desist Letter is not required to bring this lawsuit, but it is attached as is confirmation the email was delivered to Defendants.

24.     The requested sanctions are not warranted and should not be imposed.

  A.     Defendants knew Plaintiffs did not possess the original certificates and it would be impossible to produce them.

  B.     Defendants counsel was advised certified copies could be ordered and would be ordered upon the return of Plaintiff's counsel.

  C.     Defendants' contention that Plaintiffs produce "Agreements transferring copyright ownership to **Defendant(s)** by the person or entity who originally held the copyright to each image Plaintiffs claim Defendants infringed Plaintiffs' copyrighted images" do not exist and, if they do exist, Defendants must prove they exist and not demand Plaintiffs produce such agreements.

  D.     There is no requirement that a Cease-and-Desist letter be sent, but evidence of it being delivered via email is attached.

## CONCLUSION

Plaintiffs have produced what they have in their possession and tried to work this out in good faith with the Defendants. Plaintiffs discussed the first request in detail and Defendants were told certified copies, not originals, would be ordered when Plaintiff's counsel returned from vacation. Plaintiffs cannot produce what they do not possess. The Cease-and-Desist letter was attached to the Complaint and the email confirmation of its delivery is attached hereto as Exhibit A.

For the foregoing reasons, the Defendants' Demand that Sanctions be imposed lacks merit and disclosure of the entire facts and Plaintiffs respectfully request that the Defendants' Motion for Sanctions be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to Plaintiff's counsel, Leigh McMillan Williams, and all other counsel of record.

Respectfully submitted,

MERRITT LAW, PA.

/s/ Jack W. Merritt
Jack W. Merritt
FBN: 0052248
690 S. Tamiami Trail
Osprey Florida 34229

Attorney for Plaintiffs Holly J. Frazetta, Heidi L. Frazetta and Frazetta Properties, LLC