UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND
FRAZETTA PROPERTIES, LLC,

    Plaintiffs,

v.

VANGUARD PRODUCTIONS, LLC, AND
JESSE DAVID SPURLOCK,

    Defendants.

_____/

**PLAINTIFFS' RESPONSE TO REPLY IN OPPOSITION**

**TO DEFENDANTS' REPLY AND MOTION FOR SANCTIONS**

    Plaintiffs Holly J. Frazetta, Heidi L. Frazetta, and Frazetta Properties, LLC file this Response to Reply in Opposition to the Defendants' Motion for Sanctions and state as follows.

**STATEMENT OF FACTS**

    1.    Defendants do not deny that Plaintiffs advised them in the original responses they did not have the original certificates and could not obtain the original certificates.

    2.    Defendants contend Plaintiffs must have received the CM/ECF email, but delivery by CM/ECF is likened to service by U.S. Mail and is not the equivalent of had delivery.

3. Plaintiffs received the email from Defendants and contact Defendants counsel and scheduled the first of three calls that occurred on November 3, November 4 and November 6, to discuss discovery disputes in two cases, one filed in Florida state court by Mr. Spurlock and Vanguard Productions, LLC against the Frazetta Properties, LLC and Holly Frazetta and in the disputes in this case.

4. Defendants do not deny they discussed the matter with Plaintiffs, do not deny Plaintiffs explained again that it was impossible to obtain the original certificates, and do not deny they did not disclose the filing of the Motion for Sanctions against Plaintiffs.

5. Plaintiffs did not willfully disregard the Court's Order, to the contrary, Defendants continue to insist on production of the original certificates, which Plaintiffs had advised Defendants they did not have.

6. Plaintiffs investigated through the Copyright Office how the original certificates could be obtained and confirmed it was impossible, but that certified copies could be obtained and advised Defendants of that.

## **MEMORANDUM OF LAW**

7. Relevant case law provides that email is considered to be the same as service by U.S. Mail.

"Notification by CM/ECF, although made by e-mail, is likened to service by U.S. Mail and does not equate to service by hand delivery. Moreover, as the garnishment statutes must be strictly construed, *see Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009) service by CM/ECF does not equal service by hand delivery."

SURETEC INSURANCE COMPANY, Plaintiff, v. NATIONAL CONCRETE STRUCTURES, INC., JAVIER PINO, CHARY PINO, & JORGE D. TAPIA, Defendants., No. 12-CV-60051, 2014 WL 12469952, at *2 (S.D. Fla. July 10, 2014)

8. Contrary to the statement in paragraph 1. (iii) of Defendants Reply, Certificates of copyright registration are not a prerequisite to a suit to enforce copyright registration. [DE 35]

9. 17 U.S.C. 411(a) provides that "a) Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." (Emphasis added.)

## ARGUMENT

10. Defendants misstated the provisions of 17 U.S.C. 411 (a) and had actual knowledge of that misstatement, stating in their reply that, "certificate(s) of copyright registration is a prerequisite to a suit to enforce a copyright. (See 17 U.S.C. § 411(a) (Providing registration of copyright as necessary for civil litigation infringement claims))

11. Defendants were provided with evidence, including registration number and date of registration of the copyright materials claimed in the Plaintiffs' complaint

12. Plaintiffs advised Defendants the original certificates were not in the possession of the Plaintiffs before

13. Plaintiffs advised Defendants during their call that certified copies could be provided and Defendants did not continue to insist the original certificates 0be provided.

## CONCLUSION

14. Defendants have failed to accurately state relevant law, including law cited by Defendants.

15. Defendants misstated 17 U.S.C. 411 in filings with the court. Plaintiffs have complied with 17 U.S.C. 411.

16. Defendants' implicit assertion that service by CM/ECF is the equivalent of the service by hand delivery is incorrect.

17. Relevant case law provides that service by CM/ECF is the equivalent of service by U.S. Mail.

18. Plaintiffs have not willfully disregarded the Court' Order. Plaintiffs attempted to resolve this issue with Defendants in good faith, but Defendants failed to candidly state their actions were unacceptable.

19. For the foregoing reasons, the Defendants' Demand that Sanctions be imposed lacks merit and disclosure of the entire facts and Plaintiffs respectfully request that the Defendants' Motion for Sanctions be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2022, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to Plaintiff's counsel, Leigh McMillan Williams, and all other counsel of record.

Respectfully submitted,

MERRITT LAW, PA.

/s/ Jack W. Merritt
Jack W. Merritt
FBN: 0052248
690 S. Tamiami Trail
Osprey Florida 34229

Attorney for Plaintiffs Holly J. Frazetta, Heidi L. Frazetta and Frazetta Properties, LLC