UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, and FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, and JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

**DEFENDANTS' OPPOSED MOTION TO CONTINUE MEDIATION**

VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK request this Honorable Court grant a continuance of the deadline for mediation, and as grounds, would show as follows:

**STATEMENT OF FACTS**

1. On September 7, 2022, this Court entered an Order [DE 25] granting Defendants' Motion to Compel Production [DE 23] of, inter alia, the following documents:

    (a) The original copyright certificates for each image Plaintiffs claim Defendants infringed Plaintiffs' copyrighted image.

    (b) Agreements transferring copyright ownership to Defendant(s) by the person or entity who originally held the copyright to each image Plaintiffs claim Defendants infringed Plaintiffs' copyrighted image.

(DE 23, Ex. 1)

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

2. On November 1, 2022, Defendants moved to sanction Plaintiffs [DE 33] for failure to comply with the Court's Order.

3. On November 28, 2022, this Court entered an Order [DE 36] denying Defendants' Motion for Sanctions.

4. To date, Plaintiffs have not complied with this Court's Order compelling production of either (a) the original copyright certificates for each image Plaintiffs claim Defendants infringed upon, or (b) or agreements transferring copyright ownership to Plaintiffs from the person or entity who originally held the copyright to each such image.

5. The relevant copyright registration certificates and recorded transfers of the copyrights must be produced for Plaintiffs to bring suit, as the Complaint's allegations do not satisfy this requirement. See, *Saenger Organization, Inc. v. Nationwide Ins. Lic. Assoc., Inc.*, 119 F.3d 55, 59 (1st Cir. 1997) ("`In judicial proceedings, a certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the defendant to demonstrate why the copyright is not valid.'"), quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995) (quoting *Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1106 (9th Cir. 1990)).

6. Plaintiffs' failure to comply with the Court's Order hinders Defendants' defense of this matter and renders mediation meaningless at this point, because the issue of whether Plaintiffs own the alleged copyrights has not been proved.

*Holly J. Frazetta, Heidi L. Frazetta & Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

## CONCLUSION

7. For the reasons set forth above, Defendants respectfully request this Court grant a continuance of mediation until sometime after Plaintiffs comply with the Court's September 7, 2022 Order [DE 23] compelling the above-described documents.

DATED: MARCH 9, 2023

Respectfully submitted,

/s/: *Leigh M. Williams*

Leigh M. Williams, Esq.
Fla. Bar No. 624543
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
Tel. No.: 210 209-3030
*Attorney for Vanguard Productions, LLC, and J. David Spurlock*

## CERTIFICATE OF GOOD FAITH CONFERRAL

I HEREBY CERTIFY that I conferred with counsel for Plaintiffs by email dated March 9, 2023 concerning the relief requested in this motion, to which Plaintiffs' counsel responded: "*I with the concept of extending time, but I do not agree with your Motion.*"

/s/: *Leigh M. Williams*
Leigh M. Williams, Esq.