UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION
CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, AND JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

## JOINT PRE-TRIAL STATEMENT

Pursuant to the Court's Case Management and Scheduling Order [DE 22] and Local Rules 1.05 and 3.06, the Parties submit their Joint Pre-Trial Statement:

**(1)** **Basis of Federal Jurisdiction**

United States Copyright Act of 1976, 17 U.S.C. § 101, et seq.

**(2)** **Statement of the Nature of the Action**

Plaintiffs claim Copyright Infringement under the United States Copyright Act of 1976, 17 U.S.C. § 101, et seq., arising from Defendants' unauthorized reproduction of images of paintings by the late artist Frank Frazetta in "*Frazetta Book Cover Art - Definitive Reference.*" ("the Book")

Joint Pre-Trial Statement
Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.
Case No. 8:22-CV-00581 WFJ-AEP

**(3)** **Statement of Each Party's Case**

    a. **Plaintiffs' Statement of the Case**

Defendants violated the United States Copyright Act of 1976 as amended (the "Copyright Act"). Defendants do not deny they published images owned by Plaintiffs in the book they published <u>Frazetta Book Cover Art – Definitive Reference</u> without permission and agreement by Plaintiffs.

Defendants have had a litigious relationship with the late Frank Frazetta, Sr. That relationship has continued when Plaintiff Frazetta Properties, Inc. terminated an agreement with Defendants because they had not complied with the terms of the agreement by failing to provide sales reports, royalty payments and failed to comply with Frazetta Properties demand for it to conduct an audit of Defendants records. As a result of the termination by Frazetta Properties, Defendants Spurlock and Vanguard filed a lawsuit against Frazetta Properties in the Circuit Court for Sarasota County, Florida, case number: 2019 CA 001718 NC, and they continued to sell the books and failed to provide reports and royalty on the books the termination of their agreement with Frazetta Properties prohibits. The case is scheduled for a jury trial in December 2023.

Defendants Spurlock and Vanguard do not deny the publication was made without the permission, agreement and compensation of any kind to Plaintiffs, but claim they were allowed to infringe the copyrights under the fair use doctrine. Plaintiffs dispute Defendants complied with the fair use doctrine and that the book is

Case 8:22-cv-00581-WFJ-AEP   Document 51   Filed 06/07/23   Page 3 of 8 PageID 207

Joint Pre-Trial Statement
Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.
Case No. 8:22-CV-00581 WFJ-AEP

nothing like the Frazetta The Definitive Reference – Illustrated, November 19, 2008 by James Bond (Author), David Winiewicz (Author), as referenced in the Two Book Publishing Agreement. Defendants published the book as a money grab using artwork they had no legal right to use, but Defendants knowingly used the intellectual property owned by Plaintiffs for the sole purpose of making money. The book is not transformative other than its publication transformed intellectual property owned by Plaintiffs into a book sold by Defendants with all money going to Defendants.

Defendants reliance on the Fair Use Doctrine is improper and misplaced. The four factors require that all be considered. The factors are (a) the purpose and character of the use; (b) the nature of the work, (c) The amount and substantiality of the portion used in relation to the work as a whole, and (d) the effect of the use on the market or potential market for the original work. All four factors must be considered. For example, stating the book was published for educational purposes is not enough. The Defendants' infringement of Plaintiffs' Copyrights in the listed works is not protected or exempt from Copyright Infringement because they have failed to comply with the narrow provisions of the Fair Use Doctrine.

Defendants recite dimensions of the book and the number of square inches it has. The calculations are nothing more than a demonstration of Defendants misunderstanding of the Fair Use Doctrine. Defendants used 100% of the infringed works knowing and intentionally.

Case 8:22-cv-00581-WFJ-AEP   Document 51   Filed 06/07/23   Page 4 of 8 PageID 208

Joint Pre-Trial Statement
Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.
Case No. 8:22-CV-00581 WFJ-AEP

Defendant David Spurlock was sent the cease and desist letter attached to the Complaint via email and United States Postal Service mail. In response to a production request, Plaintiffs produced evidence the email was delivered to Defendant Spurlock's email address. The letter mailed to Defendant Spurlock was not returned as undeliverable by the Postal Service. The letter was unnecessary because Defendants knew exactly what they were doing and that is demonstrated by their reliance on the Fair Use Doctrine from the outset of this case.

    b. **Defendants' Statement of the Case**

*Frazetta Book Cover Art - Definitive Reference* (the "Book") is a 168-page biographical reference work focusing on artist Frank Frazetta's career as an illustrator of book covers from 1962 through 1991.

Plaintiffs claim copyright ownership of the art used by the various publishers on the book covers, not the book cover images.

The Book, divided into six chapters and arranged in chronological order of publication, features 186 color images of book covers and illustrations created by Frank Frazetta to be used for publication of novels by Edgar Rice Burroughs, L. Ron Hubbard, Robert E. Howard, and others.

The Book, including endpapers and covers, comprises approximately 16000 square inches of text, graphics, and images. The two book cover images using Frank Frazetta cover art comprise a total of 85 square inches, or approximately one half of one percent (0.53%) of the Book.

Mr. Spurlock, sole member of Vanguard, has an acclaimed, 40-50-year-long career educating the public on art, has been a lecturer in state and private universities, is a frequent guest lecturer on Frank Frazetta's art, life, and career at conventions, gallery showings, and other public events; has served as an expert witness, consultant, and appraiser of Frank Frazetta's art.

