UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, AND JESSE DAVID SPURLOCK,

    *Defendants.*
_____/

## PLAINTIFFS RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS

Plaintiffs Frazetta Properties, LLC, Holly Frazetta and Heidi Frazetta file this Response in Opposition to Defendant's Motion for Summary Judgment.

### I.    STATEMENT OF FACTS

1. Defendants' Spurlock and Vanguard Productions, LLC used reproductions of artwork that Mr. Frank Frazetta, Sr. ("Mr. Frazetta") created.

2. The Defendants' book cover is incorporated herein by reference from the Exhibit attached to the Defendants' Motion for Summary Judgment.

3. The Defendants' book title is "Frazetta Book Cover Art, Complete Collection, Definitive Reference," which Plaintiffs.  See Exhibit 1 Copy of Book's Cover.

4. Throughout Defendants' Motion for Summary Judgment, Defendants' disingenuously refer to their book's title as "Frazetta Book Cover Art – The Definitive Reference," omitting two words from the title, "Complete Collection."

5. Defendants begin in their Table of Contents at Roman Numeral V, and pages 3, 4, 5 and 16 of their Motion with their

6. Defendants unsuccessful attempt to obfuscate the true title of the book is because it contains the two words "Complete Collection," which they did not want included, because it demonstrates they must have the two copyright protected works, because they believed they could be used without compensating the owner of the works.

7. Without the two copyrighted works, the book could not have been published because it would have been incomplete.

8. Defendants understand the importance of marketing the book to ensure sales and their profits.

9. An incomplete book would require changing the words from "Complete Collection" to "Nearly Complete Collection," and it would not have sold.

## MEMORANDUM OF LAW

10. Defendants' rest their entire defense primarily, if not exclusively, on "Fair Use."

11. In the case of Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 11 F.4th 26, 36-37 (2d Cir. 2021), the Second District Court of Appeals

analyzed 17 U.S.C. § 107. "The statute provides a nonexclusive list of four factors that [**14] courts are to consider [*37] when evaluating whether the use of a copyrighted work is "fair." These factors are:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work." Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 11 F.4th 26, 36-37 (2d Cir. 2021).

12. The United States Court of Appeals for the Second Circuit held the Andy Warhol Foundation ("AWF") had violated all four factors.

13. The Court of Appeals rejected the idea that "any secondary work that adds a news aesthetic or new expression to its source material is necessarily transformative." Id. at 38-39.

14. The Court explained the questions was, instead, "whether the secondary work's use of its source material is in service of a fundamentally different and [*1272] new artistic purpose and character." Id. at 42. Here, however, "the overarching purpose and function of the two works at issue . . . is identical, not merely in the broad

sense that they are created as works of visual art, but also in the narrow but essential sense that they are portraits of the same person."

15. The Supreme Court stated the fair use doctrine "set[s] forth general principles, the application of which requires judicial balancing, depending upon relevant circumstances." *Google LLC* v. *Oracle America, Inc.*, 593 U. S. ___, ___, 141 S. Ct. 1183, 209 L. Ed. 2d 311 (2021) (slip op., at 14). Because those principles apply across a wide range of copyrightable material, from books to photographs to software, [***27] fair use is a "flexible" concept, and "its application may well vary depending on context." *Id.*, at ___, 141 S. Ct. 1183, 209 L. Ed. 2d 311 (slip op., at 15). For example, in applying the fair use provision, "copyright's protection may be stronger where the copyrighted material . . . serves an artistic rather than a utilitarian function." Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 143 S. Ct. 1258, 1272.

16. The Supreme Court recognized the word transformative could be misused. In its decision, the Court wrote that ". . . an overbroad concept of transformative use, one that includes any further purpose, or any different character, would narrow the copyright owner's exclusive right to create derivative works. To preserve that right, the degree of transformation required to make "transformative" [**495] use of an original must go beyond that required to qualify as a derivative." Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 143 S. Ct. 1258, 1275 (2023).

17. Even more so in this case, Defendants failed the first test because they made no changes of any kind to the works, but copied them identically.

18. The Supreme Court recognized the word transformative could be misused. In its decision, the Court wrote that ". . . an overbroad concept of transformative use, one that includes any further purpose, or any different character, would narrow the copyright owner's exclusive right to create derivative works. To preserve that right, the degree of transformation required to make "transformative" [**495] use of an original must go beyond that required to qualify as a derivative." Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 143 S. Ct. 1258, 1275 (2023).

19. The Supreme Court further analyzed the first fair use factor by considering "whether the use of a copyrighted work has a further purpose or different character, which is a matter of degree, and the degree of difference must be balanced against the commercial nature of the use. If an original [**497] work and a secondary use share the same or highly similar purposes, and the secondary use is of a commercial nature, the first factor is likely to weigh against fair use, absent some other justification [***34] for copying." Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 143 S. Ct. 1258, 1277 (2023).

20. The Supreme Court further analyzed the first fair use factor by considering "whether the use of a copyrighted work has a further purpose or different character, which is a matter of degree, and the degree of difference must be balanced

against the commercial nature of the use. If an original [**497] work and a secondary use share the same or highly similar purposes, and the secondary use is of a commercial nature, the first factor is likely to weigh against fair use, absent some other justification [***34] for copying." Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 143 S. Ct. 1258, 1277 (2023).

21. In this case, Defendants used the two works just as Mr. Frazetta had used the two works, which was to sell books. Defendants did nothing transformative.

22. Applying AWF analysis to this case, Defendants have infringed the Copyright owned by Frazetta Properties, LLC.

23. Plaintiffs respectfully demand that Defendants Motion for Summary Judgment be denied and for such other and further relief as the Court deems appropriate and justice requires.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing Motion was served on Defendants' attorney, Defendants Leigh M. Williams, Esq., on September 27, 2023, via CM/ECF.

MERRITT LAW PA

/s/ Jack W. Merritt
Jack W. Merritt, Esq.
FBN: 0052248
690 South Tamiami Trail
Osprey, FL 34229
Email: office@merrittlaw.net
Telephone: 941.445.4841
Attorney for Plaintiffs