UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FRANK FRAZETTA,                                                    Index No.: 08 CIV. 6670

                                          Plaintiff,              **VERIFIED ANSWER**

              v.

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                                          Defendants.
-----------------------------------------------------------------------X

-----------------------------------------------------------------------X
VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                                Third-party plaintiffs,          **THIRD-PARTY**
                                                                  **COMPLAINT**

              v.

ELLIE FRAZETTA,

                                          Third-part defendant.
-----------------------------------------------------------------------X


    Defendants, **VANGUARD PRODUCTIONS and J. DAVID SPURLOCK,** by and through their attorneys, **PENINO & MOYNIHAN, LLP** as and for their Verified Answer to the Verified Complaint, and as and for their counterclaims against **FRANK FRAZETTA**, and as and for their third-party complaint and action herein against third party defendant **ELLIE FRAZETTA**, set forth the following:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "1", "11", "12" and "13" of the complaint.

1

Case 8:22-cv-00581-WFJ-AEP Document 87-7 Filed 11/01/23 Page 2 of 44 PageID
458
Case 2:08-cv-06670-RJH Document 7 Filed 09/16/08 Page 2 of 21

2.      Admits the allegations contained in paragraphs "2", "3", "4" and "5" of the complaint.

3.      Denies the allegations contained in paragraph "6" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

5.      Denies the allegations contained in paragraphs "8", "9", "10", "14", "15", "16", "17" and "18" of the complaint.

**AS AND FOR AN ANSWER**
**TO THE FIRST CAUSE OF ACTION**

6.      Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "18" of the complaint as if more fully set forth at length herein.

7.      Denies the allegations contained in paragraphs "20", "21", "22", "23" and "24" of the complaint.

**AS AND FOR AN ANSWER**
**TO THE SECOND CAUSE OF ACTION**

8.      Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "24" of the complaint as if more fully set forth at length herein.

9.      Denies the allegations contained in paragraphs "26", "27", "28" and "29" of the complaint.

Case 8:22-cv-00581-WFJ-AEP Document 87-1 Filed 11/01/23 Page 3 of 44 PageID
Case 2:08-cv-06670-RJH Document 7 Filed 09/16/08 Page 3 of 21
459

## AS AND FOR AN ANSWER
## <u>TO THE THIRD CAUSE OF ACTION</u>

10.     Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "29" of the complaint as if more fully set forth at length herein.

11.     Denies the allegations contained in paragraphs "31", "32", and "33" of the complaint.

## AS AND FOR AN ANSWER
## <u>TO THE FOURTH CAUSE OF ACTION</u>

12.     Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "33" of the complaint as if more fully set forth at length herein.

13.     Denies the allegations contained in paragraphs "35", "36", and "37" of the complaint.

## AS AND FOR AN ANSWER
## <u>TO THE FIFTH CAUSE OF ACTION</u>

14.     Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "37" of the complaint as if more fully set forth at length herein.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

16.     Denies the allegations contained in paragraphs "40", "41", and "42" of the complaint.

3

Case 8:22-cv-00581-WFJ-AEP Document 87-7 Filed 11/01/23 Page 4 of 44 PageID
Case 2:08-cv-06670-RJH Document 7 Filed 09/16/08 Page 4 of 21
460

**AS AND FOR AN ANSWER
TO THE SIXTH CAUSE OF ACTION**

17.     Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "42" of the complaint as if more fully set forth at length herein.

18.     Denies the allegations contained in paragraphs "44", "45", "46" and "47" of the complaint.

**AS AND FOR AN ANSWER
TO THE SEVENTH CAUSE OF ACTION**

19.     Repeats and reiterates the answers to each and every allegation contained in paragraphs "1" through "47" of the complaint as if more fully set forth at length herein.

20.     Denies the allegations contained in paragraphs "49", and the Wherefore Clause "1", "2", "3", "4", "5" and "6" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

21.     Defendants hereby assert any and all defenses which are express or implied within the alleged contract.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

22.     That this action is barred by the legal doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23.     Plaintiffs have failed to take the necessary measures to mitigate the damages complained of herein.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24.     That one or more of the causes of action are time barred pursuant to the applicable Statute of Limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiffs are not permitted to recover under any other theories brought forth in the Summons and Complaint due to the doctrine of unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's signature is not a registered trade or business mark and has been published without objection and without consideration by diverse parties for a lenghty period of time such that plaintiff's signature has become, or has been, considered and is, part of the public domain.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27.     Payment.

## ASAND FOR AN EIGHTH AFFIRMATIVE DEFENSE

28.     The use, if any, of Frank Frazetta's works or signature in the instant reference book constitutes Fair Use.

Case 8:22-cv-00581-WFJ-AEP Document 87-1 Filed 11/01/23 Page 6 of 44 PageID
462
Case 2:08-cv-06670-RJH Document 1-7 Filed 09/16/08 Page 6 of 21

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29.     Estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

30.     Waiver.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

31.     Insufficiency of service of process upon the defendants.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

32.     Privity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

33.     Accord and Satisfaction.

# COUNTERCLAIMS

### FACT STATEMENT APPLICABLE TO ALL COUNTS

1.     Author James A. Bond, over the course of several years, assembled an index of the published works of artist and illustrator Frank Frazetta. Bond sent his work to Frank Frazetta.

2.     Ellie Frazetta, wife and business manager of Frank Frazetta, thereafter contacted Bond and asked Bond to meet with her at the Frazetta Museum in Pennsylvania,

located on the grounds of the Frazetta residence, to discuss publication of Bond's manuscript and Frazetta images into a reference book.

3.      Ellie Frazetta represented that she had authority to bind Frank Frazetta as his business manager. Upon information and belief, Ellie Frazetta is also an officer of "The Frazetta Family Foundation," which organization operates the management and business of the Frazetta Art Gallery/Frazetta Art Museum. In reliance upon the statements of authority to bind Frank Frazetta, Bond and David Winiewicz entered into an agreement with Ellie Frazetta to publish the reference book, on September 16, 2000. (Ex. "A").

4.      Ellie Frazetta demanded, and was paid the sum of $400, payable to the Frazetta Museum (Frazetta Art Gallery), plus other consideration, in exchange for the Frazetta's endorsement of the book. (Ex. "A").

5.      Ellie Frazetta introduced Bond to J. David Spurlock, the owner of Vanguard Productions, at the Frazetta Museum, on or about the Fall of 2000. Ellie Frazetta suggested to Bond that Vanguard Productions publish the work. Thereafter, Bond entered into an agreement with Vanguard Productions and Andrew Steven, owner of a large collection of Frazetta images, to publish the book. (Ex. "B").

6.      Ellie Frazetta worked with Bond, suggesting changes in the text and requesting that the images be used in certain ways. Ellie Frazetta requested a complete change in the dedication of the book, originally dedicated to Robert E. Howard, author of

"Conan, the Cimmerian" a/k/a "Conan, the Barbarian,"[1] to be dedicated to Frank Frazetta's public. (Ex. "C").

7.      Frank Frazetta became aware of the agreement between Bond and Ellie Frazetta to publish the reference book, and presumably knew of the agreement between Bond and Vanguard Productions, as Frank Frazetta posed with Bond, who held a dummy copy of the book, for a photograph, which is signed by Frank Frazetta. (Ex. "D"). Bond shared portions of that manuscript with the Frazettas, who then posted portions of the manuscript without Bond's permission or the permission of publisher Vanguard Productions, on Frank Frazetta's official website. (http://www.frankfrazetta.com/ff/index.html; Ex. "E", last visited September 12, 2008). The misappropriated material remains on the site to date.

**Count I: Counterclaim For Breach of Contract Against Frank Frazetta**

8.      Defendant re-alleges and incorporates paragraphs 1-7 as though set forth herein.

9.      Frank Frazetta was aware of the book as a work in progress, and of the agreement between Bond and Ellie Frazetta to publish the reference book. (Ex. "D").

