UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION
CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA,
AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, AND
JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

### DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION FOR ENLARGEMENT OF TIME (TO FILE AFFIDAVIT)

Defendants VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK respond to Plaintiffs' Motion [DIN 91] as follows:

1. At this point, an affidavit from Plaintiffs is pointless unless a deposit copy of the application for registration of copyright certification for *Death Dealer II* is produced so Defendants may see exactly what image Plaintiffs are claiming was infringed.

2. Of the three images initially claimed, *Death Dealer VI* was not reproduced.

3. The second image, *Death Dealer V,* differs so significantly from Plaintiffs image to the *Death Dealer V* image reproduced in "*Frazetta Book Cover Art - Definitive Reference,*" rendering this claim also null. (Compare DIN 83-1, p. 3 (screenshots of *Death Dealer V* sold online) to the Book, p. 138); and DIN 87 (Affidavit of JD Spurlock, ¶¶ 48-49) and (DIN 87-5, *Death Dealer V* comparison).

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

4. As to the third, *Death Dealer II*, Plaintiffs may be wasting the Court's time again by claiming to own an image very unlike the image reproduced in Defendants' Book, as stated in Mr. Spurlock's affidavit:

> Additionally, Frank Frazetta was well known to have painted over his original works. The historic artifact book cover published in 1990 as reproduced in Defendants' Book is very unlikely to be the same *Death Dealer V* allegedly copyright registered for the first time in 2009 by Frazetta Properties. (See, Ex. 4 and Ex. 5)
>
> Plaintiffs' failure to specifically identify any registered image leaves their claim vague and unproven, indicating the copyrighted image purporting to be *Death Dealer V* is a repaint, not the original painting used by the publisher of the long out-of-print book presented as a historic artifact in Defendant's Book.

DIN 87, Affidavit JD Spurlock, ¶¶ 48-49, citing DIN 87-4, 87-5

5. Plaintiffs' failure to provide the exact image to which they claim copyright ownership has rendered this entire litigation pointless and a waste of the Court's time and resources, as well as causing Defendants to incur a considerable expense in attorney fees and the cost of mediation.

6. Plaintiffs have habitually requested extensions of time, flouted the Court's Order [25] compelling production of copyright certificates for approximately six months, have engaged in prolonged ad hominem attacks bearing no relevance to this matter, and their practice of waiting until the last-minute has obliged the undersigned to draft and prepare the case management scheduling order and pre-trial statement during the pendency of this matter.

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

WHEREFORE, Defendants respectfully request this Honorable Court grant summary judgment in Defendants' favor or stay the matter until Plaintiffs produce a certified deposit copy to the United States Copyright Office to at least bear their initial burden of proof.

DATED: NOVEMBER 2, 2023

Respectfully submitted,

/s/: *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
LAW OFFICE OF LEIGH M. WILLIAMS, PLLC
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
          Leigh@williamslegal.org
Tel. No.:  210 209-3030
           432 901-2141
*Attorney for Defendants*