UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, and FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, and J. DAVID SPURLOCK,

    *Defendants.*

_____/

## AFFIDAVIT OF J. DAVID SPURLOCK IN REBUTTAL TO THE AFFIDAVIT OF JOE WEBER

I, J. DAVID SPURLOCK, individually and as sole proprietor of VANGUARD PRODUCTIONS, LLC ("VANGUARD"), do hereby depose and state as follows:

1. The statements contained in this affidavit are made from personal knowledge.

2. I address the following issues attested to in the Affidavit of Joe Weber [DIN 94], which affidavit Mr. Weber made as the corporate designee of FRAZETTA PROPERTIES, LLC, authorized to make statements on their behalf.

3. Since 2020, Mr. Weber has served as the manager of Frazetta Girls, LLC ("Frazetta Girls"), a Florida business that publicly claims copyright ownership of the *Death Dealer II* and *Death Dealer V* images. (See, Ex. 1, Frazetta Girls' annual reports to the Fla. Secretary of State).

*Frazetta Properties, LLC, et al. v. Vanguard Productions, LLC & Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

4. Mr. Weber acknowledges that the *Frazetta Endorsement & Trademark License Agreement*, Part B of the parties' 2010 Settlement Agreement, provides Vanguard and J. David Spurlock with authority to reissue versions of the *Frazetta Definitive Reference* in perpetuity, as follows:

> 4. LIST OF FRAZETTA BOOKS TO BE PUBLISHED UNDER THIS AGREEMENT
>
> A. One (1) book entitled *"The Definitive Frazetta Reference"* by James Bond and David Winiewicz, Ph.D. (which has been previously published by Licensee). *No royalties or sales reports are due Licensor or the artist Frank Frazetta on this title. Licensee has the right to update, revise text, replace images, re-design and publish this FRAZETTA Book as Licensee sees fit.* Artist Frank Frazetta agrees, health permitting, to autograph the FRAZETTA Books for Licensee at a flat-fee rate of $100.00 per signature if Licensee requests, such autographing. An address for Licensor's website will be listed, as designated by Licensor, in the FRAZETTA Books.

[See, DIN 87-2, p. 18/23 (emphasis added)]

5. The term of Section 4 is set forth in Section 2, providing as follows:

> 2. TERM. This Agreement shall be effective as of the date hereof, is valid in perpetuity and shall not expire, except through Licensees breach of this Agreement, including any breach by anyone for which Licensee is responsible, which breach continues uncured for 45 days after written notice of breach from Licensor. The provisions of Sections 7 and 8 shall survive any termination of this Agreement.

[See, DIN 87-2, p. 18/23]

*Frazetta Properties, LLC, et al. v. Vanguard Productions, LLC & Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

6. Mr. Weber mistakenly asserts in paragraphs 12 and 14 of his Affidavit:

> *Frazetta Properties never acknowledged the "Definitive Reference" book as fair use, but rather something that could be revised without royalty.*

7. "*No payment of royalties*" are expected because reproduction of images in reference books *is* deemed fair use and the parties agreed that Vanguard could re-issue the *Frazetta Definitive Reference*.

8. The 2010 Settlement Agreement entered into by and between Frank Frazetta, Frazetta Properties, LLC[1], and me, individually and on behalf of Vanguard Productions, incorporates two sub-agreements, one of which provides certain rights to publish and re-issue the *Frazetta Definitive Reference* book.

9. Sub-Agreement B, *Frazetta Endorsement and Trademark License Agreement,* provides Vanguard rights to issue books under a newly created brand called "*Vanguard Frazetta Classics,*" in support of our collections of Frazetta public domain material and the *Frazetta Definitive Reference*, which met Frank's, Ellie's, and Frazetta Properties' royalty-free "fair use" standards. (See, DIN 87-2; 2010 Settlement Agreement).

10. Sub-agreement A provides that Vanguard will pay Frazetta Properties normal 10% royalties on new books filled primarily with art to which Frazetta had firm copyright claims ("*2-Book Publishing Agreement*"), with a 15-year term of 1st-option rights on books beyond the two initial *Sketchbook*s.

---

[1] Owned by *Frank Frazetta Revocable Trust* to hold Frazetta's tangible and intangible assets and to conduct business.

*Frazetta Properties, LLC, et al. v. Vanguard Productions, LLC & Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

11. Mr. Weber does not seem to understand the publishing industry or the purpose or format of a reference work on art in concluding:

> *The subject matter of the 2010 Definitive Reference book is primarily as an index of text and information, not an art book of images as the 2022 Book Cover Art book is.*

12. The first edition of the *Frazetta Definitive Reference* contains <u>400 images of every Frazetta work published</u> in addition to commentary and a foreword by a well-known expert on Frank Frazetta's life and work.

13. The *Frazetta Definitive Reference* is not an art book such as Taschen's *Masterpieces of Fantasy Art* and their recently published *The Fantastic Worlds of Frank Frazetta,* which <u>reproduces images of *Death Dealer II* and *Death Dealer V* credited as copyrighted by Frazetta Girls, LLC</u>. (See, Ex. 2, photos, Taschen's *Masterpieces of Fantasy Art* and *Fantastic Worlds of Frank Frazetta,* copyright Frazetta Girls).

14. The newly re-issued Frazetta Definitive Reference focuses on Frazetta's book cover art. After a book has been issued or published in one format, publishers, including Taschen, often release revised, updated, and/or different size versions. For instance, Taschen currently taking orders on a small (6" x 8.5") $30 2024 version of the $200 approximately 11" x 16" *The Fantastic Worlds of Frank Frazetta*, advertised as the 40th Edition. The author credit on the 2020 and 2024 editions list editor Dian Hanson. The original edition published 40 years ago credited Eckart Eackmann and featured different cover art. (See, Ex. 3).

*Frazetta Properties, LLC, et al. v. Vanguard Productions, LLC & Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

15. The practice of publishers to issue later editions as updated, revised, and/or with different credits, covers, and ISBN numbers, is common/standard in the industry.

16. Mr. Weber's conclusion that Vanguard must ask Frazetta Properties before re-issuing the *Frazetta Definitive Reference* (Affidavit Weber, ¶¶ 16 and 19) is belied by the parties' written agreement. Thirteen years ago, Frazetta Properties provided Vanguard the right to reissue the *Frazetta Definitive Reference* in perpetuity; "*No royalties or sales reports are due Licensor or the artist Frank Frazetta on this title. Licensee has the right to update, revise text, replace images, re-design and publish this FRAZETTA Book as Licensee sees fit.*" [See, DIN 87-2, p. 18/23 (emphasis added); and Ex. 4]

17. Mr. Weber's assertion in paragraph 17 is baseless. I never received any cease-and-desist letter from Mr. Merritt prior to this suit. No attempt to contact me was made at all. I would gladly have referred them to sub-part B of our 2010 Settlement Agreement.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on November 8, 2023

/s/: J. DAVID SPURLOCK
Individually, and as sole member of
VANGUARD PRODUCTIONS, LLC