UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, AND JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

### AFFIDAVIT OF JOSEPH WEBER IN OPPOSITION TO AFFIDAVIT OF DEFENDANT SPURLOCK

Joseph Weber, in his capacity as the corporate designee of Frazetta Properties, LLC and in his capacity as providing his expertise as consultant to the Plaintiffs.

I, JOSEPH WEBER, being duly sworn, hereby depose and say:

1. To my knowledge, all of the facts stated in this affidavit are true and correct.

2. I am competent to make this affidavit and I have personal knowledge of the facts stated in it, including case law referenced in it.

3. Unless otherwise herein all references to Mr. Frazetta made by Affiant are to Mr. Frazetta, Sr. and not to Mr. Frazetta, Jr.

4. In paragraph 4 of Mr. Spurlock's Affidavit and throughout it, Mr. Spurlock claims the images reproduced are historical artifacts, but they are not

historical artifacts for reasons identical to that used in the <u>Graham v. Prince</u> No. 15-CV-10160 (SHS), 2023 U.S. Dist. LEXIS 83267, at *65-66 (S.D.N.Y. May 11, 2023).

> "However, defendants fail to recognize a key distinguishing fact. In *Bill Graham*, the plaintiff was challenging the defendant's inclusion of its copyrighted posters in the book. The dispute was not centered on the posters themselves, but rather the defendant's use of the posters in the commemorative book.
>
> Here, by contrast, *Portrait of Rastajay92* and *Portrait of Kim Gordon* are the subject of [*66] the copyright infringement claim and do not constitute fair use as a matter of law. Thus, the ancillary works that include Prince's portraits in their entirety cannot pass as fair use, regardless of the transformative, historical purpose that defendants urge."
>
> <u>Graham v. Prince</u>, No. 15-CV-10160 (SHS), 2023 U.S. Dist. LEXIS 83267, at *65-66 (S.D.N.Y. May 11, 2023).[1]

5.  Also in Paragraph 4, Mr. Spurlock intentionally dissembles in his affidavit, writing "a book cover, in the Book **is distinctly different from the image** entitled Death Dealer V, sold as poster art by Frazetta Girls, LLC," because Mr. Spurlock knows the images identified in the Complaint are of Copyright Act protected paintings.

6.  On a Wikipedia page describing Mr. Spurlock, Mr. Spurlock created and edited it several times, Mr. Spurlock is described as follows.

> **Jess David Spurlock** (born November 18, 1959) is an author, illustrator, editor, and <u>**artist's-rights advocate**</u> (emphasis added) best known as the founder of **Vanguard Productions**, a publisher of art books, graphic novels, and prints.
> Citation to Wikipedia.
> https://en.wikipedia.org/wiki/J._David_Spurlock#:~:text=Jess%20David%20Spurlock%20(born%20November%2018%2C%201959)%20is%20an%20author%2C%20illustrator%2C%20editor%2C%20and%20artist%27s%2Drights%20advocate%20best%20known%20as%20the%20founder%20of%20Vanguard%

---

[1] I have read all cases cited and understand the portions referenced.

20Productions%2C%20a%20publisher%20of%20art%20books%2C%20graphic%20novels%2C%20and%20prints.

7. Mr. Spurlock's edits to the page can be found by visiting the page and the edits he made using his username, vanguardpub (he uses that within his email address, vanguardpub@XXXXXXX.XXX. <u>See</u> Exhibit 1, list of edits made by Vanguardpub tracked by and taken from Wikipedia.

8. In paragraph 6, Mr. Spurlock states "the following timeline of events illustrates my long friendship and working relationship with Frank Frazetta," Mr. Spurlock fails to identify which of the non-parties, Frank Frazetta, Jr., with whom he has recently collaborated with to publish books or the late Frank Frazetta, Sr., which is relevant to this matter.

9. Mr. Frazetta, Sr. filed suit against Mr. Spurlock in United States District Court for the Southern District of New York, Case No. 08-CV-6670.

10. The lawsuit settled with payment of $80,000.00 from Spurlock/Vanguard to Mr. Frazetta, Senior. <u>See</u> Exhibit 2, page 1, paragraph 1, Settlement Agreement.

11. The parties also entered into Frazetta 2-Book Publishing Agreement. See 2 Book Publishing Agreement attached as Exhibit 3.

12. Defendants were not given a contractual right to publish anything they wanted since the Frazetta Endorsement & Trademark License Agreement provided as follows.

