UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, and FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK,

    *Defendants.*

_____/

## DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWERS

Defendants VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK ("VANGUARD" and "SPURLOCK"), pursuant to Fed. R. Civ. P. 15, request leave to file an amended Answer, and in support, would show as follows:

### I.    Paragraphs 22, 54, and 62 of Defendants' Answers Alleged the Existence of a Prior Written Agreement

1. Defendants' proposed Amended Answer would include affirmative defenses referred to in paragraphs 22, 54, and 62 of their original Answers [DIN 14, DIN 15], stating the existence of the *Frazetta Endorsement and Trademark License Agreement.*

2. Defendants' proposed Amended Answer would drop two affirmative defenses no longer applicable, and add five affirmative defenses referring to the Parties' *Frazetta Endorsement and Trademark License Agreement* as follows:

*Holly J. Frazetta, et al. v. Vanguard Productions, LLC et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

**First Affirmative Defense** <u>Plaintiffs Holly Frazetta and Heidi Frazetta Lack Standing</u> to bring the claims alleged against Defendants.

**Second Affirmative Defense** <u>Failure to State a Claim</u>: Plaintiffs' causes of action are barred by Plaintiffs' failure to establish Exclusive Rights in the three works alleged.

**Third Affirmative Defense** <u>Failure to State a Claim</u>: The *Death Dealer* images presented in Plaintiffs' Complaint differ significantly from the *Death Dealer II* and *Death Dealer V* images reproduced in Defendants' *Frazetta Definitive Reference.*

**Fourth Affirmative Defense** <u>Fair Use</u>: Defendants' use of the works in question, if the use occurred at all, was a legally protected fair use of the allegedly infringed works as provided under Section 107 of the 1976 Copyright Act, which contains a "fair use" defense against allegations of copyright infringement in a lawsuit, as demonstrated in *Warren Publ'g Co. v. Spurlock*, 645 F. Supp. 2d 402 (E.D. Pa. 2009).

**Fifth Affirmative Defense** <u>Invalid Copyright</u>: The alleged copyrights are invalid and/or unenforceable, and Plaintiffs' claims should be barred and their copyright registrations canceled because of defects in the registration and/or fraud on the Copyright Office.

**Sixth Affirmative Defense** <u>Plaintiffs had no ownership interest in or to any of the Copyrights</u>, if any exist, in the two original works at issue as of the date of filing the lawsuit, and as such, Plaintiffs are incapable of maintaining their claims for copyright infringement.

*Holly J. Frazetta, et al. v. Vanguard Productions, LLC et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

**Seventh Affirmative Defense** <u>Prior written agreement:</u> FRAZETTA PROPERTIES, LLC entered into a written agreement with Defendants in 2010, Sub-part B of which is entitled *Frazetta Endorsement and Trademark License Agreement* and provides Defendants with rights to publish future editions of *Frazetta Definitive Reference* in perpetuity, with unfettered rights to amend and revise the work as Defendants see fit, without notice to FRAZETTA PROPERTIES, LLC, of which entity HOLLY FRAZETTA and HEIDI FRAZETTA were and are members, Plaintiffs HOLLY FRAZETTA and HEIDI FRAZETTA, members of FRAZETTA PROPERTIES, LLC, are bound by the terms of the *Frazetta Endorsement and Trademark License Agreement*.

**Eighth Affirmative Defense** <u>Permission granted previously:</u> *Death Dealer II, Death Dealer V* and *Death Dealer VI* images were reproduced in Defendants' 2008 and 2010 editions of *Frazetta Definitive Reference* with FRAZETTA PROPERTIES, LLC's permission.

**Ninth Affirmative Defense** <u>Failure to State a Claim:</u> *Death Dealer VI* is not reproduced in the instant edition of *Frazetta Definitive Reference.*

**Tenth Affirmative Defense** <u>Failure of Condition Precedent:</u> Defendants did not receive a cease-and-desist letter prior to Plaintiffs' commencement of suit.

**Eleventh Affirmative Defense** <u>Failure to State a Claim:</u> If Plaintiffs own any copyrights to any of the works alleged, they do not own copyrights to the original versions of the works, which are the versions reproduced in Defendants' Book.

*Holly J. Frazetta, et al. v. Vanguard Productions, LLC et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

3. Rule 15 of the Federal Rules of Civil Procedure, "*Amended and Supplemental Pleadings*," provides, in pertinent part, as follows:

> a) AMENDMENTS BEFORE TRIAL.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> (3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Rule 15(a)(2), (3), Fed. R. Civ. Pro.

4. The additional affirmative defenses requested have merit and have been raised and argued in the Parties' filings in this matter.

5. Defendants also would include a demand for attorney's fees and costs pursuant to the terms of the 2010 *Frazetta Endorsement and Trademark License Agreement* in addition to the provisions of Title 17 U.S.C. §505 in the WHEREFORE clause.

6. Defendants propose to file one combined amended answer for both VANGUARD and SPURLOCK.

7. A true and complete copy of Defendants' combined proposed Amended Answer is attached hereto as an Exhibit.

*Holly J. Frazetta, et al. v. Vanguard Productions, LLC et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

## CONCLUSION

WHEREFORE, For the reasons set forth above, Defendants respectfully request this Honorable Court issue an order granting Defendants leave to file amended Answers to include the foregoing proposed affirmative defenses, and for any and all other such relief deemed appropriate by the Court in the interests of justice.

DATED:  NOVEMBER 27, 2023

Respectfully submitted,

/s/: *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
Fla. Bar No. 624543
LEIGH M. WILLIAMS LAW OFFICE, PLLC
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
Tel. No.: 210 209-3030
*Attorney for Vanguard Productions, LLC and*
*J. David Spurlock*