UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, and FRAZETTA PROPERTIES, LLC,

   *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK,

   *Defendants.*

_____/

## VANGUARD PRODUCTIONS, LLC AND J. DAVID SPURLOCK'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT

COMES NOW, VANGUARD PRODUCTIONS, LLC ("VANGUARD"), and J. DAVID SPURLOCK ("SPURLOCK") (collectively "Defendants"), and file their combined Amended Answer and Affirmative Defenses to Plaintiffs' Verified Complaint as follows:

### PRELIMINARY STATEMENT

1. Denied, and Defendants would put Plaintiffs to strict proof that any infringement under the Copyright Act of 1976 occurred or will occur in this matter.

2. Denied as to all allegations. Defendants deny that the Copyright Act of 1976 governs in this matter.

3. Denied, and Defendants would put Plaintiffs to strict proof.

4. Denied. The book in question is a reference work of book covers.

5. Denied; the Book in question is a reference work consisting of book covers entitled "*Frazetta Book Cover Art: The Definitive Reference.*"

6. Denied.

7. Denied. Defendants received no letter, nor did Defendants' attorney.

8. Denied.

9. Denied that the Book infringes on any copyright.

10. Denied; the use of two of the images in question is in the context of actual book covers, not simply the artwork of Frank Frazetta, and any use in the reference book is fair use, not copyright infringement.

11. Denied.

12. Denied in its entirety.

13. Denied that Plaintiffs have any rights to protect or that Defendants infringed upon any alleged right.

## JURISDICTION AND VENUE

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

21. Denied as to all allegations.

22. Denied in its entirety. Plaintiffs have produced no copyright registration certificates (required by statute on pre-1978 works) to support a claim on any image included in Defendants' Book other than *Death Dealer II* and *Death Dealer V* (*Death Dealer VI* does not appear in the Book). These images appear as fair use under the Copyright Act and supported by Vanguard's noted win in *Warren Publ'g Co. v. Spurlock*, 645 F. Supp. 2d 402 (E.D. Pa. 2009). The new book is in keeping with Vanguard's prior *Frazetta Definitive Reference* book which Defendants have recognized for over a decade as fair use, as evidenced by their not demanding reports or royalties thereon.

## FACTUAL ALLEGATIONS

23. Denied in its entirety; Sara Taylor, of Frazetta Girls, LLC, approached Defendant and requested Defendants produce a coloring book of Frank Frazetta's artwork. Denied that Dark Kingdom was a planned cover.

24. Denied in its entirety; see answer to paragraph 23.

25. Admitted; the claim for breach of oral contract named Frazetta Girls, LLC, Sara Taylor, and HOLLY FRAZETTA, as a result of Sara Taylor's rejection of the project after Defendants completed the project but Ms. Taylor wanted to get an "unknown artist" to "trace the artwork," which would made the project an ersatz Frazetta book, one that would cheapen Defendants' Frank Frazetta branding agreement with FRAZETTA PROPERTIES, LLC.

26. Admitted.

27. Denied in its entirety.

28. Denied in its entirety. At no time was this image considered for use as a cover for the parties' agreed-upon coloring book, let alone the design alleged herein. This allegation is a total fabrication.

29. Denied in its entirety. This allegation is a total fabrication.

30. Denied, and Defendants would put Plaintiffs to strict proof.

31. Denied, and Defendants would put Plaintiffs to strict proof.

32. Denied in its entirety; this allegation has no basis in fact.

33. Denied, and Defendants would put Plaintiffs to strict proof.

34. Denied; this allegation makes no sense and alleges copyright ownership was had in the past; Defendants would put Plaintiffs to strict proof.

35. Denied.

36. Denied.

37. Admitted as to the first allegation and Denied as to the remaining allegations.

38. Denied, this allegation alleges copyright ownership was had in the past; Defendants would put Plaintiffs to strict proof.

39. Denied as making no sense.

40. Denied, and Defendants would put Plaintiffs to strict proof.

41. Denied in its entirety, at no time have Defendants converted or stolen any purported copyrights.

42. Denied.

43. Denied.

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

## PLAINTIFFS HOLLY FRAZETTA AND HEIDI FRAZETTA

44. Admitted.

45. Denied for lack of knowledge.

46. Denied, this alleges copyright ownership in the past tense.

47. Denied; this allegation appears to accuse Defendants of theft of the actual artwork; Defendants sue Plaintiffs in state court for Plaintiffs' breaches of contract with Defendants; Defendants would put Plaintiffs to strict proof.

48. Denied.

49. Denied.

## PLAINTIFF FRAZETTA PROPERTIES, LLC

50. Admitted that FRAZETTA PROPERTIES, LLC is a Delaware limited liability company, Denied that this entity is registered with the State of Florida to conduct business in Florida.

51. Denied; this alleges that FRAZETTA PROPERTIES, LLC had copyright ownership in the past, not at the time of the filing of this complaint.

52. Denied.

53. Denied that FRAZETTA PROPERTIES has any rights to protect as alleged, and Defendants would put FRAZETTA PROPERTIES to strict proof.

