UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC AND J. DAVID SPURLOCK,

    *Defendants.*

_____/

## DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT (DISPOSITIVE)

Defendants VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK submit their second motion for summary judgment, and in support, would show as follows:

**I.   INTRODUCTION**

1. The facts presented in the Affidavit of Joe Weber [DIN 87], Affidavit of JD SPURLOCK [DIN 95], and Defendants' Statement of Undisputed Facts (or "Indisputable Facts") [DIN 96] show that Plaintiffs granted Defendants rights to publish *Frazetta Definitive Reference* in a written agreement executed in 2010.

2. A copy of the agreement, entitled *Frazetta Endorsement and Trademark License Agreement* ("*License Agreement*"), is attached to the Affidavit of Joe Weber [DIN 87] as an exhibit [DIN 87-2].

Case 8:22-cv-00581-WFJ-AEP   Document 111   Filed 12/19/23   Page 2 of 9 PageID 692

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

3. The *License Agreement,* Sub-part B of the Parties' 2010 Settlement Agreement, provides Defendants with publishing rights to *Frazetta Definitive Reference* in perpetuity, with no limits on revisions, additions, or subtractions to text, images reproduced, or graphic design presentation. [DIN 87-2, p. 18; Sec. 4 (A)].

4. SPURLOCK was publisher, co-author and co-editor of the original 2008 VANGUARD edition. Revisions made for the 2010 edition were by SPURLOCK, as are the revisions to the 2022 edition. Exhibit in evidence submitted with SPURLOCK's affidavit shows that, updating credits, including primary author credits, is not unusual and is proper. The exhibit provides as an example of this, Taschen Books' updating credits on revised editions of their *Masterpieces of Fantasy Art* book.

5. The 2008 and 2010 editions of *Frazetta Definitive Reference* contain the *Death Dealer II, Death Dealer V,* and *Death Dealer VI* images, albeit in a different context, however, license to reproduce these images was clearly granted by Plaintiffs, providing Defendants the right up revise, add, subtract, present images and text and publish as Defendants "see fit" without limitation. [DIN 87-2, p. 18; Sec. 4 (A)].

II. **PROCEDURAL HISTORY**

6. With no Cease-and-Desist notice delivered, Plaintiffs filed suit March 13, 2022, alleging under the United States Copyright Act of 1976, 17 U.S.C. § 101, *et seq*., that Defendants' reproduction of *Death Dealer II* and *Death Dealer V*[1] in *Frazetta*

---

1 The Complaint alleges reproduction of *Death Dealer VI,* but this image was not reproduced in the 2022 edition of *Frazetta Definitive Reference.*

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

*Definitive Reference* was done without permission or payment, constituting copyright infringement pursuant to 17 U.S.C. § 106. [DIN 1].

7. V̲ANGUARD̲'s Answer [DE 14] and S̲PURLOCK̲'s Answer [DE 15] were filed May 12, 2022.

8. Portions of *Death Dealer II* and *Death Dealer V*, as originally painted in 1986 and 1989, were reproduced in *Frazetta Definitive Reference* in the context of cover art used on original covers of books long out of print, and thus are historic artifacts.

### III.  L̲EGAL̲ S̲TANDARD ON̲ S̲UMMARY̲ J̲UDGMENT̲

9. Summary judgment is appropriate "if the pleadings, the discovery and disclosure material on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

10. An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, at 248.

11. Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 325 (1986).

Case 8:22-cv-00581-WFJ-AEP   Document 111   Filed 12/19/23   Page 4 of 9 PageID 694

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

12. After the moving party has met its initial burden, the adverse party must identify specific facts in the record showing a genuine issue exists for trial and cannot rest on "mere allegations or denials" in its responsive pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

13. Under Rule 56, the court must view the evidence presented on the motion in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

14. No issue for trial exists unless the non-moving party can demonstrate the existence of specific, affirmative evidence in the record such that a reasonable jury could return a verdict in its favor. *Anderson*, 477 U.S. at 249.

15. Summary judgment is appropriate if the non-moving party fails to make a factual showing "sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 324; see also, *Anderson*, 477 U.S. at 249-50, 252 (Summary judgment may be granted if evidence presented by non-movant is merely colorable or not significantly probative of the issues; a "mere scintilla" of evidence not enough to defeat summary judgment).

IV. **LEGAL STANDARD ON COPYRIGHT INFRINGEMENT CLAIMS**

   A. **Plaintiffs Lack Proof of Copyright Ownership**

16. Plaintiffs have failed to prove the first of prong, i.e., non-hearsay evidence of copyright registration certificates for the <u>original works</u> reproduced in *Frazetta Definitive Reference*.

Case 8:22-cv-00581-WFJ-AEP   Document 111   Filed 12/19/23   Page 5 of 9 PageID 695

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581-WFJ-AEP

17. Proof of registration or an application to register a copyright is required to litigate a claim of copyright infringement, and a plaintiff must identify which portions of a protected work were copied. See, e.g., *Compulife Software Inc. v. Newman*, 959 F. 3d 1288 (11th Cir. 2020) citing, *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996), quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (Plaintiffs bear the burden of proof of (i) ownership of a valid copyright and (ii) unauthorized copying of the original work's constituent elements).

18. Plaintiffs filed uncertified copyright registration certificates bearing a 2009 copyright registration date for paintings created in 1986 and 1989. There are no certified copyright registration certificates issued earlier than 2009. There are no certified transfer agreements, and no affidavit(s) attesting to the authenticity of the 2009 copyright registration certificates. [DIN 79-1].

