UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

*Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, AND JESSE DAVID SPURLOCK,

*Defendants.*
_____/

## RESPONSE IN OPPOSITON TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

Plaintiffs Frazetta Properties, LLC, Heidi L. Frazetta and Holly J. Frazetta (collectively, "Frazetta") and , file this Response in Opposition to the Defendants J. David Spurlock and Vanguard Productions, LLC ("Spurlock").

## FACTS

### INTRODUCTION AND PREAMBLE

SPURLOCK filed a lawsuit against FRAZETTA in Sarasota County Circuit Court in 2019, David Spurlock, et al. v. Frazetta Properties, LLC, et al. In that case SPURLOCK alleged that FRAZETTA PROPERTIES termination of the Frazetta 2-Book Publishing Agreement constituted a breach of contract.

In Paragraph 21 of Spurlock's Second Amended Complaint, SPURLOCK wrote that "21.   Despite VANGUARD's disclosure of records in response to the audit

request showing no underpayment of royalties, FRAZETTA PROPERTIES sent VANGUARD a "Notice of Termination" of the Frazetta 2-Book Publishing Agreement by correspondence dated October 19, 2018."

In paragraph 26 of the Second Amended Complaint Spurlock wrote, "26. FRAZETTA PROPERTIES' termination of the Frazetta 2-Book Publishing Agreement also served to terminate Plaintiffs' rights under the Frazetta Endorsement and Trademark Agreement."

## FACTS

Defendants have raised a new argument that is both a Counterclaim for Declaratory Judgment, and an Affirmative Defense.  Neither of these were stated in their original Answer.  Defendants had all documents in their possession when they filed their Answer.  After losing the Court case in Sarasota County, Florida, Circuit Court and unhappy with their prospect of winning this case, Defendants again changed their position from first being fair use, to next de minimis use, to use for educational purposes and now to relying on an agreement's language and reviving historical artifacts to support their position but it does not support their position and they could have relied upon from the beginning of the case.  Anticipating what the Defendants will allege next is difficult but expect that it will be another approach unhindered with facts and affidavits.  Defendants' Second Motion for Summary Judgment should be denied.

## ARGUMENT

Defendants in this action rely upon the Endorsement and Trademark Agreement after stating it was terminated by Frazetta Properties, LLC in the Sarasota County Circuit Court case, which Defendants lost at the conclusion of a three-day jury trial in Sarasota County, Florida. Defendants filed an appeal in that case, but notably did not appeal the verdict against their position that Frazetta Properties, LLC had wrongfully terminated the both the 2 Book Publishing Agreement and the Frazetta Endorsement and Trademark License Agreement, but they contend in this action the agreement remains in effect.

In Paragraph 5 of the Second Motion for Summary Judgment, Defendants contend they were given the right to publish the Definitive Reference as they "see fit" without limitation that is not what the License Agreement states:

"A. One (1) book entitled ~'The *Definitive Frazetta Reference"* by James Bond and David Winiewicz, Ph.D. (which has been previously published by Licensee). No royalties or sales reports are due Licensor or the artist Frank Frazetta on this title. Licensee has the right to update, revise text, replace images, re-design and publish this FRAZETTA Book as Licensee sees fit." See Page 2, paragraph 4A of the License Agreement.

Defendants apparently misunderstood the meaning of the phrase "One (1) book entitled, 'The *Definitive Frazetta Reference"* by James Bond and David Winiewicz, Ph.D. . . ." Defendants were not given the rights they allege in their Motion, which they contend was to reprint a book with the phrase Definitive Frazetta Reference in its title. Defendants are attempting to back door Frazetta Properties, LLC position and the clear language of the terminated Agreement and use this court to find in their favor

allowing them to create multiple books using Plaintiffs' images without recourse, negotiation and compensation.

## CONCLUSION

Defendants' Second Motion for Summary Judgment should be denied, and attorneys' fees awarded to Plaintiffs' for defending against Defendants' misstated and overlooked misstatements and illusory arguments based on those misstatements and for such other and furth relief as the Court deems appropriate and justice requires.

MERRITT LAW PA

/s/ Jack W. Merritt
Jack W. Merritt, Esq.
FBN: 0052248
690 South Tamiami Trail
Osprey, FL 34229
office@merrittlaw.net

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing Motion was served on Defendants' attorney, Leigh M. Williams, Esq., on January 4, 2024, via CM/ECF.

MERRITT LAW PA

/s/ Jack W. Merritt
Jack W. Merritt, Esq.
FBN: 0052248
690 South Tamiami Trail
Osprey, FL 34229

Attorney for Plaintiffs