UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, AND JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

## RESPONSE AMENDED IN OPPOSITON TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

Plaintiffs Frazetta Properties, LLC ("Properties"), Heidi L. Frazetta and Holly J. Frazetta (collectively Heidi and Holly Frazetta, "FRAZETTA") file this Response in Opposition to the Defendants' Second Motion for Summary Judgment ("Motion"). Defendants J. David Spurlock and Vanguard Productions, LLC referred to collectively as "Defendants."

## INTRODUCTION

1. Plaintiffs file this Opposition to the Defendants Motion for Summary Judgment.

2. Defendants filed several Affirmative Defenses to this action and appeared to emphasize Fair Use, de minis use, etc.

3. When those possibilities ended, they sought new possibilities and characterized the Frazetta works as being historical artifacts and now bring up contracts that have been negated by their loss during a three-day jury trial in which they were Plaintiffs.

4. Defendants filed a lawsuit against FRAZETTA in Sarasota County Circuit Court in 2019, with the case caption being <u>Spurlock, et al. v. Frazetta Properties, LLC, et al.</u> 2019 CA 001718 NC, filed in the Sarasota County Circuit Court for the Twelfth Judicial Circuit.

5. In that case, Defendants alleged that FRAZETTA PROPERTIES' termination of the *Frazetta 2-Book Publishing Agreement* also caused termination of the *Frazetta Endorsement and Trademark Agreement*, both agreements were exhibits to the 2010 *Settlement Agreement* signed in 2010 and referenced in paragraph 3 of Defendants' Motion.

6. The paragraphs from their Second Amended Complaint explain their analysis of the case and the effect of Frazetta Properties terminating the *Frazetta 2-Book Publishing Agreement* and the *Licensing Agreement*.

> "21. Despite VANGUARD's disclosure of records in response to the audit request showing no underpayment of royalties, FRAZETTA PROPERTIES sent VANGUARD a "Notice of Termination" of the Frazetta 2-Book Publishing Agreement by correspondence dated October 19, 2018."
>
> and
>
> "26. FRAZETTA PROPERTIES' termination of the "Frazetta 2-Book Publishing Agreement" also served to terminate Plaintiffs' rights under the "Frazetta Endorsement and Trademark Agreement."

2

7. The Settlement Agreement referenced and incorporated both agreements, as provided in paragraph 2 of the Settlement Agreement.

> "2. Vanguard/Spurlock are granted certain publishing and licensing rights as described in the Frazetta 2-Book Publishing Agreement .and the Frazetta Endorsement & Trademark License Agreement, attached respectively as Exhibit A and Exhibit B, each of which is incorporated fully by reference, as though stated fully herein."

8. After a three-day trial, the jury found did not find that Frazetta Properties' termination of the 2-Book Publishing Agreement was wrongful, and Defendants received no compensation from Frazetta Properties and the termination was upheld and the resulting termination of the Licensing Agreement and Settlement Agreement resulted from the jury verdict. See Final Judgment filed by the Honorable Hunter Carroll dated December 13, 2024.

9. Defendants filed their Motion for Summary Judgment on November 27, 2023, but overlooked advising this Honorable Court of their loss at trial and the resulting effect of that loss on this lawsuit and their Motion.

## **LEGAL ARGUMENT**

10. Defendants tried to insert the following "facts" not established into their argument with the hope they will get through and their Second Motion for Summary Judgment would be granted:

    A. "Exhibit in evidence submitted with SPURLOCK's affidavit shows that, updating credits, including primary author credits, is not unusual and is proper." See Paragraph 4 on page 2 of Defendants Motion.

<u>Why its important:</u>  Defendant Spurlock had no expert witnesses listed and, as a result, he has tried to insert himself in the guise of being an expert and Spurlock is not established as an expert.

B. "5. The 2008 and 2010 editions of *Frazetta Definitive Reference* contain the *Death Dealer II, Death Dealer V,* and *Death Dealer VI* images, albeit in a different context, however, license to reproduce these images was clearly granted by Plaintiffs, providing Defendants the right up revise, add, subtract, present images and text and publish as Defendants "see fit" without limitation."

<u>Why it's important:</u>  This is a new argument put forward by Defendants. Defendants' argument is nothing more than attempting to bolster Spurlock's position and nothing more because Defendant Spurlock had no expert witnesses listed and, as a result, he tried to insert himself as being an expert and Spurlock is not established as an expert.  Defendants were given a specific right under the Settlement Agreement, which was,

"4. A. One (1) book entitled ~'The *Definitive Frazetta Reference"* by James Bond and David Winiewicz, Ph.D. (which has been previously published by Licensee). No royalties or sales reports are due Licensor or the artist Frank Frazetta on this title. Licensee has the right to update, revise text, replace images, re-design and publish this FRAZETTA Book as Licensee sees fit."

See Page 2, paragraph 4. A. of the Licensing Agreement.

If the parties intent was solely to use the phrase Definitive Frazetta Reference, then the paragraph could have been reduced to stating, "Spurlock can publish one book about Frazetta's works without payment of royalties."

11.    Defendants argument that Plaintiffs failed to prove ownership is false. Defendants provided copies of the original certificates and the contract showing the

4

transfer for the copyright ownership to Frazetta Properties, LLC by Frank Frazetta, Sr. and Defendants have that in their possession and the Complaint also lists the details of ownership of the works, including the name of the works and the copyright number assigned.

12. Defendants next try to explain the copyrighted works are not the same works that Defendants admittedly published; however, this position was not in evidence and there was no expert testimony provided to support Defendants' position.

13. Plaintiffs have met the burden of showing there are disputes of material facts at issue and that Defendants Second Motion for Summary Judgment must be denied.

## CONCLUSION

Plaintiffs respectfully demand that Defendants' Second Motion for Summary Judgment be denied, and attorneys' fees awarded to Plaintiffs' for defending against Defendants' Second Motion for Summary Judgment and for such other and furth relief as the Court deems appropriate and justice requires.

MERRITT LAW PA

/s/ Jack W. Merritt
Jack W. Merritt, Esq.
FBN: 0052248
690 South Tamiami Trail
Osprey, FL 34229
office@merrittlaw.net

Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY the foregoing Motion was served on Defendants' attorney, Leigh M. Williams, Esq., on January 22, 2024, via CM/ECF.

                              MERRITT LAW PA

                              /s/ Jack W. Merritt
                              Jack W. Merritt, Esq.
                              FBN: 0052248
                              690 South Tamiami Trail
                              Osprey, FL 34229

                              Attorney for Plaintiffs