UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC AND J. DAVID SPURLOCK,

    *Defendants.*

_____/

**REPLY TO PLAINTIFFS' RESPONSE [DIN 121] TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

Defendants VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK reply to Plaintiffs' Response [DIN 121] in Opposition to Defendants' Second Motion For Summary Judgment as follows:

**I.  Plaintiffs' INTRODUCTION Fabricates Issues**

1.  Defendants' Answers <u>specifically state that the Parties' written contract</u> authorizes publication of the current edition of the *Frazetta Definitive Reference*:

> The new book is in keeping with Vanguard's prior *Definitive Reference* book which Defendants have recognized for over a decade as fair use, as evidenced by their not demanding reports or royalties thereon.
>
> Defendant entered into an agreement with the late Frank Frazetta and Frazetta Properties, LLC, in 2010 to create a Frank Frazetta brand with Defendants and was granted certain exclusive rights under that agreement.

[DIN 14, ¶¶ 22, 54, 62 and DIN 15, ¶¶ 22, 54, 62]

Case 8:22-cv-00581-WFJ-AEP   Document 122   Filed 01/22/24   Page 2 of 8 PageID 726

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

2. Secondly, the Parties' lawsuit in the Twelfth Judicial Circuit, Sarasota County, Florida, Case No. 2019 CA 001718 NC, litigated entirely different issues and a different contract (i.e., the *Frazetta 2-Book Publishing Agreement*) from those presented in this matter.

3. The *Frazetta Endorsement and Trademark Licensing Agreement* at issue in this matter was not litigated in the state lawsuit.

4. Additionally, in the state case, Defendants did not allege that Frazetta Properties, LLC's unilateral termination of the *Frazetta 2-Book Publishing Agreement*[1] served to terminate the *Frazetta Endorsement and Trademark Licensing Agreement*[2] nor was that issue litigated.

5. Lastly, Defendants timely filed Appeal No. 2D24-0099 post-trial to Florida's Second District Court of Appeal, so that case is not fully disposed.

## II. Plaintiffs' LEGAL ARGUMENT Grossly Mis-States Facts

### A. Procedural History of the Parties' Affidavits and Statements of Fact Submitted Post-Oral Argument

6. During the October 20, 2023 oral argument [DIN 84] on the Parties' respective motions for summary judgment, several factual issues not briefed to the court arose in argument presented by both parties. Defendants moved the court for leave to file statements of undisputed fact [DIN 85], which was granted [DIN 86].

7. On November 1, Defendants filed their Affidavit of David Spurlock [DIN 87].

---

1 See, DIN 87-2, pp. 6-16.
2 See, DIN 87-2, pp. 17-23.

Case 8:22-cv-00581-WFJ-AEP   Document 122   Filed 01/22/24   Page 3 of 8 PageID 727

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

8. On November 6, Plaintiffs' Affidavit of Joseph Weber [DIN 94] was filed, five days after the November 1st deadline, provided them the advantage of responding to Defendants' Affidavit of David Spurlock in addition to presenting their own statement of facts.

9. On November 8th, Defendants' Rebuttal Affidavit of David Spurlock [DIN 95] and Statement of Undisputed Facts [DIN 96] were filed, responding to Plaintiffs' factual allegations.

10. On November 16, Plaintiffs' "Response Affidavit of Joseph Weber [DIN 100] was filed.

11. Because the Parties' additional statements and Affidavits expanded the scope of the facts and issues presented at oral argument, Defendants sought leave to properly place the expanded scope of facts and issues argued by the parties in a second motion for summary judgment [DIN103], which was granted [DIN 104].

12. On November 27, Defendants also moved for leave to amend their Answers [DIN 105] to affirmatively defend on the basis of the Parties' prior written contract, as alleged in paragraphs 22, 54, 62 of their Answers [DIN 14 and DIN 15].

13. On November 30, the court granted [DIN 106] the motion, and Defendants' joint Answer [DIN 107] was filed that day.

14. On December 19, 2023, Defendants' Second Motion for Summary Judgment [DIN 111] was filed as an individual filing.

15. On January 19, 2024, Plaintiffs' Response in Opposition [DIN 120] was filed, followed by an expanded version [DIN 121] on January 22, 2024.

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

### B. Plaintiffs' LEGAL ARGUMENT Consists of Two Irrelevant Points

16. The argument that David Spurlock was required to be designated an expert witness to explain the term "edition" in publishing is unsupported by any legal authority and lacks merit.

17. Mr. Spurlock's bona fides and expertise as an author and publisher of art books for more than three decades are well-established and undisputed, but he was not required to be designated an expert witness to explain the term "edition," because a clear example was attached to his Affidavit [DIN 95]: Taschen Books' different editions of "*Masterpieces of Fantasy Art*" [DIN 95-2 and DIN 95-3].

18. A simple online search of the term "edition" shows the following sources and definition:

> A reprint means more copies are being printed with no substantial changes. Perhaps a few typos are being fixed.
>
> A new edition means that there has been substantial change: content has been altered in a way that might make a customer complain that this was not the product that was expected. Or, text has been changed to add a new feature, such as a preface or appendix or additional content. Or, content has been revised. Or, the book has been redesigned.[3]

> When a book is reprinted or reproduced from the same setting of type, with only minor alterations, this printing is a 'new impression' or a 'reprint'. The term 'second [or new] edition' should not be used unless the text has been significantly changed or supplemented.[4]

---

[3] Bowker Publishing Services, at: https://www.myidentifiers.com/faq/publication, last visited Jan. 22, 2024.
[4] Cambridge University Press, at: https://www.cambridge.org/core/books/abs/butchers-copyediting/reprints-and-new-editions/EE3E775FA461ED5F242ED3A0275413A0, last visited Jan. 22, 2024.

