UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

   *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC, AND JESSE DAVID SPURLOCK,

   *Defendants.*
_____/

## AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

Plaintiffs Frazetta Properties, LLC ("Properties"), Heidi L. Frazetta and Holly J. Frazetta (collectively Heidi and Holly Frazetta, "FRAZETTA") file this AMENDED Response in Opposition to the Defendants' Second Motion for Summary Judgment ("Motion"). Defendants J. David Spurlock and Vanguard Productions, LLC referred to collectively as "Defendants." This filing AMENDS the Responses filed on January 19 and January 22, 2024, the latter was intended to AMEND the filing made on January 19.

## INTRODUCTION

1. This filing AMENDS and replaces the Response made on January 19 and January 22.

2. The Responses filed on January 19 and January 22, 2024, the latter was intended to AMEND the filing made on January 19, and it responds to the Motion to Strike filed by Defendants.

3. Plaintiffs file this Response Amended the Defendants Second Motion for Summary Judgment.

4. Defendants filed several Affirmative Defenses to this action and appeared to emphasize Fair Use, de minis use, etc.

5. When those possibilities ended, they sought new possibilities and characterized the Frazetta works as being historical artifacts and now bring up contracts that have been negated by their loss during a three-day jury trial in which they were Plaintiffs.

6. Defendants filed a lawsuit against FRAZETTA in Sarasota County Circuit Court in 2019, with the case caption being <u>Spurlock, et al. v. Frazetta Properties, LLC, et al.</u> 2019 CA 001718 NC, filed in the Sarasota County Circuit Court for the Twelfth Judicial Circuit.

7. In that case, Defendants alleged that FRAZETTA PROPERTIES' termination of the *Frazetta 2-Book Publishing Agreement* also caused termination of the *Frazetta Endorsement and Trademark Agreement*, both agreements were exhibits to the 2010 *Settlement Agreement* signed in 2010 and referenced in paragraph 3 of Defendants' Motion.

8. The paragraphs from their Second Amended Complaint explain their analysis of the case and the effect of Frazetta Properties terminating the *Frazetta 2-Book Publishing Agreement* and the *Licensing Agreement*.

> "21. Despite VANGUARD's disclosure of records in response to the audit request showing no underpayment of royalties, FRAZETTA PROPERTIES sent VANGUARD a "Notice of Termination" of the Frazetta 2-Book Publishing Agreement by correspondence dated October 19, 2018."

and

> "26. FRAZETTA PROPERTIES' termination of the "Frazetta 2-Book Publishing Agreement" also served to terminate Plaintiffs' rights under the "Frazetta Endorsement and Trademark Agreement.""

**See Exhibit A**, Pages from Second Amended Complaint.

9. The Settlement Agreement referenced and incorporated both agreements, as provided in paragraph 2 of the Settlement Agreement.

> "2. Vanguard/Spurlock are granted certain publishing and licensing rights as described in the *Frazetta 2-Book Publishing Agreement* .and the *Frazetta Endorsement & Trademark License Agreement,* attached respectively as Exhibit A and Exhibit B, each of which is incorporated fully by reference, as though stated fully herein."

10. Although Defendants did not file a cause of action in the Sarasota Circuit Court lawsuit for declaratory judgment, having incorporated the two agreements into the *Settlement Agreement*, termination of the *Frazetta 2-Book Publishing Agreement* would have caused termination of all three agreements.

11. Defendants admitted / recognized this by having the paragraphs in their Complaint, as amended, in Sarasota County Circuit Civil case.

12. After a three-day trial, the jury found did not find that Frazetta Properties' termination of the 2-Book Publishing Agreement was wrongful, and Defendants received no compensation from Frazetta Properties and the termination was upheld and the resulting termination of the Licensing Agreement and Settlement Agreement resulted from the jury verdict. **See** **Exhibit B** Final Judgment entered by the Honorable Hunter Carroll dated December 13, 2024.

13. Defendants filed their Motion for Summary Judgment on November 27, 2023, but overlooked advising this Honorable Court of their loss at trial and the resulting effect of that loss on this lawsuit and their Motion.

## LEGAL ARGUMENT

14. Defendants tried to insert the following "facts" not established into their argument with the hope they will get through and their Second Motion for Summary Judgment would be granted:

> A. "4. Exhibit in evidence submitted with SPURLOCK's affidavit shows that, updating credits, including primary author credits, is not unusual and is proper."

