UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC AND J. DAVID SPURLOCK,

    *Defendants.*

_____/

## DEFENDANTS' CORRECTED BRIEF ON DAMAGES

VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK submit their brief on damages pursuant to the Court's Order [DIN 128], as follows:

1. The undersigned researched case law regarding a finding of copyright infringement from publication of a minimal number of copyrighted images in a reference book but found none. The Court's decision appears to be a first of its kind (no case law directly on point was cited in the Court's Order [DIN 127]), and no such case law was located by the undersigned, accordingly, no case law awarding damages against a publisher of a reference or biographical book is cited herein.

### A.    Plaintiff's Requested Remedies

2. Plaintiff FRAZETTA PROPERTIES, LLC's Complaint [DIN 1] seeks the following relief concerning Defendants' current edition of *The Definitive Frazetta Reference,* featuring Frank Frazetta, Sr.'s book cover art:

Case 8:22-cv-00581-WFJ-AEP   Document 131   Filed 03/02/24   Page 2 of 9 PageID 810

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

A. That Defendants' products and materials that infringe Plaintiffs' Death Dealer II, Death Dealer V, Death Dealer VI and other copyrighted Artworks in the Infringing Book, as well as any other articles that contain or embody copies of Plaintiffs' original work, be impounded pursuant to 17 U.S.C. §. 503(a);

B. That Defendants' products and materials that infringe Plaintiffs' copyrighted works, as well as any other articles that contain or embody copies of Plaintiffs' original work, be destroyed pursuant to 17 U.S.C. §. 503(b);

C. That Defendants be required to provide a full accounting to Plaintiffs for all profits derived from their infringing use and their production, reproduction, and preparation of derivative works based on, distribution, and display of Plaintiffs' works in all media, from all sources, worldwide;

D. That Defendants be ordered to pay Plaintiffs all damages, including future damages, that Plaintiffs have sustained or will sustain as a result of the acts complained of herein, and that Plaintiffs be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting;

E. That Defendants be ordered to pay to Plaintiffs' pre-judgment and post- judgment interest on all applicable damages;

F. That Defendants disgorge any and all profits earned;

G. Impound any and all inventory of Infringing Books to be destroyed;

H. That Defendants be permanently enjoined from all further infringement of works created by Frank Frazetta, Sr. owned by Plaintiffs; and

I. Such other or further relief as the Court may deem proper.

J. Plaintiffs seek attorneys' fees in accordance with 17 U.S.C. § 505.

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

## B.  Relief Under 17 U.S.C. § 502 - Injunctions

3. Paragraph "H" seeks permanent injunction against future printings of the current edition of *The Definitive Frazetta Reference* featuring Frank Frazetta, Sr.'s book cover art.

4. The Copyright Act provides that courts "may" grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

5. However, an injunction does not automatically follow a determination that a copyright has been infringed. *eBay, Inc. v. MercExchange, LLC,* 547 U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006) (Holding courts "consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed.").

6. A copyright plaintiff seeking a permanent injunction still must satisfy the traditional four-factor test before the district court may use its equitable discretion to grant such relief. See, *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-13, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982); *Amoco Production Co. v. Gambell,* 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L. Ed. 2d 542 (1987).

7. To be granted permanent injunction, a plaintiff must demonstrate:

   (i)  It will suffer an irreparable injury;

   (ii) Remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

Case 8:22-cv-00581-WFJ-AEP Document 131 Filed 03/02/24 Page 4 of 9 PageID 812

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

  (iii) Considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

  (iv) The public interest would not be disserved by a permanent injunction.

See, *Weinberger*, 456 U.S. at 311-13; *Amoco Production Co.*, 480 U.S. at 542.

  8. Generally, "a purely economic injury, compensable in money," does not satisfy the irreparable injury requirement. *Grant Heilman Photography v. John Wiley & Sons,* 864 F. Supp. 2d 316, 325 (E.D. Penn. 2012), citing, *Minard Run Oil Co. v. U.S. Forest Service,* 670 F.3d 236, 255 (3d Cir. 2011).

  9. The irreparable harm requirement is met if a plaintiff demonstrates a potential harm which cannot be redressed by a legal or an equitable remedy following a trial. *Grant Heilman Photography,* 864 F. Supp. 2d at 325, citing *Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989).

  10. Grounds for irreparable injury include "loss of control of reputation, loss of trade, and loss of good will." *Kos Pharmaceuticals, Inc. v. Andrx Corporation,* 369 F.3d 700, 726 (3d Cir.2004) (internal quotation marks omitted). No such evidence was demonstrated by Plaintiff in this matter.

  11. Money damages for infringement, rather than injunctive relief, are appropriate where they are capable of calculation by the court. *Grant Heilman Photography,* 864 F. Supp. 2d at 325, citing *Abend v. MCA, Inc.,* 863 F.2d 1465, 1479 (9th Cir.1988).

Case 8:22-cv-00581-WFJ-AEP   Document 131   Filed 03/02/24   Page 5 of 9 PageID 813

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581-WFJ-AEP

12. Plaintiff has not demonstrated evidence of the above factors, and Defendants respectfully reserve the opportunity to respond to any such argument when Plaintiff files their brief.

### C. Relief Under 17 U.S.C. § 503 - Impounding and Disposition of Infringing Articles

13. Paragraphs "A", "B", and "G" seek impoundment and destruction of the current edition of *"Frazetta Book Cover Art the Definitive Reference,"* pursuant to 17 U.S.C. § 503(a) and (b).

14. The book in question comprises 167 pages, only two of which contain reproductions of the out-of-print book covers containing the images of *Death Dealer II* and *Death Dealer V.* [DIN 67-1].

