UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L.
FRAZETTA, AND FRAZETTA
PROPERTIES, LLC,
        *Plaintiffs,*
vs.

VANGUARD PRODUCTIONS, LLC,
AND JESSE DAVID SPURLOCK,
        *Defendants.*
_____/

## **PLAINTIFF'S BRIEF ON DAMAGES**

Plaintiff's Brief on Damages to be paid by Defendants to Plaintiff Frazetta

Properties, LLC.

## **FACTS**

Plaintiff filed this action against Defendants for Copyright Infringement for

the complete use of Death Dealer II, Death Dealer V and Death Dealer VI.  After the

action began, Plaintiff learned that Defendants had not used Death Dealer VI and

Plaintiff ceased seeking an award for it.

Plaintiff showed that Defendants had actual knowledge that Plaintiff owned

the images and that was memorialized in books that Defendants had previously

published for which Defendants had noted the copyright ownership of the images.

Defendants had a long relationship over several years and had contracts stating the

ownership of the works.

The Honorable Judge Jung ruled that Defendants had violated the copyright ownership rights held in the two images and Defendants infringement was not excused by prior license or permitted by the fair use doctrine.  Defendants are jointly and severally liable for the infringement and for the damages to be awarded and for attorneys' fees incurred by Plaintiffs.

**MEMORANDUM OF LAW**

The remedies for infringement are stated in 17 USC 504 (a) (1) and (2) provide for damages to be calculated as follows.

**(1)** the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

**(2)** statutory damages, as provided by subsection (c).

17 U.S.C.S. § 504 (LexisNexis, Lexis Advance through Public Law 118-40, approved March 1, 2024).

Plaintiff had requested damages be calculated on its actual damages and any additional profits earned by Defendants.  Plaintiff had changed its request for damages to be calculated using statutory damages.

Statutory damages are calculated as provided in 17 USC 504(c)(1) and (2).

**"(c) Statutory damages.**

**(1)** Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory

damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

**(2)** In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."

17 U.S.C.S. § 504 (LexisNexis, Lexis Advance through Public Law 118-40, approved March 1, 2024)

Plaintiff case and its proof demonstrated that Defendants committed the infringement willfully with Defendants actual knowledge gained over years dealing with the Plaintiff that it willfully infringed the works.  As a result, the damages award would be $30,000.00 per infringed work, if the court deems appropriate.  However, with the willful infringement of the works, the amount of statutory damages should be increased to $150,000.00 per infringed work with the total of statutory damages to be $300,000.00 to be paid by Defendant Davis Spurlock and the company he solely owns and controls, jointly and severally.

Plaintiff also requests that its attorneys fees and costs be awarded to be paid by Defendant Spurlock and the company he solely owns and controls, jointly and severally.  As provided in

**"§ 505. Remedies for infringement: Costs and attorney's fees**

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

17 U.S.C.S. § 505 (LexisNexis, Lexis Advance through Public Law 118-40, approved March 1, 2024)

<u>CONCLUSION</u>

Plaintiff respectfully requests this Court entered and award of $150,000.00 in statutory damages for each infringed work and the award of Plaintiff's costs and attorneys' fees incurred by Plaintiff in bringing this action, and for such other and further relief as the court deems appropriate and justice requires.

DATED:  MARCH 15, 2024

/s/ <u>Jack W. Merritt</u>
Jack W. Merritt, JD, MBA.
FBN:  0052248
Merritt Law, P.A.
Mediterranea Professional Park
690 South Tamiami Trail

Osprey, FL 34229

office@merrittlaw.net
941.445.4841
Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY the foregoing was filed on March 15, 2024, and copy provided via CMECF to Defendants.

/s/ <u>Jack W. Merritt</u>
Jack W. Merritt, JD, MBA.
FBN:  0052248
Merritt Law, P.A.