UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC AND J. DAVID SPURLOCK,

    *Defendants.*

_____/

**DEFENDANTS' MOTION TO RECONSIDER ORDER**

Defendants VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK respectfully disagree with the Court's decision in the Order [DIN 128] issued February 9, 2024, and request the Court review, for now[1], the finding that Frazetta Properties (i) enjoyed a presumption of validity as to the Registration Certificates, and (ii) that they bore their burden of establishing valid copyrights, made as factual findings and conclusions of law, and in support, would show as follows:

---

[1] Defendants, if necessary after the issue herein is addressed, would show law supporting argument of Defendants' other two issues in the Order, (i) The *Death Dealer II* and *V* images have been reproduced in all Frazetta-brand *Definitive Reference* Books, governed by the Parties' Publishing Agreement and (ii) The Book Covers reproduced by Defendants constitute Fair Use.

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

## I.  Frazetta Properties Repeatedly Invited Court Error

1. Frazetta Properties filed suit without attaching certificates of copyright registration, in violation of well-settled law.

2. Defendants requested production of the copyright certificates, to which Frazetta Properties did not respond, requiring Defendants move to compel [DIN 23] on August 29, 2022.

3. The court entered its Order directing Frazetta Properties to produce the certificates [DIN 25] on September 7, 2022.

4. After Frazetta Properties failed to comply with the court's Order, Defendants moved for sanctions [DIN 32] filed November 1, 2022, which the court denied under Order [DIN 36] issued November 26, 2022.

5. Frazetta Properties continued to disobey the court's Order.

6. On March 9, 2023, Defendants moved to delay mediation until Frazetta Properties produced registration certificates [DIN 39], which the court denied [DIN 40] the same day.

7. Frazetta Properties finally provided download registration certificates on or about March 30, 2023.

8. Thereafter, the parties filed their motions for summary judgment and the court entered its Order [DIN 128] finding in Frazetta Properties' favor.

9. The following are grounds for the court to reconsider the Order.

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

### A. No Presumption of Validity Exists as to Frazetta Properties' Certificates, Showing Images Registered More Than Five Years After Initial Publication

10. Frazetta Properties' registration certificates never had a presumption of validity because the images were not registered within five years of the first publication. See, *Stuart Weitzman, LLC v. Microcomputer Res., Inc.,* 542 F.3d 859, 863 (11th Cir. 2008) (17 U.S.C. § 410(c)'s provision that a valid certificate of registration satisfies jurisdictional requirement and is "prima facie evidence of validity of copyright and facts stated in the certificate" only when registration is filed within five years after the work's first publication).

11. Frazetta Properties, because their certificates showed registration of images more than five years after initial publication, were required, as an initial burden of proof, to establish a valid copyright. See, *Urbont v. Sony Music Ent.*, 831 F.3d 80, 88-89 (2d Cir. 2016); and see, *Carol Barnhart Inc. v. Econ. Cover Corp.,* 773 F.2d 411, 414 (2d Cir. 1985).

12. Defendants, in challenging the validity of Frazetta Properties' copyright registrations, would bear the burden of proof as to *presumptively valid copyrights* after Frazetta Properties established vailidity.

13. Frazetta Properties failed to establish validity of the registration certificates when they failed to submit copies of the application and deposit copies to the court. See, *Lifetime Homes, Inc. v. Residential Dev. Corp.,* 510

Case 8:22-cv-00581-WFJ-AEP    Document 154    Filed 04/09/24    Page 4 of 7 PageID 862

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

F.Supp. 2d 794, 800 (M.D. Fla. 2007) (Owner's cause of action for copyright infringement is unenforceable until compliance with the formalities of registration, including payment of fees and deposit of copies of the work, is shown, although copyright protection attaches upon an author's creation of an original work susceptible to copyright under 17 U.S.C. 102(a)).

