UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC AND J. DAVID SPURLOCK,

    *Defendants.*

_____/

**DEFENDANTS' SUPPLEMENTAL BRIEF ON DAMAGES**

VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK submit their supplemental brief objecting to any award of attorneys fees or costs in this matter pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., and in support would show as follows:

### I. Plaintiff's Requested Remedies

1. Plaintiff FRAZETTA PROPERTIES, LLC's Complaint [DIN 1] seeks the following relief against Defendants for publication of *The Definitive Cover Art Frazetta Reference*:

    A. That Defendants' products and materials that infringe Plaintiffs' Death Dealer II, Death Dealer V, Death Dealer VI and other copyrighted Artworks in the Infringing Book, as well as any other articles that contain or embody copies of Plaintiffs' original work, be impounded pursuant to 17 U.S.C. §. 503(a);

Case 8:22-cv-00581-WFJ-AEP   Document 155   Filed 04/10/24   Page 2 of 4 PageID 867

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

B. That Defendants' products and materials that infringe Plaintiffs' copyrighted works, as well as any other articles that contain or embody copies of Plaintiffs' original work, be destroyed pursuant to 17 U.S.C. §. 503(b);

C. That Defendants be required to provide a full accounting to Plaintiffs for all profits derived from their infringing use and their production, reproduction, and preparation of derivative works based on, distribution, and display of Plaintiffs' works in all media, from all sources, worldwide;

D. That Defendants be ordered to pay Plaintiffs all damages, including future damages, that Plaintiffs have sustained or will sustain as a result of the acts complained of herein, and that Plaintiffs be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting;

E. That Defendants be ordered to pay to Plaintiffs' pre-judgment and post- judgment interest on all applicable damages;

F. That Defendants disgorge any and all profits earned;

G. Impound any and all inventory of Infringing Books to be destroyed;

H. That Defendants be permanently enjoined from all further infringement of works created by Frank Frazetta, Sr. owned by Plaintiffs; and

I. Such other or further relief as the Court may deem proper.

J. Plaintiffs seek attorneys' fees in accordance with 17 U.S.C. § 505.

Case 8:22-cv-00581-WFJ-AEP   Document 155   Filed 04/10/24   Page 3 of 4 PageID 868

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

## II. Frazetta Properties is Not Entitled to Remedies Under 17 U.S.C. § 502 (Injunctions); 17 U.S.C. § 503 (Impounding & Disposition of Infringing Articles); 17 U.S.C. § 504 (Damages & Profits); or 17 U.S.C. § 505 (Costs & attorney's fees)

2. Frazetta Properties failed to establish validity of the copyright registration certificates when they failed to submit copies of the application and deposit copies to the court during the pendency of the case, and accordingly, are not entitled to any relief pursuant to 17 U.S.C. §§ 502, 503, 504, and 505. See, *Lifetime Homes, Inc. v. Residential Dev. Corp.*, 510 F.Supp. 2d 794, 800 (M.D. Fla. 2007) (Cause of action for copyright infringement is unenforceable until compliance with the formalities of registration, including deposit of copies of the work, is shown); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990) (Registration requirement of 17 U.S.C. § 408 is a jurisdictional prerequisite to an infringement suit, requiring plaintiff demonstrate to the court compliance with the registration process necessary to receive a certificate of copyright, including a complete copy of the work (the "DEPOSIT COPY"); *St. Luke's Cataract and Laser Institute, P.A. v. Sanderson,* 573 F.3d 1186, 1201 (11th Cir. 2009) (No claim for copyright infringement can be brought until plaintiff complies with copyright registration procedures of 17 U.S.C. § 411(a), requiring payment of fees and submission of DEPOSIT COPY of the work); and see, *Stuart Weitzman, LLC v. Microcomputer Res., Inc.,* 542 F.3d 859, 863 (11th Cir. 2008) (Demonstration of compliance with 17 U.S.C. § 411(a)'s registration requirement is a jurisdictional prerequisite to copyright infringement suit).

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

3. Because Frazetta Properties failed to submit proof of the application and deposit copy to the U.S. Copyright Office to prove the validity of the copyright registration certificates in compliance with 17 U.S.C. § 411(a) in order to litigate a claim of copyright infringement, no relief is available to them under the Copyright Act, 17 U.S.C. § 101 et seq.

## CONCLUSION

FOR THE ABOVE STATED REASONS, Defendants respectfully object to the award of attorney's fee, costs, or other monetary damages as unavailable to Frazetta Properties pursuant to failure to comply with the statutory requirements of the Copyright Act, 17 U.S.C. § 101, et seq.

DATED: APRIL 10, 2024

Respectfully submitted,

/s/: *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
LEIGH M. WILLIAMS LAW OFFICE, PLLC
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
            Leigh@williamslegal.org
Tel. No.: 432 901-2141
*Attorney for Vanguard Productions, LLC*
*and J. David Spurlock*