UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L.
FRAZETTA, AND FRAZETTA
PROPERTIES, LLC,
    *Plaintiffs,*

vs.

VANGUARD PRODUCTIONS, LLC,
AND JESSE DAVID SPURLOCK,
    *Defendants.*

_____/

**PLAINTIFF'S AMENDED BRIEF
ON DAMAGES, ATTORNEYS' FEES AND COSTS**

In his Order dated April 4, 2024, the Honorable Judge Jung directed Plaintiff to file an Amended Brief for the Damages, Attorneys' Fees and Costs sought by Plaintiff to be paid by Defendants Jesse David Spurlock and Vanguard Production, LLC (collectively, "Spurlock Defendants"). Plaintiff was directed to file this Amended Brief filed by April 11, 2024.

**MEMORANDUM OF LAW AND ANALYSIS**

The Honorable Judge Jung directed Plaintiff to review the cases of Strober v. Harris, 8:20-cv-2663-MSS-JSS (M.D. Fla. Nov. 23, 2021); and Johnston v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir 1974), with consideration given to Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197 (2016).

## Strober v. Harris

In Strober v. Harris, the copyright infringer (Harris) did not Answer Strober's Complaint and Strober filed a Motion for Default Judgment. Although the Motion was granted, the Court held that damages could be awarded via a hearing or a demonstration of detailed affidavits establishing the necessary facts. The court determined that Harris's decision to continue displaying the work was willful based on, among other things, defendants' continued performance of the work "despite Plaintiffs' notices and demands for Defendants to cease and desist."

Although the Spurlock Defendants were sent a cease and desist letter (please see Exhibit A to Complaint), the letter is not required to pursue a claim for infringement. In this case, the past dealings, including litigation that ended with the 2010 Settlement Agreement, demonstrate that the Spurlock Defendants had knowledge of the copyrights, but willfully infringed them. This is further demonstrated by the Defendants' Motion to Reconsider filed on April 9, 2024, in which the Spurlock Defendants offer the same arguments raised in several prior motions, filings and pleadings with the court. The Motion, which was filed 60 days after the Honorable Judge Jung's Order was entered, is presumably based on Federal Rule of Civil Procedure 59, it is presumed to be Rule 59, because the Spurlock Defendants' failed to state a basis for their Motion to Reconsider.

Spurlock Defendants were not innocent infringers. They knew the owners of the infringed Copyrights and deliberately chose to infringe by publication for the sole purpose of pecuniary gain. Their April 9 Motion demonstrates their willful

misconduct. The Defendants has published another book Frazetta World's Best Comics Cover Artist without agreement with the Copyright owner to do so. In fact, some pages in the book are "black" and refer to being withheld at the request of the family. However, Spurlock Defendants failed to black all the copyright protected images and another lawsuit will be filed shortly to address the infringements in that book.

## Johnson v. Georgia Highway Express, Inc.

In Johnson v. Georgia Highway Express, Inc., pursuant to Title VII of the Civil Rights Act of 1964 § 706(k), 42 U.S.C.S. § 2000e-5(k), the court, in its discretion, could allow the prevailing party to recover a reasonable attorney's fee as part of the cost of litigation, and the Court employed a 12-factor analysis in determining the amount of attorneys' fees to award.

The multi factored analysis employed in Johnson was analyzed by the U.S. Supreme Court case of Perdue v. Kenny A., 559 U.S. 542, 550-51, 130 S. Ct. 1662, the Supreme Court referenced the analysis used in Johnston and stated as follows.

"The case of Johnson v. Georgia Highway Express, which listed 12 factors that a court should consider in determining a reasonable fee. This method, however, "gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." Delaware Valley I, supra, at 563, 106 S. Ct. 3088, 92 L. Ed. 2d 439.
An alternative, the lodestar approach, was pioneered by the Third Circuit in Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (1973), appeal after remand, 540 F.2d 102 (1976), and "achieved dominance in the federal courts" after our decision in Hensley. Gisbrecht v. Barnhart, 535 U.S. 789, 801, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). "Since that time, [3] '[t]he "lodestar" figure has, as its name suggests, become the guiding light of our fee-

shifting jurisprudence.' " Ibid. (quoting Dague, supra, at 562, 112 S. Ct. 2638, 120 L. Ed.2d 449)."

    Perdue v. Kenny A., 559 U.S. 542, 550-51, 130 S. Ct. 1662, 1671-72 (2010).

    Johnson's twelve factors for awarding attorneys' fees follow.

(1) *The time and labor required.*

(2) *The novelty and difficulty of the questions.*

(3) *The skill requisite to perform the legal service properly.*

(4) *The preclusion of other employment by the attorney due to acceptance of the case.*

(5) *The customary fee.*

(6) *Whether the fee is fixed or contingent.*

(7) *Time limitations imposed by the client or the circumstances.*

(8) *The amount involved and the results obtained.*

(9) *The experience, reputation, and ability of the attorneys.*

(10) *The "undesirability" of the case.*

(11) *The nature and length of the professional relationship with the client.*

(12) *Awards in similar cases.*

    I am a solo practitioner engaged to try the case brought in Sarasota County Circuit Court. I then was engaged to pursue this case. This case was time consuming and was highly contested, was evidenced by the most recent Motion filed by the Spurlock Defendants. As shown on Exhibit A, attorneys' fees and costs affidavit, and shown by the court docket, there was many Motions to draft and oppositions to draft and each required research.

## Kirtsaeng v. John Wiley & Sons, Inc.

Kirtsaeng considers attorneys' fees and statutory damages. 17 U.S.C.S. 505 provides for the award of attorneys' fees. There is no precise formula and the Court is given broad discretion to award attorneys' fees. The court must determine the amount of fees to be awarded on a case by case basis.

The Court held that the one factor to consider was the reasonableness of the infringer's position. In this case, the Spurlock Defendants position was unreasonable throughout the litigation with the Defendants seeking to reargue each of this Honorable Court's decisions, despite the fact that the Court gave the Spurlock Defendants many opportunities to argue their positions. In the end, the Spurlock Defendants still did not accept the Honorable Judge Jung determination and Order.

The amount of attorneys' fees and costs are stated on Exhibit A and the amount of damages are provided on Exhibit B.

## CONCLUSION

Plaintiff respectfully requests this Court enter and award of $150,000.00 in statutory damages for each infringed work and the award of Plaintiff's costs and attorneys' fees incurred by Plaintiff in bringing this action, and for such other and further relief as the court deems appropriate and justice requires.

DATED: April 11, 2024

/s/ Jack W. Merritt
Jack W. Merritt, JD, MBA.
FBN: 0052248
Merritt Law, P.A.

Mediterranea Professional Park
690 South Tamiami Trail
Osprey, FL 34229

office@merrittlaw.net
941.445.4841
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY the foregoing was filed on April 11, 2024, and copy provided via CMECF to Defendants.

/s/ Jack W. Merritt
Jack W. Merritt, JD, MBA.
FBN: 0052248
Merritt Law, P.A.