UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs,*

v.

VANGUARD PRODUCTIONS, LLC AND J. DAVID SPURLOCK,

    *Defendants.*

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S REQUESTED DAMAGES**

VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK submit their response opposing FRAZETTA PROPERTIES, LLC's ("Frazetta Properties") brief requesting damages, and would show as follows:

1. FRAZETTA PROPERTIES have neither provided an attorney fee statement specifying the hours incurred nor a statement regarding the damages allegedly suffered despite court order to provide them by April 11.

2. Frazetta Properties have again been given additional time, until April 15, to file these statements, putting Defendants behind the eight ball for the umpteenth time to defend against another delayed brief of Frazetta Properties in this litigation.

Case 8:22-cv-00581-WFJ-AEP   Document 158   Filed 04/12/24   Page 2 of 6 PageID 877

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

3. Defendants repeat their objection to Frazetta Properties' pattern of willful non-compliance with court orders and their successful, erroneous opposition of the duty to bear their burden of proof of copyright infringement.

4. FRAZETTA PROPERTIES' brief [DIN 156] claims attorney's fees and damages on the grounds of entitlement to unproven damages erroneously asserted under the Copyright Act, as follows:

**(i) willful infringement**

5. Defendants admit they reproduced Death Dealer images previously reproduced in the 2008 and 2010 editions of the Frazetta-branded "*Definitive Reference*" books, relying in good faith on the parties' publishing agreement, drafted by attorneys for both parties in clear, unambiguous terms.

**(ii) Defendants' arguments that (i) Frazetta Properties' copyright infringement claims against Defendants for reproducing images that differed from images Frazetta Properties claims to own, and (ii) Frazetta Properties' failure to submit required proof of infringement in the form of copyright registration certificates and deposit copies fails to prove a prima facie case and fails to prove copyright infringement are "frivolous"**

6. Frazetta Properties' assertion that they incurred time drafting opposition briefs arguing that they had no duty to produce documents proving the validity of copyright certificates, and that no proof was required to show the images claimed infringed were copyright protected, both of which successfully invited court error, is absolutely disagreed with by Defendants, who raised material facts to preclude summary judgment improvidently granted in

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-*CV*-00581 *WFJ-AEP*

Frazetta Properties' favor and erroneously ignoring statutory requirements to prove copyright registration.

7. Defendants do not deny they argued their right to be apprised of the specific images Frazetta Properties' claims of infringement were based when Frazetta Properties' complaint showed images differing from the original Death Dealer II and V paintings reproduced in Defendants' 2024 edition of the Frazetta-branded *Definitive Reference* books.

8. Defendants do not deny that Frazetta Properties' attorney incurred time to oppose production of the copyright registration materials at every turn, successfully inviting court error to find that Frazetta Properties' claim of copyright infringement required no proof of copyright protection of the images claimed infringed and that Defendants' showing of the reproduced images as differing from images claimed by Frazetta Properties was not material.

9. Defendants do not deny they argued and showed Frazetta Properties' complaint failed to state a cause of action due to the differing images, raised and argued in Defendants' following documents:

> DIN 14 and 15 (Answers, ¶¶ 22)
>
> DIN 23 (Defendants' motion to compel production)
>
> DIN 32 (Defendants' motion for sanctions, failure to comply with court order)
>
> DIN 39 (Defendants' motion to continue mediation, Plaintiffs' failure to produce copyright registration certificates)
>
> DIN 51 (Pre-Trial Statement, § 11(a))

Case 8:22-cv-00581-WFJ-AEP   Document 158   Filed 04/12/24   Page 4 of 6 PageID 879

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581-WFJ-AEP

    DIN 58 (Defendants' response to Plaintiffs' motion to continue trial, ¶ 7)

    DIN 87 (Affidavit of Spurlock)

    DIN 87-4 and 87-5 (Specific comparisons of differences in the parties' Death Dealer II and V images)

    DIN 92 (Defendants' opposition to enlarge time for Plaintiffs to file affidavit on the basis that Plaintiffs had not provided a deposit copy as of November 2, 2023)

