UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

HOLLY J. FRAZETTA, HEIDI L. FRAZETTA, AND FRAZETTA PROPERTIES, LLC,

    *Plaintiffs*,

v.

VANGUARD PRODUCTIONS, LLC AND J. DAVID SPURLOCK,

    *Defendants*.

_____/

## DEFENDANTS' OBJECTION TO AN AWARD OF ATTORNEYS FEES OR COSTS TO PLAINTIFF AS BARRED BY LAW

Defendants VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK continue to strenuously object to any award of damages to Frazetta Properties, LLC ("Properties"), who failed to produce copyright registration certificates until after close of discovery and failed to prove validity of copyright registration certificates at any time, shown as follows:

### I. Timeline of Properties' Lapses

    A. On March 13, 2022, Properties filed suit without attaching copyright registration certificates and deposit copies.

    B. On August 29, 2022, Defendants moved to compel production of copyright registration certificates. [DIN 23]

    C. On September 7, 2022, the court directed Properties to produce the copyright registration certificates. [DIN 25].

Case 8:22-cv-00581-WFJ-AEP   Document 160   Filed 04/15/24   Page 2 of 8 PageID 899

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

D. On November 1, 2022, Defendants moved to sanction Properties for failing to comply with the Order. [DIN 32]

E. On November 26, 2022, the court denied Defendants' motion. [DIN 36]

F. Properties continued to flout the court's Order to Produce.

G. On February 20, 2023, the deadline for discovery expired. [DIN 22]

H. On March 9, 2023, Defendants moved to continue mediation based on Properties' failure to produce copyright registration certificates. [DIN 39]

I. On March 9, 2023, the court denied [DIN 40] Defendants' motion.

J. On March 15, 2023, Properties emailed downloaded copyright registration certificates to Defendants. (Ex. 1)

K. Defendants raised and argued Properties' failure to produce certificates or prove the certificates' validity in the following documents:

  i. DIN 14 and 15 (Answers, ¶¶ 22)

  ii. DIN 23 (Motion to compel production)

  iii. DIN 32 (Motion for sanctions, failure to comply with court order)

  iv. DIN 39 (Motion to continue mediation, failure to produce certificates)

  v. DIN 51 (Pre-Trial Statement, § 11(a))

  vi. DIN 58 (Response, Properties' motion to continue trial, ¶ 7)

  vii. DIN 87 (Affidavit of Spurlock)

Case 8:22-cv-00581-WFJ-AEP  Document 160  Filed 04/15/24  Page 3 of 8 PageID 900

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

  viii. DIN 87-4 and 87-5 (Comparing differences in parties' *Death Dealer II* and *V* images)

  ix. DIN 92 (Opposition to Properties' motion to enlarge time; Properties submitted no deposit copies)

  x. DIN 96 (Statement of Undisputed Facts, §§ 1, 2)

  xi. DIN 103 (Motion to File 2d MSJ)

  xii. DIN 107 (Amended Answer)

  xiii. DIN 111 (2d MSJ)

  xiv. DIN 122 (Reply to Properties' Response to 2d MSJ)

## II. Properties Failed to Establish Certificates' Validity as to Images Registered More Than Five Years After Initial Publication

1. Production of a registration certificate made before or within five years after the first publication of the work constitutes prima facie evidence of the copyright's validity (17 U.S.C. § 410(c)), but if "other evidence in the record casts doubt on the question, validity will not be assumed." *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 166 (2d Cir. 2003))

2. "Although the party challenging the validity of a copyright registration bears the burden of proof, that burden attaches only for presumptively valid copyrights; plaintiffs bear the burden of establishing that presumption." *Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411, 414 (2d Cir. 1985))

Case 8:22-cv-00581-WFJ-AEP   Document 160   Filed 04/15/24   Page 4 of 8 PageID 901

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

3. Because Properties' certificates showed images registered well more than five years after initial publication, Properties were required to establish a valid copyright as their initial burden of proof. See, *Urbont v. Sony Music Ent.*, 831 F.3d 80, 88-89 (2d Cir. 2016); *Carol Barnhart Inc. v. Econ. Cover Corp.*, 773 F.2d 411, 414 (2d Cir. 1985).

4. <u>This court, in its Order [DIN 128] finding in favor of Properties, cited *Lifetime Homes, Inc. v. Residential Dev. Corp.*, 510 F.Supp. 2d 794, 800 (M.D. Fla. 2007), which clearly holds that a cause of action for copyright infringement is unenforceable until compliance with the formalities of registration, including payment of fees and deposit of copies of the work, is shown</u>.

