UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRAZETTA PROPERTIES, LLC**,

    Plaintiff,

v.                                Case No. 8:22-cv-00581-WFJ-AEP

**VANGUARD PRODUCTIONS, LLC**, and,
**JESSE DAVID SPURLOCK**

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendants Vanguard Productions, LLC and Jesse David Spurlock's Motion to Reconsider (Dkt. 154). After careful consideration, the Court denies Defendants' Motion.

This District recognizes "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Adams v. Boeneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020) (citations omitted). A motion for reconsideration cannot be used to relitigate old matters or present evidence and arguments that could have been raised prior to the entry of judgment. *Allaben v. Howanitz*, 579 F. App'x 716, 719 (11th Cir. 2014). The movant bears the burden of presenting facts or law of a strongly convincing nature to persuade a court to reverse its prior decision. *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303,

1

1310 (M.D. Fla. 2017). Ultimately, a motion for reconsideration is an extraordinary remedy that should be granted sparingly. *Id.*

The Court finds that Defendants have not met this heavy burden. Defendants ask the Court to reconsider "the finding that [Plaintiff] enjoyed a presumption of validity as to the Registration Certificates." Dkt. 154 at 1. The Court made no such finding. Dkt. 128 at 8. Defendants also argue that the Court erred in holding Plaintiff owns a valid copyright in the artwork at issue in the instant case. Dkt. 154 at 1. They undergird this assertion with two distinct theories, neither meritorious.

First, Defendants argue that Plaintiff failed to establish copyright ownership because it did not file "copies of the application and deposit copies to the court." *Id.* at 2. But they do not cite any caselaw—much less an intervening change in controlling caselaw—to support this theory. In the majority of their cited cases, the court accepted a certificate of registration, on its own, as evidence of copyright ownership. *St. Luke's Cataract and Laser Inst. v. Sanderson*, 573 F.3d 1186, 1201 (11th Cir. 2008); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1489 (11th Cir. 1990); *Lifetime Homes, Inc. v. Residential Dev. Corp.*, 510 F. Supp. 2d 794, 800 (M.D. Fla. 2007). In one case, the First Circuit mentioned the practice of permitting plaintiffs to file application documents *in leu of* registration certificates. *Latin Am. Music Co. v. Media Power Grp.*, 705 F.3d 34, 43 n.11 (1st Cir. 2013). This practice is only appropriate in "limited circumstances" and in no way requires

every copyright plaintiff to file its application materials. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019).

Second, Defendants resurrect their argument that the infringing images printed in their book are not the same images to which Plaintiff owns a copyright. The Court thoroughly addressed this argument in its Order. Dkt. 128 at 10–16. Defendants point to no new law, evidence, clear error, or manifest injustice warranting a reconsideration of this issue.

Accordingly, Defendants' Motion for Reconsideration is **DENIED**. **DONE AND ORDERED** at Tampa, Florida, on April 16, 2024.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record