UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

FRAZETTA PROPERTIES, LLC,

    *Plaintiff,*

v.

VANGUARD PRODUCTIONS, LLC,
and J. DAVID SPURLOCK,

    *Defendants.*

_____/

## **DEFENDANTS' RENEWED MOTION FOR RECONSIDERATION**

Defendants VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK, pursuant to Fed.R.Civ.Pro. 60(b), renew the request for reconsideration of the Order [DIN 128] finding Defendants infringed Plaintiff's copyrighted images, and in support, would show as follows:

1.    Plaintiff granted Defendants license to reproduce copyrighted images under Part B of the Parties' 2010 Settlement Agreement resolving litigation between Defendants and the late Frank Frazetta, entitled the "*Frazetta Endorsement & Trademark License Agreement* ("Licensing Agreement") [**DIN 87-2**], signed by Frazetta Properties' manager/members William R. Frazetta, Holly Jean Frazetta Taylor, and Heidi Lee (Frazetta) Grabin, which entity is the "business arm" of Frank Frazetta.

2.     A copy of the 2010 Licensing Agreement is attached to the Affidavit of Joe Weber [DIN 87] as an exhibit [DIN 87-2], showing the rights Plaintiff granted Defendants:

> (i)     the exclusive right to create a Frazetta-branded series of books featuring the art of Frank Frazetta
>
> (ii)    the right to publish editions of the *Definitive Reference* "*in perpetuity;*" and "*to update, revise text, replace images, re-design and publish this Frazetta Book as Licensee sees fit, without payment of royalties or submitting sales reports.*"

[DIN 87-2, p. 18; Sec. 4 (A)].

3.     In support of Defendants' position that they were permitted to reproduce copyrighted images, Defendants filed the Parties' January 13, 2015 letter acknowledging Defendants' license to reproduce Frazetta Properties' copyrighted images [**DIN 95-4**[1]], signed by David Spurlock and Frazetta Properties manager/members William R. Frazetta, Holly Jean Frazetta Taylor, and Heidi Lee (Frazetta) Grabin, and addressed to publishers Dark Horse Comics and Diamond Comics Distributors.

4.     Despite the fact that all three editions of the Book contained the copyrighted images of Frazetta art in question, Plaintiffs denied that the 2010 Licensing Agreement granted Defendants license to reproduce copyrighted images. (See, "Affidavit of Joseph Weber," DIN 94, p. 4).

---

[1] DIN 95 is cited in FN 2, p. 20 of the Order but DIN 95-4 was not included in the analysis of Defendants' argument that the 2010 Licensing Agreement bound the Parties.

5.    Defendants responded by filing a copy of the 2015 letter [**DIN 95-4**] acknowledging Defendants' license, stating, in pertinent part:

> Since 2010, ONLY Vanguard is Authorized and Endorsed by Frank Frazetta. As per various agreements with Frazetta Properties LLC, the legal successors of Frank Frazetta; and as announced in the joint Frazetta-Vanguard press release of March, 8, 2010 titled, "Frank Frazetta Signs with Vanguard Publishing"; *Vanguard is the exclusive, authorized book publisher of artwork copyright Frank Frazetta and/or Frazetta Properties LLC.*
>
> As per the agreements signed by Frank Frazetta and a majority of Frazetta Properties LLC members, *Vanguard's EXCLUSIVE rights are in effect from March 1st, 2010 through January 1st, 2025.*
>
> *In addition to Vanguard's EXCLUSIVE rights to publish copyrighted Frazetta works,* Vanguard ALSO has EXCLUSIVE rights to use the registered Frazetta trademark, and any other common law Frazetta marks, in branding to promote Frazetta-related Vanguard publications including but not limited to, ALL comics works by Frazetta from 1963 and earlier (including but not limited to Snowman, Thunda, Untamed Love, White Indian, Johnny Comet, etc.).

"Rebuttal Affidavit of David Spurlock" [DIN 95] attaching the 2015 letter [DIN 95-4]; emphasis added.

6.    Plaintiff's "Response Affidavit of Joseph Weber" [DIN 100] did not dispute the validity of the Parties' 2015 acknowledgement letter, nor did Plaintiff dispute the 2105 letter at any time prior to the entry of the court's Order [DIN 128] ruling on the Parties' summary judgment motions.

## II.    RECONSIDERATION OF THE RULING IS APPROPRIATE

7.    The Parties' 2015 letter raised a material issue of fact and Frazetta Properties' failure to dispute the acknowledgement of the grant of license during the four months between the November 9, 2023 filing of the 2015 letter and the entry of the court's Order on February 9, 2024 was sufficient to preclude summary judgment in Plaintiff's favor.