Mr. Spurlock has authored and published approximately fifty books under his Vanguard imprint. Vanguard is a publisher of books focused on the careers of artists and illustrators, seven of which feature the art of Frank Frazetta.

Mr. Spurlock, who enjoyed a long history of working with Frank Frazetta, authored the Book's text containing historical information on Frank Frazetta's art, life, and career; scholarly commentary; captions providing historical information on the publisher, the novel, and the title of the paintings accompanying each image; and quotes by Frank Frazetta and art historians commenting on Mr. Frazetta's art gathered from Vanguard's archives.

The Book, a scholarly reference work on Frank Frazetta's life, art, career, and legacy, is a transformative work falling within the scope of 17 U.S.C. § 107 "Fair Use" protection against a 17 U.S.C. § 106 copyright infringement claim.

Neither Mr. Spurlock nor Vanguard received a "Cease and Desist Letter" prior to being served with Summons and Complaint in this matter.

**(4)** **List of All Exhibits**

    a. Plaintiffs' List of Exhibits with Defendants' Objections is attached as **Exhibit A**

Joint Pre-Trial Statement
Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.
Case No. 8:22-CV-00581 WFJ-AEP

  b. Defendants' List of Exhibits with no Objections to by Plaintiffs is attached as **Exhibit B**

**(5)** **List of Witnesses Who May be Called at Trial:**

  a. Plaintiffs' Witness List, with the likelihood of each witness who will testify, with no Objections by Defendants, is attached as **Exhibit C**

  b. Defendants' Witness List, with the likelihood of each witness who will testify, with no Objections by Plaintiffs, is attached as **Exhibit D**

**(6)** **List of Each Expert Witness**:

Neither party designated expert witnesses.

**(7)** **Plaintiffs' Statement of Type and Amount of Monetary Damages:**

Plaintiffs seek statutory damages as provided in 17 U.S. Code § 504(c).

**(8)** **List of Each Deposition Offered In Lieu of Live Testimony:**

No depositions were taken by either party in this case.

**(9)** **Statement of Admitted Facts:**

  a. Previously published book covers containing Frank Frazetta art titled "*Death Dealer II*" and "*Death Dealer V*" were reproduced in *Frazetta Book Cover Art - Definitive Reference* without Plaintiffs' permission, agreement, or compensation.

**(10)** **Statement of Agreed Principle of Law:**

United States Copyright Act of 1976, 17 U.S.C. § 101, et seq.

**(11)** **Statement of Issues of Fact Remaining to be Litigated:**

  a. Whether Plaintiffs own the copyrights claimed.

  b. Whether Plaintiffs sent Defendants a "Cease and Desist" letter prior to commencing this lawsuit.

  c. Whether Defendants infringement of the Copyright protected works constituted Fair Use.

**(12)** **<u>Statement of Issues of Law Remaining to be Determined by the Court</u>:**

  a. Under Count I, whether Plaintiffs are entitled to a temporary or permanent injunction if Defendants are found to have directly infringed on any copyright protection alleged by Plaintiffs.

  b. Under Count II, whether Defendants' reproduction, without Plaintiffs' permission, of two images of Frank Frazetta artwork displayed on previously published book covers constitutes copyright infringement under 17 U.S.C. § 106.

  c. Under Count III, whether Defendants intentionally induced or encouraged direct infringement by others, constituting contributory copyright infringement.

  d. Under Count IV, whether Defendants vicariously profited from another's direct infringement while declining to exercise a right to stop or limit it, constituting vicarious copyright infringement.

  e. Under Count V, whether Defendants demonstrated an active and knowing aiding and abetting another's direct infringement by 1) advertising an infringing use; 2) instructing others on how to engage in an infringing use; 3) demonstrating an affirmative intent that the two images in question be used to infringe, encourage infringement, or other "active step," to constitute inducement of copyright infringement.

Case 8:22-cv-00581-WFJ-AEP   Document 51   Filed 06/07/23   Page 8 of 8 PageID 212

Joint Pre-Trial Statement
Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.
Case No. 8:22-CV-00581 WFJ-AEP

  f. Whether Defendants' book constitutes a "transformative" work falling within the scope of 17 U.S.C. § 107's "Fair Use" factors and is not an infringement of any copyright protection claimed by Plaintiffs.

**(13)** **List of Each Pending Motion or Other Unresolved Issue:**

On September 7, 2022, Plaintiffs were ordered [DE 25] to produce original certificates of copyright registration or certificates of transfer for each image Plaintiffs allege ownership.

**(14)** **Statement of the Usefulness of Further Settlement Discussions:**

The parties are amenable to further settlement discussions during the pendency of this matter.

  **DATE:** **JUNE 7, 2023**

**CERTIFICATION:**

In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action.

/s/ Jack W. Merritt
Jack W. Merritt, Esq.
Fla. Bar No: 0052248
690 S. Tamiami Trail
Osprey, FL 34229
Tel.: 941 445-4841
e-mail: office@merrittlaw.net
Attorney for Plaintiffs

/s/ *Leigh M. Williams*
Leigh M. Williams, Esq.
Fla. Bar No. 624543
1701 W. Kansas Ave.
Midland, TX 79701
Tel.: 210 209-3030
e-mail mcmillan.esq@gmail.com
*Attorney for Defendants*