---

[1] Frank Frazetta gained notoriety for illustrating paperback book covers for the Conan novels written by Howard.

Case 8:22-cv-00581-WFJ-AEP Document 87-1 Filed 11/01/23 Page 9 of 44 PageID
Case 2:08-cv-06670-RJH Document 1-7 Filed 09/16/08 Page 9 of 21
465

Frazetta was aware that Ellie Frazetta, in entering into the agreement, represented herself as an agent of Frank Frazetta, with authority to bind Frank Frazetta.

10. Frazetta was aware that the agreement contained no exclusions as to the use of Frazetta's name, which name is contained within the title itself. The Agreement authorized the use of Frazetta's name in endorsing the project as stated in section 2) of the Agreement, which specifically includes "Any and all advertising materials used to promote said projects." (Ex."A"). No exclusions were made in the Agreement entered into among Bond, Winiewicz and Ellie Frazetta as to the use of Frank Frazetta's images, signature, or likeness. Ellie Frazetta made no request to Vanguard Productions to exclude the use of Frank Frazetta's images, signature, or likeness.

11. Frank Frazetta's disavowal of the book as solicited under the Bond/Vanguard Productions contract is a direct repudiation of the agreement entered into by Bond and Ellie Frazetta, which agreement is the underpinning of the agreement between Bond and Vanguard Productions. Ellie Frazetta bound Frank Frazetta as to the contract she entered into with Bond. Bond's contract with Vanguard Productions creates privity of contract between Vanguard Productions and the agreement Bond entered into with Ellie Frazetta. Ellie Frazetta acted as an agent for Frank Frazetta, representing herself as the business manager and agent for Frank Frazetta. The agreement was and is presumably ratified by Frank Frazetta, who posed with Bond and the manuscript of the book, and who presumably encouraged, requested or permitted Ellie Frazetta to make certain requests of the author and publisher as to the images and wording used in the book, on behalf of Frank Frazetta's interests.

12.     At no time did either Frank Frazetta or Ellie Frazetta object to the publication of the manuscript into book form at any time during the process of editing the manuscript with Vanguard Productions, although both were aware that the manuscript was headed to publication with Vanguard Productions. Frank Frazetta impermissibly denies privity of contract between himself and the contract entered into with Bond by Ellie Frazetta which led to the subsequent contract to publish the book between Bond and Vanguard Productions. The two contracts are in privity, as Ellie Frazetta bound Frank Frazetta under her representations as agent and business manager for Frank Frazetta to Bond, who used the Frazetta's agreement with him to enter into a contract with Vanguard Productions to publish the book.

13.     By filing suit to enjoin publication of the book, Frank Frazetta has breached the agreement authorizing the permission to publish and advertise the book as agreed to on September 16, 2000 (Ex. "A"), which is in privity with the contract between Bond and Vanguard Productions (Ex. "B"), and ratified though the conduct of Ellie Frazetta and Frank Frazetta. This breach and instant non-meritorious lawsuit has harmed J. David Spurlock and Vanguard Productions, causing damage, harm, and loss.

WHEREFORE, J. David Spurlock and Vanguard Productions demands judgment in its favor and against Frank Frazetta, for damages to be determined by a jury upon trial of this action, together with attorneys' fees, costs, and other such relief as the Court deems just.

Case 8:22-cv-00581-WFJ-AEP   Document 87-1   Filed 11/01/23   Page 11 of 44 PageID
467
Case 2:08-cv-06670-RJH   Document 7   Filed 09/16/08   Page 11 of 21

**Count II:          Counterclaim For Vexatious Suit Against Frank Frazetta**

14.    Defendant re-alleges and incorporates paragraphs 1-7 as though set forth herein.

15.    Frank Frazetta knew of the agreement between Bond and Ellie Frazetta to publish the reference book, and ratified the contract by allowing and permitting Ellie Frazetta to work directly with Bond on the book. (Ex. "C").

16.    Frazetta was aware that Ellie Frazetta, in entering into the agreement, represented herself as an agent of Frank Frazetta, with authority to bind Frank Frazetta. Ellie Frazetta represented to Bond and to Spurlock and Vanguard Productions that she had authority to bind Frank Frazetta. Frank Frazetta at no time disavowed Ellie Frazetta's authority to bind, or her representation to Bond that she had authority to enter into business agreements on Frank Frazetta's behalf, or objected to Ellie Frazetta's working with Bond as the manuscript was readied for printing.

17.    Frank Frazetta, by virtue of the contract entered into by and through Ellie Frazetta, was aware that the agreement contained no exclusions of Bond's use of Frazetta's name, which is contained within the title itself, and is also stated in the Agreement's section 2) "Any and all advertising materials used to promote said projects." (Ex. "A").

18.    No exclusions were made in the Agreement entered into among Bond, Winiewicz and Ellie Frazetta as to the use of Frank Frazetta's images, signature, or likeness when the book was to be solicited and advertised for sale upon publication.

19.    Frank Frazetta's acquiescence to be bound by Ellie Frazetta's entry into the agreement with Bond resulted in Bond's reliance upon Ellie Frazetta's representation of

11

Case 8:22-cv-00581-WFJ-AEP  Document 87-1  Filed 11/01/23  Page 12 of 44 PageID
468
Case 2:08-cv-06670-RJH  Document 1  Filed 09/16/08  Page 12 of 21

authority to bind Frank Frazetta, which resulted in Bond's entry into agreement to publish the book with Vanguard Productions.

20.     At no time during the drafting and editing process of the book, done under the direction of publisher J. David Spurlock and Vanguard Productions, did Frank Frazetta renounce, disagree with or in any way oppose the agreement entered into between Ellie Frazetta and Bond, or forbid Ellie Frazetta to continue representing her authority to conduct business on Frank Frazetta's behalf.

21.     Bond's contract with Spurlock and Vanguard Productions creates privity of contract among the parties.

22.     Frank Frazetta, denying authority or permission for Vanguard Productions' use of Frank Frazetta's name to solicit the book to distributors, caused suit to be commenced in New York's Supreme Court in June, 2008. Summons was served upon Spurlock/Vanguard Productions in June, 2008, causing defendant to retain legal counsel to answer the complaint and provide a defense.

23.     The agreement entered into by business manager Ellie Frazetta, her introduction of Bond to Spurlock at the Frazetta Museum in late 2000, and the ongoing drafting and editing of the book by Ellie Frazetta, with her comments, suggestions, and other direct input, can be imputed to Frank Frazetta.

24.     Frank Frazetta's resulting filing of suit and causing Summons to be issued was negligent, wrongful, is without basis, and was done with conscious disregard for the valid and binding contracts between the parties. The lawsuit was brought without basis in fact or law, and has harmed and injured Spurlock/Vanguard Productions, both

Case 8:22-cv-00581-WFJ-AEP Document 87-1 Filed 11/01/23 Page 13 of 44 PageID
Case 1:08-cv-06670-RJH Document 1 Filed 09/16/08 Page 13 of 21
469

economically, professionally, and personally. The harm has resulted in damage and loss to the business and professional reputations of Spurlock and Vanguard Productions, which harm continues.

WHEREFORE, J. David Spurlock and Vanguard Productions demand judgment in their favor and against Frank Frazetta for damages to be determined by a jury upon trial of this action, together with attorneys' fees, costs, and other such relief as the Court deems just.

## **THIRD PARTY CLAIM**

### **FACT STATEMENT APPLICABLE TO ALL COUNTS**

25.     Author James A. Bond, over the course of several years, assembled an index of the published works of artist and illustrator Frank Frazetta. Bond sent his work to Frank Frazetta.

26.     Ellie Frazetta, wife and business manager of  Frank Frazetta, thereafter contacted Bond and asked Bond to meet with her at the Frazetta Museum in Pennsylvania, located on the grounds of the Frazetta residence, to discuss publication of Bond's manuscript and Frazetta images into a reference book.