> 4. A. **One (1) book entitled "The *Definitive Frazetta Reference"* by James Bond and David Winiewicz, Ph.D.** (emphasis added) (which

has been previously published by Licensee). No royalties or sales reports are due Licensor or the artist Frank Frazetta on this title. **Licensee has the right to update, revise text, replace images, re-design and publish this FRAZETTA Book as Licensee sees fit.** (emphasis added) Artist Frank Frazetta agrees, health permitting, to autograph the FRAZETTA Books for Licensee at a flat-fee rate of $100.00 per signature if Licensee requests such autographing. An address for Licensor's website will be listed, as designated by Licensor, in the FRAZETTA Books.

See Exhibit 4, paragraph 4A, page 2, Frazetta Endorsement and Licensing Agreement.

13. Defendants were not given the right to create a series of books, but only to publish one book and it was to have included the title **The *Definitive Frazetta Reference"* by James Bond and David Winiewicz, Ph.D.** and **Licensee has the right to update, revise text, replace images, re-design and publish this FRAZETTA Book as Licensee sees fit.**

14. The Defendants were not given the right to change the title and create an entirely new and different book, but Defendants created an entirely new book.

15. Paragraphs 6 through 27 are filled with errors, intentional or otherwise, have no supporting documentation, and, most importantly are irrelevant to for the Defendants' Motion for Summary Judgment and the case before the Court.

16. Paragraphs 28 through 40 are equally error filled, lack support and are irrelevant to the Defendants' Motion for Summary Judgment and this case.

17. Paragraph 41 states a legal conclusion that Mr. Spurlock's opinion is irrelevant, as he offered no proof that he has been recognized as an expert witness on the Copyright Act.

3

18. In paragraph 42, Defendant's statement that "On newly authored books, the copyright tended to be on the text and went to the author with no mention/inclusion of cover art." This is unsupported by any documentation and Mr. Spurlock's opinion is irrelevant.

19. Paragraph 43 stated that "Most of the book publishers either simply acknowledged existing copyrights on the licensed text in the nearly printed book or, if new registrations were filed, they tended to cite the already registered licensed story text and only claimed new coverage on forwards, additions, and/or edits/changes against with no art mention/inclusion listed in registration materials and/or no required copyright notice published on the product specific to the cover art." This lacks any support and amounts to an opinion and would not be admissible in court.

20. The two paperback books for Death Dealer, Plague of Knives and Prisoner of the Horned Helmet, show inside that the book cover art as owned by Frank Frazetta. See Exhibit 5.

21. Paragraphs 44 and 45 are irrelevant to the case.

22. Paragraph 46 is false opinion and is contradicted by the registrations previously provided to by the Plaintiffs.

23. Paragraph 47 is an opinion and not fact that would be admissible in court, lacks support, and is irrelevant to the case. Moreover, the ownership of the Copyrights has been established in documents attached to prior Plaintiffs' filings.

24. Paragraphs 48 and 49 are incorrect opinions and, even if true, the works be derivative created by Mr. Frazetta that also would be protected by the Copyright Act.

25. Paragraph 50 is contracted by the Sarasota County Circuit Court case in whic Defendants sued Frazetta Properties claiming the agreements had been terminated.

26. Paragraph 51 is false and irrelevant, Mr. Spurlock states that "Ellie Frazetta, the artist's wife and business manager, personally supervised Vanguard's original Frazetta Definitive Reference to meet and satisfy her definition of legal "fair use" pertaining to a reference book." This is false and the Courts do not recognize Ellie Frazetta's definition of legal "fair use" or that of any other individual, including Mr. Spurlock.

27. Paragraph 52 is false. As stated above in Paragraph 12 and 13, Defendants were given the right to update one book only.

28. Paragraph 53 lacks support of any kind and is irrelevant.

29. Paragraphs 54 to 62 lacks support of any kind and is irrelevant to this case.

30. Paragraphs 63 and 64 are irrelevant as any library can acquire any book or receive a donation by the author of any book and add it to its collection.

I declare, certify, and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed on November 15, 2023.

_____
Joseph Weber

As Consultant and Corporate Designee of Frazetta Properties, LLC and Consultant to Holly Frazetta And Heidi Frazetta

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing Plaintiffs' Affidavit in Rebuttal to the Affidavit of David Spurlock was served on Defendants' attorney, Leigh M. Williams, Esq., on November 15, 2023, via CM/ECF.

MERRITT LAW PA

/s/ Jack W. Merritt
Jack W. Merritt, Esq.
FBN: 0052248
690 South Tamiami Trail
Osprey, FL 34229

Attorney for Plaintiffs