## DEFENDANT JESS DAVID SPURLOCK

54. Denied; Defendants entered into an agreement with the late Frank Frazetta and FRAZETTA PROPERTIES, LLC, in 2010 to create a Frank Frazetta brand with Defendants and was granted certain exclusive rights under that agreement.

55. Denied as to the first allegation; Admitted as to the second allegation.

56. Denied in its entirety.

57. Admitted that SPURLOCK is the author of the commentary of the not- yet published book titled "*Frazetta Book Cover Art; The Definitive Referenc*e."

58. Denied.

59. Denied.

60. Denied, and Defendants would put Plaintiffs to strict proof.

### DEFEENDANT VANGUARD PRODUCTIONS, LLC

61. Admitted.

62. Admitted; Defendants entered into an agreement with the late Frank Frazetta and FRAZETTA PROPERTIES, LLC, in 2010 to create a Frank Frazetta brand of books with Defendants and was granted certain exclusive rights under that agreement.

63. Denied; VANGUARD PRODUCTIONS, LLC, an independent publisher of books featuring the work of famous comics artists, fine artists, and illustrators, has been nominated for and/or awarded the Independent Publisher Book Award (The "IPPY," annual book awards for independently published titles); Will Eisner Comic Industry Awards ("Eisner Awards," given for creative achievement in American comic books, sometimes referred to as the comics industry's equivalent of the Academy Awards); the Rondo Hatton Classic Horror Awards (the "Rondo"); The Hugo Awards, and others.

64. Denied; in 2020, VANGUARD's book "*Fantastic Paintings of Frazetta*" was an IPPY Award Gold Medal winner, a Locus Award nominee, and a Rondo nominee.

65. Denied that the book infringes on any copyright.

66. Denied, and Defendants would put Plaintiffs to strict proof.

67. Denied, and Defendants would put Plaintiffs to strict proof.

### DEFENDANTS' FAILURE TO COMPLY WITH PLAINTFFS' CEASE AND DESIST LETTER

68. Denied, and Defendants would put Plaintiffs to strict proof.

69. Admitted. No letter was sent, either by mail or email, and Defendants would put Plaintiffs to strict proof.

70. Denied; Plaintiffs never contacted Defendants or their attorney to discuss the complaint's allegations, and Defendants would put Plaintiffs to strict proof.

### PLAINTIFFS' CLAIMS
### FIRST CLAIM FOR RELIEF – TEMPORARY INJUNCTION AND PERMANENT INJUNCTION - AGAINST ALL DEFENDANTS

71  Defendants repeats each response to each numbered allegation in paragraphs 1 through 70.

72. Denied.

73. Denied.

74. Denied.

75. Denied, and Defendants would put Plaintiffs to strict proof.

76. Denied, and Defendants would put Plaintiffs to strict proof.

77. Denied; the two projects are completely unalike; the coloring book was the idea of Sara Taylor.

78. Denied, and Defendants would put Plaintiffs to strict proof.

79. Denied, and Defendants would put Plaintiffs to strict proof.

80. Denied; Defendants and Plaintiffs entered into a publishing agreement in 2010, and Defendants would put Plaintiffs to strict proof.

81. Denied, and Defendants would put Plaintiffs to strict proof.

82. Denied, and Defendants would put Plaintiffs to strict proof.

The WHEREFORE request is Denied in its entirety.