**B. Plaintiffs Allege Copyrights to Derivative Versions of *Death Dealer II* and *Death Dealer V*, Not the Original Works Reproduced in *Frazetta Definitive Reference*.**

19. The Complaint's images differ from the *Death Dealer II* and *Death Dealer V* images reproduced in *Frazetta Definitive Reference*.

20. Plaintiffs' inability to produce a certified copyright registration certificate of the original works entitled Death Dealer II and Death Dealer V, proving exactly what image and/or version, they have registered, results in a failure to make a prima facie case for infringement.

Case 8:22-cv-00581-WFJ-AEP   Document 111   Filed 12/19/23   Page 6 of 9 PageID 696

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

21. Plaintiffs represent they registered original art, not what Defendants reproduced as a historic artifact(s), which is the circa 1989 publisher's long out-of-print book cover graphic design, incorporating some portion, of some version, of Frazetta art.

22. Plaintiffs may have registered copyrights to the derivative works in 2009, but this does not give Plaintiffs copyrights to the original 1986 and 1989 original works, which were not copyright registered.

23. Section 103 of the Copyright Act provides that copyrights to a derivative work do not give any copyrights to the original work:

> The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. *The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material*.

17 U.S.C. § 103(b) (emphasis added)

24. The difference in the *Death Dealer II* and *Death Dealer V* images is demonstrated by comparison of the *Death Dealer* images in Plaintiffs' Complaint [DIN 1, p. 12] to the *Death Dealer* images reproduced in *Frazetta Definitive Reference*. [DIN 67-1, p. 71 or hardcopy *Frazetta Definitive Reference* p. 138].

25. SPURLOCK describes the differences in the images in his affidavit [DIN 87, p. 13, ¶¶ 47-48; images shown in DIN 87-4 and DIN 87-5; and DIN 95, Aff. JD SPURLOCK].

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

26. Plaintiffs' allegations of unproven copyright ownership of differing versions of the works are clearly incompetent to allege copyright infringement of the *Death Dealer* images reproduced in *Frazetta Definitive Reference*.

### V. THE PARTIES' WRITTEN AGREEMENT GRANTS DEFENDANTS RIGHTS TO PUBLISH *FRAZETTA DEFINITIVE REFERENCE*

27. J. DAVID SPURLOCK's Affidavit [DIN 87, Sec. IV, pp. 14-15] shows that *Frazetta Definitive Reference* is a revised edition of the 2008 and 2010 editions of *Frazetta Definitive Reference,* which Plaintiffs granted Defendants ("Licensee") the right to publish in 2010 under the Parties' *Frazetta Endorsement and Trademark License Agreement*[2] ("*License Agreement*") a copy of which is attached to Mr. Weber's Affidavit [DIN 94] as Exhibit 1 [DIN 94-1, p. 29, Sec. 4 (A)], providing Defendants publishing rights as follows:

> 4. LIST OF FRAZETTA BOOKS TO BE PUBLISHED UNDER THIS AGREEMENT
>
> A. One (1) book entitled "*The Definitive Frazetta Reference*" by James Bond and David Winiewicz, Ph.D. (which has been previously published by Licensee). *No royalties or sales reports are due Licensor or the artist Frank Frazetta on this title. Licensee has the right to update, revise text, replace images, redesign and publish this FRAZETTA Book as Licensee sees fit.*

[DIN 94-1, p. 29, emphasis added]

28. Section 2 of the *License Agreement* provides the publishing rights "in perpetuity and shall not expire, except through Licensees (uncured) breach of this Agreement … ." [DIN 94-1, p. 29]

---

2 Resolving litigation styled *Frank Frazetta vs. Vanguard Productions and J. David Spurlock*, Case No. 08 civ 6670 (SDNY)

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

29. Defendants own the copyrights to the 2008 edition of *Definitive Frazetta Reference* and the 2010 edition, which bore the revised title *Frazetta Definitive Reference*.

30. The 2023 edition of *Frazetta Definitive Reference* is a derivative version of the earlier editions. Section 101 of the Copyright Act defines a "derivative work" as:

> ... *a work based upon one or more preexisting works*, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, *or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work"*.

17 U.S.C. § 101 (emphasis added).

31. Section 106 of the Act provides the copyright owner with the exclusive right to prepare derivative works based on the copyrighted work. 17 U.S.C. § 106(2).

32. Defendants did not breach the *License Agreement*. Plaintiffs have not given any written notice of any breach of the *License Agreement* to Defendants.

33. Plaintiffs are aware of the terms of the *License Agreement* and provided Defendants with publishing rights in 2010 because reproduction of the *Death Dealer* images as historical artifacts in the context of cover art for albums, advertising for merchandise, and out of print book cover art and illustrations, constituted an acceptable use to Plaintiffs, who agreed that no royalties or fee was due and no permission was needed to issue future editions.

Case 8:22-cv-00581-WFJ-AEP   Document 111   Filed 12/19/23   Page 9 of 9 PageID 699

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

34. The *License Agreement* provides that Florida law governs interpretation of the agreement and provides for an award of costs and attorney's fees to the prevailing party in litigation. [DIN 94-1, p.31, Sec. B].

## VI. CONCLUSION

WHEREFORE, under the above-stated facts and legal authorities, Defendants respectfully request this Honorable Court enter their Order granting summary judgment in Defendants' favor, and for their attorney fees and costs as provided under 17 U.S.C. § 505 or pursuant to the terms of the *Frazetta Endorsement and Trademark License Agreement* as the prevailing party.

DATED NOVEMBER 27, 2023

Respectfully submitted,

/s/: *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
LAW OFFICE OF LEIGH M. WILLIAMS, PLLC
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
       Leigh@williamslegal.org
Tel. No.:  210 209-3030
           432 901-2141
*Attorney for Vanguard Productions, LLC
and J. David Spurlock*