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

19. Plaintiffs' second contention, that the *Frazetta Endorsement and Trademark Licensing Agreement* authorized only reprints, not future editions, is belied by the wording of the provision:

> One (1) book entitled "The Definitive Frazetta Reference" by James Bond and David Winiewicz, Ph.D. (which has been previously published by Licensee). No royalties or sales reports are due Licensor or the artist Frank Frazetta on this title. **Licensee has the right to update, revise text, replace images, re-design and publish this FRAZETTA Book as Licensee sees fit**.

[DIN 87-2, p. 18, ¶ 4.A] (emphasis added).

### C. Plaintiffs' Failure to Show Copyright Infringement, Their Burden of Proof, Remains Unrebutted

20. Plaintiffs' last assertions do nothing to rebut Defendants' demonstration of Plaintiffs' failure to prove copyright ownership of the *Death Dealer II* or *Death Dealer V* images reproduced in Defendants' *Definitive Frazetta Reference.*

21. First, Plaintiffs' Complaint alleges infringement of a significantly different *Death Dealer II* image from the one reproduced. [See, DIN 1 and DIN 87-4].

22. Second, Plaintiffs submitted only unauthenticated documents to allege proof of 2009 copyright registrations for *Death Dealer II* and *Death Dealer V*.

23. Third, No proof exists to show that either *Death Dealer II* or *Death Dealer V* images were copyright registered in 1988 and 1990.

Case 8:22-cv-00581-WFJ-AEP   Document 122   Filed 01/22/24   Page 6 of 8 PageID 730

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

24. Fourth, Plaintiffs have not submitted any authenticated, non-hearsay document to prove copyright ownership of either *Death Dealer II* or *Death Dealer V* image alleged.

25. Finally, Plaintiffs failed to address Defendants' demonstration that the *Death Dealer II* or *Death Dealer V* images differing from those allegedly copyright registered by Plaintiffs in 2009 are actually derivative works of the 1988 and 1990 *Death Dealer II* or *Death Dealer V* images.

### III. Memorandum of Law

#### A. Proof of Copyright Infringement

26. It is well-established that a claim of copyright infringement requires that "plaintiff must prove, first, that he owns a valid copyright in a work and, second, that the defendant copied original elements of that work." *Leigh v. Warner Bros., Inc.,* 212 F. 3d 1210, 1214 (11th Cir. 2000), citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991).

27. Trial courts have recognized that "non-infringement may be determined as a matter of law on a motion for summary judgment, either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Herzog v. Castle Rock Entm't,* 193 F.3d 1241, 1247 (11th Cir.1999) (per curiam) ("Well-reasoned" district court opinion affirmed and annexed to Eleventh Circuit ruling).

Case 8:22-cv-00581-WFJ-AEP    Document 122    Filed 01/22/24    Page 7 of 8 PageID 731

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

### B. Derivative Works Must be Separately Copyright Registered and Are Separately Protected

28. Even if Plaintiffs registered copyrights for the repainted derivative *Death Dealer II* and *Death Dealer V* images, this does not satisfy their burden of proof to show copyright infringement of the original works:

> The copyright in a derivative work covers only the additions, changes, or other new material appearing for the first time in the work. Protection does not extend to any preexisting material, that is, previously published or previously registered works or works in the public domain or owned by a third party. As a result, it is not possible to extend the length of protection for a copyrighted work by creating a derivative work. A work that has fallen into the public domain, that is, a work that is no longer protected by copyright, is also an underlying "work" from which derivative authorship may be added, but the copyright in the derivative work will not extend to the public domain material, and the use of the public domain material in a derivative work will not prevent anyone else from using the same public domain work for another derivative work.

US Copyright Office, Circular 14, 2020

29. "A work consisting of editorial revisions, annotations, elaborations, or other modifications [to a preexisting work that], as a whole, represent an original work of authorship, is a `derivative work.'" 17 U.S.C. § 101. *Montgomery v. Noga*, 168 F. 3d 1282 (11th Cir. 1999); and see, *Stewart v. Abend*, 495 U.S. 207, 223-24, 110 S.Ct. 1750, 1761-62, 109 L.Ed.2d 184 (1990) (Derivative work qualifies for a separate copyright, which copyright will not protect the preexisting material employed in the derivative work), citing 17 U.S.C. § 103 (1994); 1 Nimmer §§ 3.01, 3.04[A].

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

30. The foregoing grounds show undisputed facts to grant summary judgment in Defendants' favor and disputed facts preventing summary judgment in Plaintiffs' favor, as the pleadings, discovery and affidavits must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

DATED: JANUARY 22, 2024

                        Respectfully submitted,

/s/: *Leigh M. Williams*
        Leigh M. Williams, Esq.
        LAW OFFICE OF LEIGH M. WILLIAMS, PLLC
        1701 W. Kansas Ave.
        Midland, TX 79701
        E-mail: mcmillan.esq@gmail.com
                Leigh@williamslegal.org
        Tel. No.: 432 901-2141
        *Attorney for Vanguard Productions, LLC*
        *and J. David Spurlock*