**See** Paragraph 4 on page 2 of Defendants' Motion.

Why it's important: Defendant Spurlock had no expert witnesses listed and, as a result, he has tried to insert himself in the guise of being an expert. Spurlock is not an expert, but a Defendant and his "opinion" would not be independent of his defense of this lawsuit and the pecuniary gain he would experience if he prevailed.

> B. "5. The 2008 and 2010 editions of *Frazetta Definitive Reference* contain the *Death Dealer II, Death Dealer V,* and *Death Dealer VI* images, albeit in a different context, however, license to reproduce these images

4

was clearly granted by Plaintiffs, providing Defendants the right to revise, add, subtract, present images and text and publish as Defendants "see fit" without limitation."

**See** paragraph 5 on Page 2 of Defendants' Motion.

Why it's important:  The Defendants might be implying their prior use of the images resulted in Defendants being able to use them in their infringing book, but offer nothing to support that position other than argument.

15. Defendants claim Plaintiffs images were not shown to have been copyright protected but in two books they published, Sketchbook and Sketchbook II, they acknowledged the works are copyright protected "Individual works are copyright protected Frazetta Properties, LLC unless otherwise noted."  **See Exhibit C**, SKETCHBOOK, printed February 2013, May 2013, September 2014, and July 2016, SKETCHBOOK II, printed Christmas 2014.

16. Defendants knew the images in the two books' copyright were owned by Frazetta Properties, LLC, and now disingenuously claim the ownership was not proved.

17. Plaintiffs provided the Registration Statements for Death Dealer II, Death Dealer V and Death Dealer VI to Defendants' attorney.  **See Exhibit D,** Copyright Registration VA 1-688-397, VA-688-405, and VA-688-403.

18. Defendants argument that Plaintiffs failed to prove ownership is false. Defendants provided copies of the original certificates and the contract showing the transfer for the copyright ownership to Frazetta Properties, LLC by Frank Frazetta, Sr. and Defendants have that in their possession and the Complaint also lists the

5

details of ownership of the works, including the name of the works and the copyright number assigned.

19.   Defendants published another book to be shipped in late February another book without license and without agreement from Frazetta Properties using the phrase "**Definitive Reference**" of Frazetta World's Best Comics Cover Artist.



Frazetta: World's Best Comics Cover Artist (Definitive Reference)
by J. David Spurlock and Frank Frazetta | Feb 27, 2024
**Hardcover**
$49.95 $49.95
Pre-order Price Guarantee.
FREE delivery **Wed, Feb 28**
Or fastest delivery **Tue, Feb 27**
This title will be released on February 27, 2024.

See https://www.amazon.com/s?k=FRAZETTA+DEFINITIVE+REFERENCE&crid=25ZO1PCTPURUW&sprefix=frazetta+definitive+reference%2Caps%2C97&ref=nb_sb_noss_1

20.   Should another lawsuit be filed, Defendants are expected to make the same arguments that they can publish it because it was made for educational purposes, fair use, de minis use, historical artifacts, etc. and do so without agreement and/or payment to Frazetta Properties.

21. Defendants argument that Plaintiffs failed to prove ownership is false. Defendants provided copies of the original certificates and the contract showing the transfer for the copyright ownership to Frazetta Properties, LLC by Frank Frazetta, Sr. and Defendants have that in their possession and the Complaint also lists the details of ownership of the works, including the name of the works and the copyright number assigned.

22. Defendants next try to explain the copyrighted works are not the same works that Defendants admittedly published; however, this position was not in evidence and there was no expert testimony provided to support Defendants' position.

23. Defendants have not met their burden of showing there are no disputes of material facts at issue and their Motion is flawed and must be denied.

## CONCLUSION

Plaintiffs respectfully demand that Defendants' Second Motion for Summary Judgment be denied, and attorneys' fees awarded to Plaintiffs' for defending against Defendants' Second Motion for Summary Judgment and for such other and furth relief as the Court deems appropriate and justice requires.

                    MERRITT LAW PA

                    /s/ Jack W. Merritt
                    Jack W. Merritt, Esq.
                    FBN: 0052248
                    690 South Tamiami Trail
                    Osprey, FL 34229
                    office@merrittlaw.net

                    Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing Motion was served on Defendants' attorney, Leigh M. Williams, Esq., on January 24, 2024, via CM/ECF.

                MERRITT LAW PA

                /s/ Jack W. Merritt
                Jack W. Merritt, Esq.
                FBN: 0052248
                690 South Tamiami Trail
                Osprey, FL 34229

                Attorney for Plaintiffs