15. Impoundment and destruction of the books is inequitable. The Defendants' book is the only publicly available reference source for all of Frank Frazetta's art commissioned for and used as book cover art.

16. These book covers, all out-of-print, are historical artifacts, and are mostly held in the owner's private collections. The information in the text of the Book as to each book cover is also the only reference source for all publication information on Frank Frazetta's book cover art.

17. Destruction of the Book would result in the loss of the only reference book of its kind. Plaintiff has not demonstrated any need for this kind of waste, but merely proffering the speculative "*What if everyone did this*? (i.e., gathered hard to find out of print material, drafted informational text, designed, and published a reference book).

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

### D. Relief Under 17 U.S.C. § 504; Damages and Profits

18. Paragraphs "C," "D," "E," and "F" all request an award of damages and profits realized by the sale of Defendants' Book.

19. Plaintiff elected statutory damages [DIN 51, Pre-Trial Statement].

20. The Book is a 168-page biographical reference work divided into six chapters and arranged in chronological order representing the phases of Frank Frazetta's thirty-year career (1962 through 1991) as an illustrator and artist. [DIN 67-1].

21. The Book contains 186 color images of book covers featuring cropped versions of the much larger paintings Frazetta created for the publisher's use as cover art. Each image is arranged in a layout displaying the cover for the hardback edition, and paperback edition if featuring the same art, with a caption identifying the book's title, publisher, author, editor, publication date, title of the Frazetta painting, and designation of any Frazetta illustration included in the book.

22. Statutory damages are sought for Defendants' reproduction of two images represented on two of the Book's 186 book covers. The two book cover images for which Plaintiffs claim copyright infringement comprise 1.2% of the 186 book cover images reproduced.

23. Plaintiff neither contributed any writing, information, quotes, or data for the Book's numerous pages of text and captions, nor any of the reproduced book covers.

Case 8:22-cv-00581-WFJ-AEP   Document 131   Filed 03/02/24   Page 7 of 9 PageID 815

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

24. The Book, including endpapers and covers, comprises approximately 16,000 square inches of text, graphics, and images, of which a total of 85 square inches, or approximately one half of one percent (0.53%) of the Book contains the two cover art images in question.

25. Plaintiff has not shown willfulness, as Defendants believed, and still contend, that they have legitimate authorization under the 2010 *Frazetta Endorsement and Trademark License Agreement* ("License Agreement") (attached as an exhibit [DIN 87-2] to Affidavit of Joe Weber [DIN 87], to publish revised editions of the 2008 *Definitive Frazetta Reference*.

E. **Relief Pursuant to 17 U.S.C. § 505 - Costs and Attorney's Fees**

26. Reasonable attorney's fee and court costs are available to a plaintiff who prevails in a copyright infringement suit.

27. In this instance, the matter most likely could have been avoided had Plaintiff communicated with Defendants prior to filing suit, giving Defendants a fair opportunity to discuss the Licensing Agreement or payment of a licensing fee (industry standard ranges from $75 to $200 per image).

28. Although Plaintiffs submitted a document purporting to prove an email was sent to David Spurlock prior to the filing of the suit, Defendants' counsel sent an email to Plaintiffs' counsel prior to the suit inquiring as to the cryptic comment by counsel that he had sent correspondence to Mr. Spurlock. (email attached hereto).

29. Defendants' Fair Use defense and authority under the parties' Licensing Agreement were meritorious and in no way frivolous.

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

30. Plaintiff argued findings of the Supreme Court in a decision issued well after Defendants' Book was sent to the printers. The decision in *Andy Warhol Found. v. Goldsmith*, 598 U.S. 508, 526 (2023), issued May 18, 2023, reversed the Second Circuit's decision in favor of the *Andy Warhol Foundation.* Until that time, the Second Circuit's decision was law, as well as *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 607 (2d Cir. 2006).

## CONCLUSION

FOR THE ABOVE STATED REASONS, Defendants respectfully request the Court award Plaintiff at most court costs and a portion of their reasonable attorney's fees for work actually performed in the prosecution of a copyright infringement claim against Defendants for reproduction of the book covers in question in *The Definitive Frazetta Reference.*

DATED: MARCH 1, 2024

Respectfully submitted,

/s/: *Leigh M. Williams*
Leigh M. Williams, Esq.
LEIGH M. WILLIAMS LAW OFFICE, PLLC
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
Leigh@williamslegal.org
Tel. No.: 432 901-2141
*Attorney for Vanguard Productions, LLC and J. David Spurlock*



**Leigh McMillan <mcmillan.esq@gmail.com>**

## Re: Service of Responses to Holly Frazetta's amended 1st RFP
1 message

**Leigh McMillan** <mcmillan.esq@gmail.com>             Tue, Jan 11, 2022 at 1:05 PM
To: Jack Merritt <jmerritt@merrittlaw.net>

Jack, I don't know about any letter, and David didn't mention it to me - do you know if he received it?

I'll ask him, and in the meantime, can you send me a digital copy of the letter? Thanks so much.

Best regards,

Leigh Williams

On Tue, Jan 11, 2022, 11:21 Jack Merritt <jmerritt@merrittlaw.net> wrote:

> Leigh,
>
> I had sent a letter to Mr. Spurlock in connection with his use of a painting owned by Holly Frazetta back in November. I asked that he discuss what he was doing with his lawyer. I expect that you are not representing him, because you did not contact me.
>
> I will make a filing later today in the Spurlock v. Frazetta case. If you know who is representing Mr. Spurlock & Vanguard in connection with the matter, I ask that you forward his or her name and contact information to me.
>
> Regards,
>
> Jack W. Merritt