### B. Frazetta Properties Failed to Prove Compliance With 17 U.S.C. § 408(a) to Claim Copyright Infringement

14. The registration requirement of 17 U.S.C. § 408 is a jurisdictional prerequisite to an infringement suit, requiring Frazetta Properties demonstrate to the court compliance with the registration process necessary to receive a certificate of copyright first submit to the Copyright Office a complete copy of the work (the "DEPOSIT COPY"). See, *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990); *St. Luke's Cataract and Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186, 1201 (11th Cir. 2009) (No claim for copyright infringement can be brought until the owner has complied with copyright registration procedures of 17 U.S.C. § 411(a), requiring payment of fees and submission of DEPOSIT COPIES of the work); and see, *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 863 (11th Cir. 2008) (Demonstration of compliance with 17 U.S.C. § 411(a)'s registration requirement is a jurisdictional prerequisite to copyright infringement suit).

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

15. Other Circuit Court of Appeal hold that a plaintiff has not borne his burden of proof to claim copyright infringement until he submits to the court all the application materials sent to the Copyright Office for the issuance of the registration certificate. See, *Latin American Music Co. Inc. v. Media Power Group, Inc.*, 705 F.3d 34 (1st Cir. 2013) (Affirming jury verdict for defendants, noting "LAMCO failed even to show that it had submitted all the necessary application materials for registration" citing 17 U.S.C. § 408(a)'s statutory requirement to submit an application, fee, and DEPOSIT COPY of the work to the Copyright Office); and see, *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (Affirming jury instruction to determine whether the *Taurus* DEPOSIT COPY was substantially similar to the musical composition of *Stairway to Heaven*, with the jury hearing the full DEPOSIT-COPY version played, then requiring jury find whether "any … musical elements that are original to *Taurus* … also appear in *Stairway to Heaven*").

16. Frazetta Properties failed to satisfy their initial jurisdictional hurdle, much less their burden of proof to demonstrate ownership of a valid copyright, despite court order to produce certificates and Defendants' invitation of the court's attention to differences in the parties' *Death Dealer II* and *Death Dealer V* images, advising Frazetta Properties' must submit proof that the images claimed infringed were validly copyright registered.

Case 8:22-cv-00581-WFJ-AEP   Document 154   Filed 04/09/24   Page 6 of 7 PageID 864

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

## II.   EXISTENCE OF GENUINE AND MATERIAL ISSUES PRECLUDED SUMMARY JUDGMENT IN FRAZETTA PROPERTIES' FAVOR

17.   The court may grant summary judgment only "if the pleadings, the discovery and disclosure material on file, and any affidavits" show there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). A "genuine" issue is one that would affect a reasonable jury's verdict, and a factual dispute is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

18.   Frazetta Properties was not entitled to summary judgment because they failed to submit copies of the applications and deposit copies submitted to the U.S. Copyright Office, required to sufficiently establish an element essential to their case to bear their burden of proof at trial. *Celotex*, 477 U.S. at 324; see also, *Anderson*, at 249-50, and 252.

19.   Proof of registration or an application to register a copyright is required to litigate a claim of copyright infringement, and a plaintiff must identify that a work is protected and the portions of a protected work that were copied. See, e.g., *Compulife Software Inc. v. Newman*, 959 F. 3d 1288 (11th Cir. 2020) citing, *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996), quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (Plaintiffs bear the burden of proof of (i) ownership of a valid copyright and (ii) unauthorized copying of the original work's constituent elements).

Case 8:22-cv-00581-WFJ-AEP   Document 154   Filed 04/09/24   Page 7 of 7 PageID 865

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

20. Frazetta Properties did not produce anything until the day of mediation, March 30, 2023, when they emailed uncertified copyright registration certificates bearing a 2009 copyright registration date for paintings claimed to have been published in 1989 and 1990.

21. Since March 13, 2022, when they filed their Complaint, Frazetta Properties has remained in non-compliance for a total of 759 days with the requirement to file copies of the applications and deposit copies.

### III. CONCLUSION

WHEREFORE, for the above-stated reasons, Defendants respectfully request this Honorable Court reconsider the factual findings and legal conclusion made in the Order [DIN 128] and withdraw the Order.

DATED APRIL 9, 2024

Respectfully submitted,

/s/: *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
LEIGH M. WILLIAMS LAW OFFICE, PLLC
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
           leigh@williamslegal.org
Tel. No.:  210 209-3030
           432 901-2141
*Attorney for Defendants*