    DIN 96 (Defendants' Statement of Undisputed Facts, §§ 1,2)

    DIN 103 (Defendants' Motion to File 2d MSJ)

    DIN 107 (Defendants' Amended Answer)

    DIN 111 (Defendants' 2d MSJ)

    DIN 122 (Defendants' Reply to Plaintiffs' Response to Defendants' 2d MSJ)

10. Defendants do not deny Frazetta Properties' accusation that Defendants disagreed with the court's order [DIN 128] and that Defendants moved to reconsider (under F.R.C.P. 60) the order granting summary judgment [DIN 128] as improvidently made on the basis that Frazetta Properties invited court error by arguing their copyright infringement claims of images differing from the images reproduced in Defendants' book required no proof of the validity of the copyright registration and that Defendants' showing that the images differed lacked sufficient materiality to preclude summary judgment in Frazetta Properties' favor, and that Defendants were not prejudiced in their ability to defend against Frazetta Properties' claims of copyright infringement. [DIN 128].

Case 8:22-cv-00581-WFJ-AEP   Document 158   Filed 04/12/24   Page 5 of 6 PageID 880

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

11. Defendants assert sufficient grounds to appeal the court's reversible error finding discretion to hold Defendant's showing of differing images as lacking sufficient materiality to preclude granting Frazetta Properties' motion for summary judgment.

12. Defendants' submission of briefs supporting Frazetta Properties' repeated invitation to error concerning proof of copyright ownership of the images in question is adequately preserved for appeal.

13. Defendants place Frazetta Properties on notice that Defendants have ordered copies of Frazetta Properties' applications, deposit copies, and other registration documents for *Death Dealer II* and *Death Dealer V* from the U.S. Copyright Office, and intend to use these certified copies to defend against Frazetta Properties' claims upon remand of a successful appeal, or in subsequent litigation against Frazetta Properties claiming fraudulent assertions of copyright infringement, seeking to invalidate Frazetta Properties' copyright registrations of *Death Dealer II* and *Death Dealer V* resulting from Frazetta Properties' false statements in applications to register copyrights.

14. Defendants' Rule 60 motion to reconsider rebuts Frazetta Properties' claims alleging copyright ownership of the images, and shows their false allegations and refusal to provide proof of the alleged validity of the copyright registration certificates invited court error to incorrectly find that Frazetta Properties enjoyed a presumption of validity despite the 20 year gap between initial publication and registration of copyright ownership, and accordingly the late-filed registrations were legally sufficient to prove

Case 8:22-cv-00581-WFJ-AEP   Document 158   Filed 04/12/24   Page 6 of 6 PageID 881

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

infringement claims, erroneously absolving Frazetta Properties of the duty to establish validity of the copyright certificates by submission of deposit copies to validate ownership of the images claimed infringed.

15. To date, Frazetta Properties have failed to establish the validity of the copyright certificates and have failed to prove infringement of the images alleged but deliberately refused to be proven to be copyright protected.

## **CONCLUSION**

FOR THE ABOVE STATED REASONS, Defendants respectfully object to any award of attorney's fee, costs, or monetary damages, pursuant to Frazetta Properties' failure to submit registration materials, and thus failing to show entitlement to relief available under the Copyright Act, 17 U.S.C. §§ 502, 503, 504, and 505, which failure resulted in their invitation to court error by erroneously arguing no duty to comply with statutory requirements set forth in the Copyright Act, 17 U.S.C. § 101, et seq.

DATED: APRIL 12, 2024

                                         Respectfully submitted,

/s/: *Leigh M. Williams*
              Leigh M. Williams, Esq.
              LEIGH M. WILLIAMS LAW OFFICE, PLLC
              1701 W. Kansas Ave.
              Midland, TX 79701
              E-mail: mcmillan.esq@gmail.com
                      Leigh@williamslegal.org
              Tel. No.: 432 901-2141
              *Attorney for Vanguard Productions, LLC*
              *and J. David Spurlock*