### III. Properties' Failure to Submit Deposit Copies Bars Copyright Infringement Claims

5. <u>The registration requirement of 17 U.S.C. § 408 is a jurisdictional prerequisite to an infringement suit, requiring Properties to show the court compliance with the copyright registration process by demonstration that they submitted a bona fide deposit copy of the image to the Copyright Office, entitling them to receive a certificate of copyright</u>. *St. Luke's Cataract and Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186, 1201 (11th Cir. 2009) (No claim for copyright infringement can be brought until owner shows compliance with 17 U.S.C. § 411(a), requiring submission of DEPOSIT COPIES of the work).

6. "The scope of the copyright is limited by the deposit copy." *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1063 (9th Cir. 2020). Properties failed to show the scope of their purported copyright claim by failing to submit deposit copies of the images claimed.

7. Deposit copies are necessary "to enable other authors to inspect them in order to ascertain precisely what was the subject of copyright." *Merrell v. Tice*, 104 U.S. 557, 561, 26 L. Ed. 854 (1881) (Holding deposit copies necessary to litigate a claim for copyright infringement).

8. The Copyright Act of 1976, 17 U.S.C. § 407(a), requires creators to deposit "complete" copies of the work to the Copyright Office with sufficient material to identify the work in which the registrant claims a copyright in order to "prevent confusion about which work the author is attempting to register." *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161-62 (1st Cir. 1994); abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2012).

9. The deposit copy represents the creator's entire claim to a copyright or protects original material to the extent it is contained in the deposit copy. See, *Copyright Office Compendium* § 504 (3d ed. 2017) (Registration for a work covers the entire copyrightable content of the

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

authorship that (i) is claimed in the application, (ii) is owned by the claimant, and (iii) is contained in the deposit copy(ies)").

10. A claimant who fails to produce a deposit copy fails to meet their burden of proof in a copyright infringement claim. See, *Parker v. Hinton,* 2023 U.S. App. LEXIS 1931; 2023 Fed. App. 0049N; 2023 WL 370910 (6th Cir. 2023) (Affirming summary judgment in favor defendants, and against plaintiffs who failed to submit or produce a deposit copy, preventing them from maintaining a claim for copyright infringement).

11. The first part of the 17 U.S.C. § 411(b)(1) analysis requires the court to determine whether a plaintiff included inaccurate information in the application for copyright registration. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178 (U.S. 2022), citing, 17 U.S.C. § 411(b)(1)(A). In the instant case, Defendants vigorously protested that the images Properties claimed differed from those Defendants reproduced.

12. To obtain registration, the creator of a work must submit a copy of the work and an application to the U.S. Copyright Office. *Unicolors,* 595 U.S. at 181 (citing 17 U.S.C. §§ 408, 409).

13. Section 408 of the Copyright Act "permits the deposit of "bona fide copies of the original work only." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (quoting *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1322 (9th Cir. 1986)).

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

14. A bona fide copy is a copy that is "virtually identical to the original and must have been produced by directly referring to the original." *Kodadek*, 152 F.3d at 1212.

15. Neither a reconstruction of the work, nor a later version of the work is considered a bona fide deposit copy. *Kodadek*, 152 F.3d at 1212; *Torres-Negron v. J&N Records, L.L.C.*, 504 F.3d 151, 163-64 (1st Cir. 2007); *Coles v. Wonder,* 283 F.3d 798, 802 (6th Cir. 2002) (Holding 1990 recording was not a copy, but a reconstruction, therefore plaintiff did not have a valid copyright registration for 1982 version); *Geoscan, Inc. of Tex. v. Geotrace Techs., Inc.*, 226 F.3d 387, 393 (5th Cir. 2000) (Holding "later versions of source code" did not constitute complete copy of original source code for purposes of copyright registration).

16. Properties' failure to submit a deposit copy, before or after the deadline for discovery expired, is fatal to their claim of copyright infringement, and bars judgment in their favor as well as any award for damages, fees, and costs.

### IV. CONCLUSION

WHEREFORE, for the above-stated reasons, Defendants object to the award of any fees or costs to Frazetta Properties, LLC.

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

DATED APRIL 15, 2024

                                Respectfully submitted,

/s/: _____
        Leigh M. Williams, Esq.
        LEIGH M. WILLIAMS LAW OFFICE, PLLC
        1701 W. Kansas Ave.
        Midland, TX 79701
        E-mail: mcmillan.esq@gmail.com
                leigh@williamslegal.org
        Tel. No.: 210 209-3030
                432 901-2141
*Attorney for Defendants*