8.    "A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Bald Guy C-Store, Inc. v. United States,* 2024 U.S. Dist. LEXIS 64279, at *3-*4 (M.D. Fla. April 4, 2024), quoting, *Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993); *accord, Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

9.    A court determines a motion to reconsider an order pursuant to Fed.R.Civ.Pro. 60(b) under the same analysis used for a motion to reconsider pursuant to Fed. R. Civ. P. 59(e). *Bald Guy C-Stor*e, at *3-*4, *citing, Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (Motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]"), *accord, Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).

10.    "Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision." *Bald Guy C-Store*, at *3-*4, *quoting, Madura v. BAC Home Loans Servicing L.P.,* 2013 U.S. Dist. LEXIS 113262, 2013 WL 4055851, at *1 (M.D. Fla. Aug. 12, 2013) (citation omitted); *and see, Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (To prevail on a motion to reconsider, movant must identify "manifest errors of law or fact" or extraordinary circumstances).

11.    In the instant case, Defendants respectfully invite the court's attention to the 2015 letter filed prior to summary judgment, attached as Exhibit 4 [DIN 95-4] to the Affidavit of David Spurlock [DIN 95], which raises a genuine issue of material fact sufficient to preclude summary judgment in Plaintiff's favor as to the claim for copyright infringement.

### III.    Summary Judgment - Material Issues of Fact

12.    Defendants respectfully maintain that the filing of the undisputed 2015 letter [DIN 95-4] raised material fact issues sufficient to preclude summary judgment in Plaintiff's favor.

13.    Federal Rule of Civil Procedure 56(a) provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See, *Clark v. Polk Cty. Sch. Bd.*, No. 8:22-cv-001885-WFJ-

NHA, 25024 U.S. Dist. LEXIS 4933, at *6 (M.D. Fla. Jan. 10, 2024) (citing, *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 742 (11th Cir. 1996).

14.   An issue of material fact is deemed "genuine" when "a reasonable jury could return a verdict for the nonmoving party." *Clark*, at *4, quoting, *Anderson*, 477 U.S. at 248.

15.   A "material" fact is one that "could affect the outcome of the lawsuit under the governing law." *Clark*, 2024 U.S. Dist. LEXIS 4933, at *4, quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

16.   The court determines the existence, vel non, of a genuine dispute of material fact by viewing the record evidence, "drawing all factual inferences therefrom in a light most favorable to the non-moving party" and "resolve any reasonable doubts in the non-moving party's favor." *Clark*, 2024 U.S. Dist. LEXIS 4933, at *4, citing, *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).

17.   The court should only grant summary judgment "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Clark*, 2024 U.S. Dist. LEXIS 4933, at *4, quoting, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

18.   Defendants, by filing the Parties' 2015 letter, bore their initial burden "showing the absence of any genuine issues of material fact that

would require a trial." See, e.g., *Grethaka Sols. OU v. Click Labs, Inc.*, 2024 U.S. Dist. LEXIS 14874, at *3 (M.D. Fla. Jan. 29, 2024), citing, *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

19. After Defendants discharged their burden, Plaintiff was required to "come forward" with specific facts in the record to show the existence of a genuine dispute of material fact warranting a trial. See, *Grethaka Sols. OU*, 2024 U.S. Dist. LEXIS 14874, at *3, citing, *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

20. Plaintiff failed to dispute the 2015 letter's validity or binding nature, and nothing in the record indicates the existence of such fact. Federal Rule of Civil Procedure 56 requires a party genuinely disputing a material fact "to support the assertion by: (A) citing to particular parts of materials in the record … or (B) showing that the materials cited do not establish the absence … of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Kol B'Seder, Inc. v. Certain Underwriters at Lloyd's of London*, 766 F. App'x 795, 799 (11th Cir. 2019), citing, Fed. R. Civ. P. 56(c)(1).

21. Plaintiff failed to dispute the 2015 letter by submitting affidavits or declarations made on personal knowledge by an affiant or

declarant competent to testify on the matters, setting out facts admissible in evidence. *Kol B'Seder, Inc.*, at 800, citing, F.R.C.P. 56(c)(4).

22.   The 2015 letter unambiguously acknowledges the Parties' meeting of the minds as to the terms of the 2010 Licensing Agreement, resulting in the absence of any genuine dispute of material issue of fact.

## III.  CONCLUSION

WHEREFORE, Defendants respectfully request the court reconsider the Order's ruling in Plaintiff's favor, and for attorney's fees and costs.

DATED:  JULY 9, 2024

Respectfully submitted,

/s/:  *Leigh M. Williams*
_____
Leigh M. Williams, Esq.
LEIGH M. WILLIAMS LAW OFFICE, PLLC
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
            leigh@williamslegal.org
Tel. No.:  432 901-2141
*Attorney for Defendants*