27.     Ellie Frazetta represented that she had authority to bind Frank Frazetta as his business manager. Upon information and belief, Ellie Frazetta is also an officer of "The Frazetta Family Foundation," which organization operates the management and business of the Frazetta Art Gallery/Frazetta Art Museum. In reliance upon the statements of authority

to bind Frank Frazetta, Bond and David Winiewicz entered into an agreement with Ellie Frazetta to publish the reference book, on September 16, 2000. (Ex. "A").

28.     Ellie Frazetta demanded, and was paid the sum of $400, payable to the Frazetta Museum (Frazetta Art Gallery), plus other consideration, in exchange for the Frazetta's endorsement of the book. (Ex. "A").

29.     Ellie Frazetta introduced Bond to J. David Spurlock, the owner of Vanguard Productions, at the Frazetta Museum, on or about the Fall of 2000. Ellie Frazetta suggested to Bond that Vanguard Productions publish the work. Thereafter, Bond entered into an agreement with Vanguard Productions and Andrew Steven, owner of a large collection of Frazetta images, to publish the book. (Ex. "B").

30.     Ellie Frazetta worked with Bond, suggesting changes in the text and requesting that the images be used in certain ways. Ellie Frazetta requested a complete change in the dedication of the book, originally dedicated to Robert E. Howard, author of "Conan, the Cimmerian" a/k/a "Conan, the Barbarian,"[2] to be dedicated to Frank Frazetta's public. (Ex. "C").

31.     Frank Frazetta became aware of the agreement between Bond and Ellie Frazetta to publish the reference book, and presumably knew of the agreement between Bond and Vanguard Productions, as Frank Frazetta posed with Bond, who held a dummy

---

[2] Frank Frazetta gained notoriety for illustrating paperback book covers for the Conan novels written by Howard.

copy of the book, for a photograph, which is signed by Frank Frazetta. (Ex. "D"). Bond shared portions of that manuscript with the Frazettas, who then posted portions of the manuscript without Bond's permission or the permission of publisher Vanguard Productions, on Frank Frazetta's official website. (http://www.frankfrazetta.com/ff/index.html; Ex. "E", last visited September 12, 2008). The misappropriated material remains on the site to date.


**Count III:      Third Party Claim Against Ellie Frazetta For Indemnity**

32.      Defendant re-alleges and incorporates paragraphs 25-31 as though alleged herein.

33.      Ellie Frazetta, wife of Frank Frazetta, upon information and belief, has and does act in the capacity of business manager for Frank Frazetta, the Frazetta Museum, and the Frazetta Art Gallery.

34.      Ellie Frazetta. upon information and belief, is also an officer of the Pennsylvania not-for-profit entity "The Frazetta Family Foundation," which is believed to manage and operate the Frazetta Art Gallery and the Frazetta Museum.

35.      On and before September 16, 2000, Ellie Frazetta represented to James A. Bond that she had the authority to enter into binding agreements on Frank Frazetta's behalf.

36.      Ellie Frazetta induced James A. Bond's reliance upon her representations of authority to bind, and induced Bond to enter into the described agreement, along with

15

Case 8:22-cv-00581-WFJ-AEP Document 87-1 Filed 11/01/23 Page 16 of 44 PageID
472
Case 2:08-cv-06670-RJH Document 1 Filed 09/16/08 Page 16 of 21

David Winiewicz, to compile and publish a reference book on Frank Frazetta's works. (Ex."A").

37.     Bond directly paid Ellie Frazetta $400 in cash as consideration to enter into this agreement, which sum Ellie Frazetta accepted and kept.

38.     In reliance upon Ellie Frazetta's stated authority to act on Frank Frazetta's behalf, Bond relied upon Ellie Frazetta's recommendation that Vanguard Productions publish the book, and entered into an agreement with Vanguard Productions to publish the book. (Ex. "B").

39.     Vanguard Productions drafted and compiled the reference book with Bond, along with Ellie Frazetta's input and recommendations, (Ex. "C"), and announced the book ready for publication in reliance on the acts and words of Ellie Frazetta that she held authority to act on Frank Frazetta's behalf.

40.     Shortly thereafter, suit was filed by Frank Frazetta disavowing any contractual agreement with Vanguard Productions, demanding damages in excess of two and a half million dollars. A true copy of the summons with notice and complaint filed by the first party plaintiff herein is annexed hereto as Exhibit 'F'.

41.     Spurlock, Vanguard Productions, and Bond are entirely without fault for relying upon Ellie Frazetta's assertions of authority to act in Frank Frazetta's behalf, evidenced by Ellie Frazetta's ongoing acts representing authority to act on Frank Frazetta's behalf, and accordingly, bear no liability to Frank Frazetta for the cause(s) of action claimed by Frank Frazetta against Spurlock and Vanguard Productions currently litigated in this Court.

16

Case 8:22-cv-00581-WFJ-AEP   Document 87-1   Filed 11/01/23   Page 17 of 44 PageID
Case 2:08-cv-06676-RJH   Document 7   Filed 09/16/08   Page 17 of 21
473

42.     Ellie Frazetta is liable to Frank Frazetta as to the claims asserted in Frank
Frazetta's Complaint, as a result of her representations and actions upon which Vanguard
Productions relied to its detriment.

43.     In the event Spurlock/Vanguard Productions is/are found liable to Frank
Frazetta for the causes of action complained of at bar, Spurlock/Vanguard Productions has
the right to indemnity from Ellie Frazetta for indemnity, as she bears the entire fault for the
publication of the book for misrepresenting having authority to bind Frank Frazetta.

WHEREFORE, J. David Spurlock and Vanguard Productions demand judgment in
its favor and against Ellie Frazetta for the entire sum of damages found payable to Frank
Frazetta in the event Spurlock/Vanguard Productions is/are[3] found liable to Frank Frazetta
in this matter.

**Count IV:     Third Party Claim Against Ellie Frazetta For Contribution**

44.     Defendant re-alleges and incorporates paragraphs 25-31 as though alleged
herein.

45.     Ellie Frazetta, wife of Frank Frazetta, acted in the capacity of business
manager for Frank Frazetta, the Frazetta Museum, and the Frazetta Art Gallery during the
pendency of the development of the instant book for publication, asserting her authority to
do so in words and by her actions.

46.     Ellie Frazetta upon information and belief, is also an officer of the
Pennsylvania not-for-profit entity The Frazetta Family Foundation, which is believed to

---

[3] It is unclear whether Plaintiff is suing one entity or two in this Complaint,
although it appears that two parties are being sued, only one entity was served.

17

operate the Frazetta Art Gallery and the Frazetta Museum, and makes business decisions on Frank Frazetta's behalf in that Ellie Frazetta has executive authority in that capacity as well.

47.     On and before September 16, 2000, Ellie Frazetta represented to James A. Bond that she had the authority to enter into binding agreements on Frank Frazetta's behalf. Ellie Frazetta induced James A. Bond's reliance on her representations of authority to bind, and Bond entered into an agreement, along with David Winiewicz, to compile and publish a reference book on Frank Frazetta's works. (Ex."A").

48.     Bond directly paid Ellie Frazetta $400 in cash as consideration to enter into this agreement, which Ellie Frazetta accepted and kept.

49.     In reliance upon Ellie Frazetta's introduction to J. David Spurlock, Bond and Spurlock relied upon Ellie Frazetta's assertion that Vanguard Productions publish Bond's book, and Bond and Vanguard Productions entered into such an agreement. (Ex. "B").

50.     Bond and Spurlock readied the manuscript for printing with Ellie Frazetta's input and recommendations (Ex. "C"). Portions of the manuscript are used on the Frazetta web site, uncredited, and without permission from Bond or Vanguard Productions. (Ex. "E").

51.     Suit has been filed by Frank Frazetta disavowing any contractual agreement with Spurlock/Vanguard Productions, alleging harm and demanding damages. (A true copy of the summons with notice and complaint filed by the first party plaintiff herein is annexed hereto as Exhibit 'F'.).