## SECOND CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT - AGAINST ALL DEFENDANTS

83. Defendants repeat each response to each numbered allegation in paragraphs 1 through 70.

84. Denied.

85. Denied.

86. Denied, and Defendants would put Plaintiffs to strict proof.

87. Denied, and Defendants would put Plaintiffs to strict proof.

88. Denied, and Defendants would put Plaintiffs to strict proof.

89. Denied, and Defendants would put Plaintiffs to strict proof.

90. The WHEREFORE request is Denied in its entirety.

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

# THIRD CLAIM FOR RELIEF
# CONTRIBUTORY COPYRIGHT INFRINGEMENT
# AGAINST ALL DEFENDANTS

91. Defendants repeat each response to each numbered allegation in paragraphs 1 through 70.

92. Denied.

93. Denied.

94. Denied, and Defendants would put Plaintiffs to strict proof.

95. Denied, and Defendants would put Plaintiffs to strict proof.

96. Denied, and Defendants would put Plaintiffs to strict proof.

97. Denied, and Defendants would put Plaintiffs to strict proof.

98. Denied, and Defendants would put Plaintiffs to strict proof.

99. The WHEREFORE request is Denied in its entirety.

# FOURTH CLAIM FOR RELIEF
# VICARIOUS COPYRIGHT INFRINGEMENT
# AGAINST ALL DEFENDANTS

100. Defendants repeat each response to each numbered allegation in paragraphs 1 through 70.

101. Denied.

102. Denied.

103. Denied, and Defendants would put Plaintiffs to strict proof.

104. Denied, and Defendants would put Plaintiffs to strict proof.

105. Denied, and Defendants would put Plaintiffs to strict proof.

106. Denied, and Defendants would put Plaintiffs to strict proof.

107. Denied, and Defendants would put Plaintiffs to strict proof.

108. The WHEREFORE request is Denied in its entirety.

## FIFTH CLAIM FOR RELIEF
## INDUCING COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

109. Defendants repeat each response to each numbered allegation in paragraphs 1 through 70.

110. Denied.

111. Denied.

112. Denied, and Defendants would put Plaintiffs to strict proof.

113. Denied, and Defendants would put Plaintiffs to strict proof.

114. Denied, and Defendants would put Plaintiffs to strict proof.

115. Denied, and Defendants would put Plaintiffs to strict proof.

116. The WHEREFORE request is Denied in its entirety

## SUMMARY OF REQUESTED RELIEF

Defendants Deny each and every relief requested by Plaintiffs in paragraphs A, B, C, D, E, F, G, H, I, and J.

## VERIFICATION

The verifications of HEIDI L. FRAZETTA and HOLLY J. FRAZETTA are contested, and Defendants would put each Plaintiff to strict proof.

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

# AFFIRMATIVE DEFENSES

### First Affirmative Defense

<u>Plaintiffs Holly Frazetta and Heidi Frazetta Lack Standing</u> to bring the claims alleged against Defendants.

### Second Affirmative Defense

<u>Failure To State a Claim</u>: Plaintiffs' causes of action are barred by Plaintiffs' failure to establish Exclusive Rights in the three works alleged.

### Third Affirmative Defense

<u>Failure to State a Claim</u>: The *Death Dealer* images presented in Plaintiffs' Complaint differ significantly from the *Death Dealer II* and *Death Dealer V* images reproduced in Defendants' *Frazetta Definitive Reference*.

### Fourth Affirmative Defense

<u>Fair Use</u>: Defendants' use of the works in question, if the use occurred at all, was a legally protected fair use of the allegedly infringed works as provided under Section 107 of the 1976 Copyright Act, which contains a "fair use" defense against allegations of copyright infringement in a lawsuit, as demonstrated in *Warren Publ'g Co. v. Spurlock*, 645 F. Supp. 2d 402 (E.D. Pa. 2009).

### Fifth Affirmative Defense

<u>Invalid Copyright</u>: The alleged copyrights are invalid and/or unenforceable, and Plaintiffs' claims should be barred and their copyright registrations canceled because of defects in the registration and/or fraud on the Copyright Office.

**Sixth Affirmative Defense**

Plaintiffs had no ownership interest in or to any of the Copyrights, if any exist, in the two original works at issue as of the date of filing the lawsuit, and as such, Plaintiffs are incapable of maintaining their claims for copyright infringement.

**Seventh Affirmative Defense**

Prior written agreement: FRAZETTA PROPERTIES, LLC entered into a written agreement with Defendants in 2010, Sub-part B of which is entitled *Frazetta Endorsement and Trademark License Agreement* and provides Defendants with rights to publish future editions of *Frazetta Definitive Reference* in perpetuity, with unfettered rights to amend and revise the work as Defendants see fit, without notice to FRAZETTA PROPERTIES, LLC, of which entity HOLLY FRAZETTA and HEIDI FRAZETTA were and are members, Plaintiffs HOLLY FRAZETTA and HEIDI FRAZETTA, members of FRAZETTA PROPERTIES, LLC, are bound by the terms of the *Frazetta Endorsement and Trademark License Agreement*.

**Eighth Affirmative Defense**

Permission granted previously: *Death Dealer II, Death Dealer V* and *Death Dealer VI* images were reproduced in Defendants' 2008 and 2010 editions of *Frazetta Definitive Reference* with FRAZETTA PROPERTIES, LLC's permission.

**Ninth Affirmative Defense**

Failure to State a Claim: *Death Dealer VI* is not reproduced in the instant edition of *Frazetta Definitive Reference.*

*Case No. 8:22-cv-00581-WFJ-AEP*
*Holly J. Frazetta, et al. v. Vanguard Productions, LLC, et al.*

## Tenth Affirmative Defense

<u>Failure of Condition Precedent</u>:  Defendants did not receive a cease-and-desist letter prior to Plaintiffs' commencement of suit.

## Eleventh Affirmative Defense

<u>Failure to State a Claim</u>:  If Plaintiffs own any copyrights to any of the works alleged, they do not own copyrights to the original versions of the works, which are the versions reproduced in Defendants' Book.

WHEREFORE, pursuant to the foregoing, Defendant requests dismissal of all claims and requests an award of its attorney fees and costs as the prevailing party under Title 17 U.S.C. §505 and/or the terms and provisions of the Parties' written agreement entitled *Frazetta Endorsement and Trademark License Agreement*.

DATED:  NOVEMBER 27, 2023

Respectfully submitted,

/s/:  _____
Leigh M. Williams, Esq.
Fla. Bar No. 624543
LEIGH M. WILLIAMS LAW OFFICE, PLLC
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
Tel. No.: 210 209-3030
*Attorney for Vanguard Productions, LLC and J. David Spurlock*