18

Case 8:22-cv-00581-WFJ-AEP   Document 87-1   Filed 11/01/23   Page 19 of 44 PageID
475
Case 2:08-cv-06670-RJH   Document 1   Filed 09/16/08   Page 19 of 21

52.     Spurlock, Vanguard Productions, and Bond are not at fault in developing and soliciting the book, as all actions were either taken at the behest of or done in reliance upon Ellie Frazetta's assertions of authority to bind Frank Frazetta, and the Frazetta's subsequent actions of taking payment, offering comments on the manuscript as it was developed for publication, and in posting portions of the manuscript on the Frazetta web site without permission or acknowledgment of the author or publisher.

53.     In the event that Spurlock/Vanguard Productions is found liable to Frank Frazetta, Ellie Frazetta is liable as a co-tortfeasor and must pay her proportionate share of the damages found owing to Frank Frazetta for her negligent assertions and acts under color of authority to act on behalf of Frank Frazetta.

WHEREFORE, J. David Spurlock and Vanguard Productions demands judgment in its favor and against Ellie Frazetta for her proportionate share of damages found payable to Frank Frazetta if Spurlock/Vanguard Productions are found liable to Frank Frazetta in this matter.

**Count V:     Third Party Claim Against Ellie Frazetta For Misrepresentation**

54.     Defendant re-alleges and incorporates paragraphs 25-31 as though alleged herein.

55.     Author James A. Bond assembled an index of the published works of artist Frank Frazetta and sent the material to Frank Frazetta in Pennsylvania.

56.     Bond was subsequently contacted by Frank Frazetta's wife, Ellie Frazetta, who informed Bond that his work had been received, and requested Bond meet with her in Pennsylvania, at the Frazetta Museum, to discuss the project of publishing Bond's work.

19

57.     Bond met with Ellie Frazetta, who induced Bond to enter into an agreement whereby Ellie Frazetta gave Bond permission to publish and advertise the book. (Ex. "A").

58.     Relying on Ellie Frazetta's assertions, Bond, Winiewicz, and Ellie Frazetta entered into an agreement on September 16, 2000.  (Ex. "A").

59.     Ellie Frazetta demanded certain consideration in exchange for permission to publish and advertise a reference book of Frank Frazetta's works, including the sum of $400, which Ellie Frazetta accepted from Bond, and kept. (Ex. "A").

60.     Ellie Frazetta introduced Bond to J. David Spurlock, the owner of Vanguard Productions, while the three were at the Frazetta Museum. Ellie Frazetta suggested to Bond that Vanguard Productions publish the work. Thereafter, Bond entered into an agreement with Vanguard Productions and Andrew Steven, owner of a large collection of Frazetta images, to publish the book. (Ex. "B").

61.     Throughout the readying of the book, Ellie Frazetta worked directly with Bond, offering criticisms and comments as to certain text and the use of Frank Frazetta's images, and requested a complete change of the dedication of the book. (Ex. "C").

62.     Frank Frazetta repudiated and disavowed any connection to any contract with Vanguard Productions to advertise or solicit a Frazetta reference book, and caused suit to be filed in New York's Supreme Court in June, 2008, claiming against Vanguard Productions.

63.     Ellie Frazetta's negligent misrepresentation of her authority to bind Frank Frazetta for Bond's book to be advertised and published induced reliance of Vanguard Productions to its detriment. The negligently induced reliance has resulted in harm to

Spurlock and Vanguard Productions as a result of the instant suit. Spurlock and Vanguard Productions continue to suffer economic harm, damage to personal and professional reputations and relationships, and the suffering of the harm continues.

WHEREFORE, J. David Spurlock and Vanguard Productions demands judgment in its favor and against Ellie Frazetta for damages to be determined by a jury upon trial of this action, together with attorneys' fees, costs, and other such relief as the Court deems just.

**WHEREFORE**, the defendants, **VANGUARD PRODUCTIONS and J. DAVID SPURLOCK**, demands judgment dismissing the Complaint herein as to said defendants, judgment over and above the plaintiff herein on the counterclaims and judgment against and upon the third-party defendant for the relief demanded herein.

DATED:   White Plains, New York
              September 16, 2008

Yours, etc.,

**PENINO & MOYNIHAN, LLP**

BY:**/s/**_____
**STEPHEN J. PENINO**
Attorneys for Defendant
**VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK**
180 East Post Road, Suite 300
White Plains, New York 10601
(914) 949-6996
Our File No.:12-1475

21

# Agreement to publish.

Project title: *THE DEFINITIVE FRAZETTA REFERENCE*
Project type: Reference work
Author: James A Bond

As per agreement, established between Ellie Frazetta and David Winiewicz, Ellie Frazetta allows James A. Bond, the author of the project, full authorized permission to create, print and publish *The Definitive Frazetta Reference*. This contract is agreed to under the following conditions:

1) A total sum of 400 dollars be donated to the Frazetta Museum
2) A total of twenty copies of the finished work be donated to the Frazetta Museum.

This agreement includes:

1) The printed book
2) The interactive CD or DVD rom
3) Any and all advertising materials used to promote said projects
4) Any and all subsequent printings/pressings of work. As long as changes to said work do not alter work away from original intention (i.e. reference).

All agreements within this contract are mutual to all parties involved. All contractual obligations have been met to the full agreement of all parties involved.

Agreed and signed on the _16 th_ day of _Sept._, the year 2000.

Signature *Ellie Frazetta* Ellie Frazetta

Signature _James A. Bond_, James A. Bond

Signature _David Winiewicz_, David Winiewicz

**Publishing Agreement**                                    pg 1 of 4

AGREEMENT entered this 1st day of August, 2007 ("Effective Date") between Vanguard Productions, a New Jersey company having an address of 186 Center Street, Suit 200, Somerset, NJ 08809, ("Publisher"), and James Bond, an individual at 9880 Maumee Western Rd., Monclova, Ohio 43542 ("Bond" or "Author"), to produce a Frazetta reference book (Book/Work). The approximately 200-page book, titled: *Frazetta The Definitive Reference*, will be printed in multiple editions: softcover; hardcover; and possibly (at Publisher's option) a slipcased limited edition; will feature approximately half the pages printed in color with expected trim size at 8.5 x 11inches. It is Vanguard's right and intention to keep the softcover in print for both comic book stores and the book trade as long as profitable. Contributing Editor Andrew Steven is to receive 1/3 of the total Author royalties paid by Publisher. Contributor, David Winiewicz has agreed to waive any financial interest in the Work but is to receive 3 copies of each edition upon publication. Printed credits are to include: Compiled by James A. Bond, Contributing Editors Dr. David Winiewicz, Andrew Steven, J. David Spurlock.

NOW, the parties, in consideration of the mutual promises set forth herein and intending to be legally bound, hereby agree as follows:

1. PUBLISHER RESPONSIBILITIES: Publisher is responsible for; printing, color separations, advertising, shipping, press releases and promotional materials. Editorial decisions on changes to the content of the Work and graphic design should be agreed upon by both Vanguard and the Author. If a mutual agreement cannot be reached in a timely manner, threatening the promoted release date, the Publisher retains the right to make final editorial and design decisions in an effort to not lose orders due to lateness. Publisher (Vanguard) and any enlisted design/production artist are personally and financially responsible for all loaned items at current market value. Publisher and/or production artist will return all loaned items upon or before the book's release. Publisher will design the book.

2. AUTHOR'S RESPONSIBILITIES: The Author's (James Bond) responsibility is to provide high quality digital art and text necessary to fill the book. Any additional copies desired by the Author (and/or contributing editors) will be available at the same wholesale rates offered to Diamond Distributors, plus shipping. In addition, if at any time Vanguard offers to Diamond and/or any distributor a special-offer "deep discount," Vanguard is to make books available to the Author or Authors at the same discounted rate. The Author agrees to not plan or produce a similar book or book with a similar title, with another publisher within 2 years of the Vanguard release, and that any fanzine or book, significantly contributed to by Author, will contain no more than 20% of overlap material. Author agrees to sign copies of any limited edition hardback at no extra charge if Publisher so requests. If Bond and/or Andrew Steven causes the book to miss the advertised shipping date, costs of re-advertising will be deducted from combined author royalties. Author agrees to sign copies of any limited edition hardback at no extra charge if Publisher so requests.

Case 2:12-cv-09000-1 Document 62-1 Filed 08/19/00 Page 24 of 44 PageID 400

3. PAYMENT: Publisher's total royalty pay-out is as follows:

a: Vanguard will pay (2/3s to Bond, 1/3 to Steven) a total of 15% of proceeds received from distributors. Bond, Steven, Winiewicz and Vanguard all have the shared, equal right to buy at wholesale and sell at retail. Royalties paid on such retail sales will be the same as distributor sales:15% of wholesale. Payments will begin 100 days after the soft-cover edition's major bookstore "on sale" date and will continue quarterly. At the point that total royalties for a quarter are $500.00 or less, the payment schedule will change to semi-annually.

b: For Subsidiary Rights (as identified in Section 5 below): On all monies received by Publisher from third party licenses in or otherwise involving the Work, as well as monies received by Publisher for the sale of any rights and/or option to any rights in the Work, Publisher shall pay Author a royalty of fifty (50%) percent of such monies actually received by the Publisher, less any Agent Fees or related expenses actually paid by Publisher.

c: Vanguard will pay $1500.00 toward production costs incurred by Bond and Steven ($1000.00 to Bond, $500 to Steven). Said payment will be made upon the first distributor announcement of the Work. This amount will be deducted from the first Author royalty payment. If Bond breaks the contract before publication, this amount is to be refunded.

d: Complementary copies are to be provided thus:
James A. Bond: 30 softcover, 5 copies of each additional edition.
Contributing Editors mentioned above: 3 copies of each edition.

4. COPYRIGHTS: Copyrights of all art will remain the property of the current copyright holders and will be listed thus in the publication. The particular arrangement of the collection i.e. collective copyright, and ISBN number belongs to the publisher (Vanguard). Author retains all rights to his original title, design and text but, Vanguard's updates to the book design could not be reused without Vanguard's permission and/or involvement. Text authorship for the book is to read: by James Bond. Winiewicz, Steven and Spurlock will be listed as Contributing Editors on this book. If Spurlock authors an essay for the book, Spurlock will retain ownership of his text contributions but full royalty of 15% will go to Bond and Steven collectively. Frank and Ellie Frazetta have been compensated by Bond under a separate agreement between them and Winiewicz.

5. SUBSIDIARY RIGHTS: The Publisher shall have the exclusive following rights ("Subsidiary Rights"): (i) Book Club Rights (including Mail Order houses); (ii) First Serial Rights (i.e., publication of condensations, excerpts, digests, serializations, and extracts in all media and formats before first publication); (iii) Second Serial Rights (i.e., publication of condensations, excerpts, digests serializations, and extracts in all media and formats after first publication); (vi) Foreign Language Translation Rights; (v) Electronic Rights (i.e., meaning the sole and exclusive right to use or adapt, and to authorize others to use or adapt, the Work or any portion thereof for one or more electronic versions); (vi) Anthology Rights; (vii) Merchandising Rights.

The Publisher may appoint a sub-agent to dispose of the Subsidiary Rights, and may deduct any reasonable commissions paid to such sub-agent and any reasonable and necessary out of pocket expenses in connection with such disposition ("Agent Fees") prior to calculation of Author's share of the net proceeds.

6. TERMINATION: If initial distributor solicitation fails to attract orders sufficient to fund the printing of the Work, Vanguard has the option to terminate this agreement. If Frank Frazetta withdraws his support of the Work, Vanguard has the option to terminate this agreement.

7. AMENDMENTS: Changes to this document can be made at any time if mutually agreed to in writing and signed by Vanguard representative and Bond (or his Estate).

8. INFRINGEMENT BY OTHERS: The Publisher shall have the sole right, at its own cost and expense, to take such legal action (in the Author's name, if necessary) as may be required to restrain any infringement of copyright in any of the Work and to seek damages therefor. Author shall provide publisher with such reasonable assistance as Publisher may require in such action. If the Publisher proceeds alone, or if the parties elect to proceed jointly in such action, then any money recovered for an infringement shall be applied first toward the repayment of the expense of bringing and maintaining the action, and the balance, if any, shall be divided equally between the Author and the Publisher. If the Publisher proceeds alone, all court, arbitration, and other legal costs, expenses, and fees incurred, in addition to any other recovery or award shall be paid solely by the Publisher. If the parties elect to proceed jointly in such action, all court, arbitration, and other legal costs, expenses, and fees incurred, in addition to any other recovery or award shall be paid by the parties equally.

9. DISPUTES: Any dispute shall be settled in the state of New Jersey; and New Jersey courts shall have exclusive jurisdiction and venue over the parties and the subject matter. All court, arbitration, and other legal costs, expenses, and fees incurred, in addition to any other recovery or award shall be paid by the non-prevailing party to the prevailing party.

10. TERM: The term of the contract is as long as Vanguard keeps the book "In Print," plus two years. "In Print" is defined as, as long as Vanguard has copies of the Work that they are willing to sell at wholesale rates. Wholesale rates are defined as a discount of 40% off cover price or greater. After said "In Print" plus two (2) years period, Author's original text and any rights Vanguard holds to images provided by Author will revert to Author. If after this period, another publisher offers to publish the Work, Vanguard will have First Option rights to match the other publisher's offer to keep the book and put it back in print.

11: AUDIT: The Author has the right to audit Publisher's records related to this title, once every two years, through the term of contract, at Author's expense.

12: FAILURE TO PUBLISH: Publisher will have book to the printer no later than December, 2008.

pg 3 of 4

IN WITNESS WHEREOF, the parties have signed this Agreement effective as of the date first set forth above.

VANGUARD PRODUCTIONS

_____
J. David Spurlock, Publisher

_____
James Bond ("Author")

_____
Andrew Steven (Contributor)

pg 4 of 4



**DEDICATED TO THE GRAND-MASTER**
**OF THE**
**WRITTEN WORD**
**~ ROBERT E. HOWARD ~**
**1906 - 1936**

OPPOSED TO
THIS DEDICATION

I Believe that this book should
Be dedicated To the Fans
Remember frank's works are great
but if you don't have a following
of people that love his works, we
would not know of him - B4 E.F



Frank Frazetta Art Gallery

6/22/08 2:46 PM

FRAZETTAARTGALLERY.COM — Home | Biography | Gallery Store | Museum | News

# 1940'S - Page 4



One of the many
illustrations from
BARNYARD COMICS

The majority of Frazetta's comic work at this time, signed with his nickname, "Fritz," were humorous stories or spot illustrations for short text pieces. These charming and whimsical drawings exhibited a great deal of animation and caught the attention of the Disney Studio. " I still have the letter," Frank says. "They wanted me to come out to California. I was excited and flattered but I was just a *kid*. There was no way I could have left Brooklyn."



A quarter page text
illustration from COO
COO COMICS

Frank Frazetta was finally able to stretch his creative legs in 1946 when Prize Publications gave him a chance to solo in *Treasure Comics*. This was definitely a far cry from *Tally Ho* and he felt the pressure to draw a story that might earn him some well deserved merit. Standard Publications were also looking for someone to help draw their funny animal books. In consideration of his work for Prize they hired him to do text illustrations for *Goofy Comics*. Between the years 1946 and 1950 he worked diligently with Standard on 15 different titles; most of which were their humor books such as *Barnyard*, *Coo Coo*, *Happy* and *Supermouse*. But once Standard realized Frank's potential he was offered a nine page story for one of their action/adventure titles; *Exciting Comics* # 59. They also handed him the first of the "Looie Lazybones" features in *Thrilling Comics*. These stories were credited as the ones that caught Al Capp's attention and eventually resulted in Frazetta ghosting the *Li ' l Abner* newspaper strip.

The period of 1948 through 1951 was undoubtedly the most productive in the young artist's comic career as other companies were introduced to his work. Not only did he continue working for Standard's humor and adventure titles, D.S. Publishing offered him a seven page story in *Outlaws #9*. This was the first of many western stories on which he would contribute. The publishing company Magazine Entertainment contacted Frank to help on their "*A-1*" line of books. The popularity of *Trail Colt* quickly led to the production of another western title *The Durango kid*. This book introduced Dan Brand the "White Indian" and Tipi his indian sidekick. It continued well into 1952 with sixteen issues. This particular run of stories best illustrates the growing development of Frazetta's early drawing style.

FRANK FRAZETTA BIOGRAPHY

1940

NEXT
PAGE

1940: | PAGE 2 | PAGE 3 | PAGE 4 : 1950

|Home| |Biography| |Gallery Store| |Museum| |Frazetta News| FRAZETTAARTGALLERY.COM

**Plagiarized excerpt from The Vanguard book found on the Official Frank Frazetta Website**

**The original text appears on pages 10 and 12 of the Vanguard book and are written by Bond.**

**(See: http://www.frazettaartgallery.com/ff/bio/1940/1940_pg3.html For Capt Kidd)**

## http://www.frazettaartgallery.com/ff/bio/1940/1940_pg4.html (see also: Frank Frazetta Art GalleryBio5.pdf)

Frank Frazetta was finally able to stretch his creative legs in 1946 when Prize Publications gave him a chance to solo in *Treasure Comics*. This was definitely a far cry from *Tally Ho* and he felt the pressure to draw a story that might earn him some well deserved merit. Standard Publications were also looking for someone to help draw their funny animal books. In consideration of his work for Prize they hired him to do text illustrations for *Goofy Comics*. Between the years 1946 and 1950 he worked diligently with Standard on 15 different titles; most of which were their humor books such as *Barnyard*, *Coo Coo*, *Happy* and *Supermouse*. But once Standard realized Frank's potential he was offered a nine page story for one of their action/adventure titles; *Exciting Comics* # 59. They also handed him the first of the "Looie Lazybones" features in *Thrilling Comics*. These stories were credited as the ones that caught Al Capp's attention and eventually resulted in Frazetta ghosting the *Li 'l Abner* newspaper strip.

The period of 1948 through 1951 was undoubtedly the most productive in the young artist's comic career as other companies were introduced to his work. Not only did he continue working for Standard's humor and adventure titles, D.S. Publishing offered him a seven page story in *Outlaws #9*. This was the first of many western stories on which he would contribute. The publishing company Magazine Entertainment contacted Frank to help on their "*A-1*" line of books. The popularity of *Trail Colt* quickly led to the production of another western title *The Durango kid*. This book introduced Dan Brand the "White Indian" and Tipi his indian sidekick. It continued well into 1952 with sixteen issues. This particular run of stories best illustrates the growing development of Frazetta's early drawing style.

SUPREME COURT OF THE STATE OF NEW YORK      Index No.:107754-08
COUNTY OF NEW YORK      Date Purchased:

-----------------------------------------------------------------x    June 4, 2008

FRANK FRAZETTA,

           Plaintiff,          Plaintiff designates
                                            New York
        - against -            County as the place of
                                            trial

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,                The basis of the venue is
            Defendants,         CPLR §509

-----------------------------------------------------------------x    **SUMMONS WITH**
                                                 **NOTICE**
To the above named Defendants,

                                                 Defendant resides at
                                                 186 Center St.
                                                 Clinton, NJ 08809

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons,
to serve a notice of appearance, on the plaintiff's attorney within 20 days after the
service of this summons, exclusive of the day of service (or within 30 days after
the service is complete if this summons is not personally delivered to you within the
State of New York). In the event that you fail to appear and/or answer a judgment
will be taken against you by default for the relief demanded in the complaint.

NOTICE: The nature of this action is misappropriation of name and goodwill and
violation of Civil Rights §§50 and 51.

The relief sought is a sum greater than the jurisdictional amount of any other court
able to hear and adjudicate this matter.

Upon your failure to appear, judgment will be taken against you by default, and an
assessment of damages will be taken by the court.

Dated:      New York, New York
           June 3, 2008

                            _____
                            The Law Office of Tedd Kessler, PC.
                            Attorneys for Plaintiff
                            302 Fifth Ave. - 8th floor
                            New York, N.Y. 10001
                            (212) 477-3200

Defendants' Address:
186 Center St.
Suite 200
Clinton, NJ 08809

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

FRANK FRAZETTA,

                              Plaintiff,

              - against -

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                              Defendants,

------------------------------------------------------------------x

Index No.:107754-08
Date Purchased:
June 4, 2008

**VERIFIED
COMPLAINT**

Plaintiff, FRANK FRAZETTA, by and through his attorneys, **THE LAW OFFICE OF TEDD KESSLER**, **P.C.**, as and for his Verified Complaint, at all times hereinafter mentioned, upon information and belief, alleges:

## Nature of Case

This is an action for violation of New York Civil Rights §§50 and 51 and commission of various tortuous acts, including, but not limited to, appropriation of Frazetta's good name and goodwill, fraud and tortuous interference with business and contracts.

## The Parties

1.      Plaintiff FRANK FRAZETTA is a Pennsylvania citizen and world-famous artist who is considered among the twentieth century's most influential and well-known artists.

2.      Defendant VANGUARD PRODUCTIONS (hereinafter referred to as "Vanguard") is a New Jersey company which does business in the State of New York.

1

JUL 1 4 2008

3.  Defendant DAVID SPURLOCK does business as Vanguard.

4.  Vanguard is in the book publishing business.

### The Publication

5.  Vanguard intends to or has published a book entitled, "FRAZETTA DEFINITIVE REFERENCE" (hereinafter referred to as "the book").

6.  The book features the artwork of Frank Frazetta and bears his trademark signature on its cover.

7.  An application for trademark registration of Frank Frazetta signature has been filed with the Trademark Office.

8.  Beginning with, on or about April 2008, and continuously thereafter, the defendants, knowingly and without the written consent of the plaintiff, and contrary to the provisions of N.Y. Civ. Rights Law §§ 50 and 51, used plaintiff's name for advertising and trade purposes in the State of New York and elsewhere in connection with the defendant's said business.

9.  During said period the defendants, their agents, servants, employees, wholesalers, distributors and retailers, without plaintiff's consent, caused to be generally circulated and published in and throughout the State of New York and elsewhere, certain literature, circulars or matter, in print and electronic form, prominently using the plaintiff's name in advertising the book.

10.  The defendants therein stated that the plaintiff endorsed defendant's product, the book, knowing such statements were contrary to fact and without plaintiff's consent.

2

11.    The statements (hereinafter referred to as "endorsement") defendants released in pursuit of sales for the book is as follows,

## *"ENDORSED BY FRAZETTA HIMSELF!" AND/OR*

## *"ENDORSED BY THE ARTIST HIMSELF!"*

12.    A small sample of such true electronic literature, circulars and matter is hereto annexed, marked "Exhibit A" and made a part hereof as if at length set forth herein.

13.    Plaintiff, Frank Frazetta, never consented to the use of his name in defendants' advertisements.

14.    That there is no agreement, oral or written, between Vanguard and Frank Frazetta regarding publication of the book or use of Plaintiff, Frank Frazetta's name or endorsement.

15.    Defendants expect or should reasonably expect their acts to have consequences in the State of New York. Additionally, defendants committed tortious acts without New York which caused and are causing injury to plaintiffs within New York; said defendants regularly do and solicit business in New York, and each of them derives substantial revenue from goods used or consumed or services rendered in the State of New York.

16.    Defendants maintain a place of business in New York County at the Big Apple Conventions and ComiCon.

17.    Defendants' conduct has been reckless, willful and wanton.

18.    Defendants have acted knowingly, willfully and in bad faith.

3

## As and for a First Cause of Action

19.     Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 18 hereof with the same force and effect as if herein set forth at length.

20.     Defendants, though their conduct described herein, have made material misrepresentations of fact in the furtherance of their interests.

21.     Defendants knew that the statement attributed to plaintiff was false.

22.     Defendants intentionally made such statement so that wholesalers, distributors, retailers and the buying public would rely on such false statement.

23.     That wholesalers, distributors, retailers, the buying public and others have relied on said statement, such reliance being reasonable.

24.     As a result of Defendants' fraudulent conduct, plaintiff has been damaged in the amount of $2 million.

## As and for a Second Cause of Action

25.     Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 24 hereof with the same force and effect as if herein set forth at length.

26.     The use by defendants of plaintiff's name and personality for advertising purposes and for purposes of trade was without the consent, written or oral, of plaintiff or anyone authorized by him to give such consent, was entirely unauthorized, and constitutes a violation of Section 50 of the Civil Rights Law of the State of New York.

4

27.     Defendants have failed and refused to cease the use of plaintiff Frank

Frazetta's name in their advertising.

28.     By reason of the premises, plaintiff has been and is greatly distressed

and humiliated, has been exposed to public ridicule and contempt; and the plaintiff

has been greatly injured in his reputation and plaintiff has been otherwise greatly

injured; and the defendant has been unjustly enriched by unlawful use of the

plaintiff's name and reputation as an artist.

29.     By reason of the foregoing, plaintiff has sustained damages in the

amount of $2 million.

### As and for a Third Cause of Action

30.     Plaintiff FRANK FRAZETTA repeats and realleges each and every

allegation contained in paragraphs 1 through 29 hereof with the same force and

effect as if herein set forth at length.

31.     If defendants are permitted to continue to use plaintiff Frank Frazetta's

name and personality in connection with the manufacture, distribution, advertising,

promotion and sale of the book, plaintiff Frank Frazetta will be irreparably damaged

in a manner and to an extent not compensable in money damages, and plaintiff

Frank Frazetta has no adequate remedy at law.

32.     Defendants have acted knowingly, willfully and in bad faith.

5

33.   By reason of the foregoing and pursuant to <u>Section 51 of the Civil
Rights Law of the State of New York</u>, plaintiff Frank Frazetta demands that
defendants be permanently and forever enjoined and restrained from using his name
or any part thereof in the manufacture, distribution, promotion or sale of the
aforesaid book or any other item.

### As and for a Fourth Cause of Action

34.   Plaintiff FRANK FRAZETTA repeats and realleges each and every
allegation contained in paragraphs 1 through 33 hereof with the same force and
effect as if herein set forth at length.

35.   Defendants have published false and defamatory statements of fact
concerning Plaintiff with the intent to injure Plaintiff in his business, trade or
profession, and with ill will, knowledge of falsity, and reckless disregard for the
truth.

36.   The Defendants' statements have impugned the basic integrity of
Plaintiff and his business.

37.   As a result of the foregoing, Plaintiff has incurred damages in the
amount of $2 million.

### As and for a Fifth Cause of Action

38.   Plaintiff FRANK FRAZETTA repeats and realleges each and every
allegation contained in paragraphs 1 through 37 hereof with the same force and
effect as if herein set forth at length.

6

39. Plaintiff has contracts with publishers, including but not limited to
Frazetta Prints, Underwood Publishing and Spectrum.

40. Defendants knew or should have known of the contracts between
Plaintiff and publishers, especially in light of the facts that books, including, Rough
Works, was published on or about January, 2008, and new editions of Icon,
Legacy and Testament were published on or about April 27, 2008. These books
feature art by Frank Frazetta. It is believed that the book will feature art from these
books for which consent has never been obtained.

41. Defendants, intentionally, by way of fraud, misrepresentation, and
deceit, improperly interfered in Plaintiff's contracts as cited herein.

42. The interference with said contracts, which Defendants did cause, has
resulted in financial damage to Plaintiff herein, including, *inter alia*, attorney fees,
lost profits and harm to reputation in an amount to be determined at trial.

### As and for a Sixth Cause of Action

43. Plaintiff FRANK FRAZETTA repeats and realleges each and every
allegation contained in paragraphs 1 through 42 hereof with the same force and
effect as if herein set forth at length.

44. At all relevant times, Defendant was aware of the business relations
between Plaintiff, his publisher, admirers, fans, artists, customers and potential
customers.

7

Case 8:22-cv-00581-WFJ-AEP Document 87-7 Filed 11/01/23 Page 39 of 44 PageID
495
Case 8:08-cv-00670-RJH Document 1-7 Filed 09/16/08 Page 39 of 44

45. Despite such knowledge, Defendant purposely, wrongfully and/or unlawfully interfered with Plaintiff's business relations, by, for example, intentionally making false statements attributed to Plaintiff and using Plaintiff's talents and works for defendants' own purposes.

46. By reason of the premises, plaintiff has been and is greatly distressed and humiliated, has been exposed to public ridicule and contempt; and the plaintiff has been greatly injured in his reputation and plaintiff has been otherwise greatly injured; and the defendant has been unjustly enriched by unlawful use of the plaintiff's name and reputation as an artist.

47. By reason of the foregoing, plaintiff has sustained damages in the amount of $2 million.

### As and for a Seventh Cause of Action

48. Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 47 hereof with the same force and effect as if herein set forth at length.

49. Due to the foregoing, defendants have committed Prima *Facie* torts, thus damaging plaintiff in the amount of $2 million.

WHEREFORE, plaintiff demands,

1. An order permanently enjoining defendant from using the name, image or likeness or any reference to Frank Frazetta;

2. Compensatory damages of *$2,000,000*;

3. Exemplary damages of *$500,000*;

8

4.   Other damages to be proven at trial;

5.   Requiring defendants to account to plaintiff for all proceeds derived from their wrongful conduct; and

6.   Such other and further relief as to the Court may seem just and proper under all the circumstances, including, but not limited to, plaintiff's costs and attorney's fees in this action.

Dated:   New York, New York
         July 4, 2008

The Law Office of Tedd Kessler, PC.
Attorneys for Plaintiff
302 Fifth Ave. - 8th floor
New York, N.Y. 10001
(212) 477-3200

c:\tkdata\fritz vanguard\vanguardcomplaint final.doc

9

Order No. 5105
BLUMBERG, INC.
NYC 10013
© P.C.W.

# Frazetta: The Definitive Reference



*\* The most comprehensive index of the artist's work ever published!*

*\* Commentary by top Frazetta experts and collectors.*

*\* Dozens of rare images, including Conan, Tarzan, John Carter of Mars, more!*

*\* Fantastic reference for artists, great entertainment for fans.*

The work of Frank Frazetta--THE greatest heroic-fantasy artist of all time--has influenced generations of artists, fans, designers, and movie directors. Now more than 800 of his unforgettable images have been collected in Frazetta, a tribute to this great visionary.

With essays by experts and collectors, this one-of-a-kind volume traces the entire arc of Frazettas career. From his early 1950s comics; to his breathtaking book covers featuring Tarzan, Pellucidar, King Kong, and John Carter of Mars; to his 1960s monster mags, including *Creepy, Eerie,* and *Vampirella;* to his major movie posters, including *After the Fox, The Night They Raided Minsky's* and *Whats New Pussycat?;* and, of course, his revolutionary Conan paintings--its all here. Endorsed by the artist, *Frazetta - The Definitive Reference* overflows with fantastic images, an index of every published Frazetta work and insightful commentary on this fantasy-art icon.

by James A. Bond
Dr. David Winiewicz

Compiled by James A. Bond (no relation to the international spy) is a lifetime collector of Frank Frazettas zwork. He lives in Toledo, Ohio.

Edited by J. David Spurlock, an artist and historian, has written and edited many books on fantasy art and pop culture. He lives in Clinton, NJ.

Andrew Steven is a specialty-clothing designer and renowned art collector who lives in New York City.

Dr. David Winiewicz, a noted scholar and collector of the works of Frank Frazetta, and close personal friend of the artist. He lives in Las Vegas.

---

**DELUXE Limited Edition
Slipcased Hardcover**
- 978-1934331-10-1
- 200 pages
- More than 400 color illustrations

**Hardcover Edition**
- 978-1-934331-09-5
- 200 pages
- More than 400 color illustrations

**Softcover Edition**
- ISBN-13: 978-1934331-08-8
- 200 pages
- More than 400 color illustrations

| o More than 400 black-and-white illustrations | • More than 400 black-and-white illustrations | • More than 400 black-and-white illustrations |
|---|---|---|
| o $59.95 (+ $6.95 U.S. S/H) | • $39.95/$49.95 CN (+ $6.95 U.S. S/H) | • $29.95 (+ $6.95 U.S. S/H) |

Hardcover ships July 2008. Deluxe and Softcover editions ship August, 2008

Fill out the ORDER FORM and send with payment to:

**Vanguard Productions**
**186 Center Street Suite 200**
**Clinton, NJ 08809**

Email Vanguard Productions

| Vanguard Home Page |

Copyright © 2008 Vanguard Productions. All rights reserved.



**Since 1979**

Home | Log in | My Account          (not logged in)          Shopping Cart

    

Search

[ Search ]

New Items Only
Search Descriptions
<Advance Search>

**Choose your Section**

**Pre-Order Items**
Westfield Picks
Specials
1st Issues & Zeros
WoW Catalog (MAY08)
- Catalogs
- DC
- Marvel
- Dark Horse
- D.E.
- IDW
- Image Comics
- Other Comics Pub.
- Anime/Manga
- Magazines
- Books
- Cool Stuff
DC Comics
Marvel Comics
Dark Horse
Image Comics
Dynamite Ent
IDW Publ.
Tokyopop
Viz
Other Comics
Anime/Manga
Books/Mags
2009 Calendars
Collectibles/Toys
TV/Movie Properties
DVD & Audio
Young Readers
For Girls to Grrlz
Adults
All Pre-Order Product

**Back Issue Comics**

**Graphic Novels, Manga, Books**

**DVDs**

**Toys**

**Other**

**Supplies**

Home :: Pre-Order Items :: WoW Catalog (MAY08)

PREVIOUS      PRODUCT LIST      NEXT


<click for larger view>

**Frazetta: Definitive Reference**

HC

SRP: ~~39.95~~

Your Price: 39.00

TO CART

**Creators:** by James A. Bond and Dr. David Winiewicz

**Description:** Enter the world of Frank Frazetta with more than 800 illustrations! This is the most complete index of Frazetta artwork ever compiled, with commentary by top Frazetta experts, and dozens of rare images, including Conan, Tarzan, John Carter of Mars, and more! A fantastic reference for collectors and artists, it's also great entertainment for fans! The Definitive Reference also features essays and illustrated data that reflects on his early 1950s comics, his 1960s monster mags, Creepy, Eerie, Vampirella, his major movie posters, and his revolutionary Conan paintings. Endorsed by Frazetta himself! Available in a Standard Hardcover edition, as well as a Deluxe Limited Slipcased Hardcover edition.

| | |
|---|---|
| **Pages:** | 200 |
| **Size:** | 8x11 |
| **Format:** | Hardcover |
| **Publisher:** | Vanguard Productions |
| **Release Date:** | 2008-06-25 |
| **Color:** | Partial Color |
| **Item Number:** | APR084163 |

MAY 08
PRE-ORDER ITEMS
NOW AVAILABLE

GET OUR
MONTHLY CATALOG
FREE
<CLICK HERE>


FREE SHIPPING !!
ON ELIGIBLE ORDERS


BONUS DISCOUNTS



Shopping Cart
No Items
$0.00
Check Out

Most Popular Items:
WoW Catalog
(MAY08)

Secret Invasion #4
Final Crisis #3
Justice Society o...
Astonishing X-Men...
Batman #679
Justice League of...
Mighty Avengers #16
New Avengers #43
Thor #10
Detective Comics ...
Captain America #40
Green Lantern #33
Fantastic Four #559
Wolverine #67
Uncanny X-Men #500
X-Men: Legacy #214
Amazing Spider-Ma...
Amazing Spider-Ma...

Features & Interviews

New: KC: Con Stories 1

REGISTER NEW USER   LOGIN   HELP   ABOUT   CONTACT   HOME

# kringle's place

## categories

APPAREL   ARTWORK   CARDS   COMICS   GAMES   GRAPHIC NOVELS   MANGA   MORE   STATUES   TOYS   VIDEOS

WELCOME TO KRINGLE'S PLACE ONLINE. KRINGLE'S PLACE IS THE COMICS AND GAMING HQ FOR FLETCHER, HENDERSONVILLE AND GREATER ASHEVILLE, NORTH CAROLINA. COME BY FOR A CO



### keyword search

Go

ALL ITEMS
ALL CATEGORIES
◉ TITLE
◯ TITLE & DESCRIPTION

### coming soon

NEW THIS WEEK

### brands

VANGUARD

### genres

VIEW ALL GENRES

### collections

VIEW ALL COLLECTIONS

### sign up now

home > all items > vanguard > item details

NEW THIS WEEK          COMING SOON          IN STOCK NOW

### item details

**FRAZETTA DEFINITIVE REFERENCE HARDCOVER**

BY VANGUARD

by James A. Bond and Dr. David Winiewicz Enter the world of Frank Frazetta with more than 800 illustrations! This is the most complete index of Frazetta artwork ever compiled, with commentary by top Frazetta experts, and dozens of rare images, including Conan, Tarzan, John Carter of Mars, and more! A fantastic reference for collectors and artists, it's also great entertainment for fans! The Definitive Reference also features essays and illustrated data that reflects on his early 1950s comics, his 1960s monster mags, Creepy, Eerie, Vampirella, his major movie posters, and his revolutionary Conan paintings. Endorsed by Frazetta himself! Available in a Standard Hardcover edition, as well as a Deluxe Limited Slipcased Hardcover edition.

SHIPS 6/25/2008

OUR PRICE: $35.95

VIEW JUMBO IMAGE
VANGUARD
ORDER NOW

### related items

NOW SHOWING ITEMS 1 TO 2 OF 2

1-2

**FRAZETTA DEFINITIVE REFERENCE**
VANGUARD
ORDER NOW
LEARN MORE
OUR PRICE: $35.95

**FRAZETTA DEFINITIVE REFERENCE PX**
VANGUARD
ORDER NOW
LEARN MORE
OUR PRICE: $52.95

1-2

ALL ITEMS
PREVIEWS ITEMS
BACK ISSUES & MORE

### events

FRIDAY NIGHT MAGIC
SATURDAY NIGHT WARCRAFT
SATURDAY YUGIOH LEAGUE
SUNDAY YU-GI-OH

### news

WARCRAFT

### reviews

SINESTRO WARS

### store hours

MONDAY 11AM - 7PM
TUESDAY 11AM - 7PM
WEDNESDAY 11AM - 7PM
THURSDAY 11AM - 7PM
FRIDAY 11AM - 11PM
SATURDAY 11AM - 9PM
SUNDAY NOON- 6PM

### store info

4020 HENDERSONVILLE ROAD
HIGHWAY 25, SUITE G
FLETCHER, NC 28732
PHONE: (828)684-9514

### we accept

VISA   AMEX   DISC

SAVE UP TO 10 % OFF

COPYRIGHT AND TRADEMARK 2006 POPSHOP ONLINE COMIC BOOK STORE NETWORK