## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

FRAZETTA PROPERTIES, LLC,

     Plaintiffs,

v.

VANGUARD PRODUCTIONS, LLC, AND
JESSE DAVID SPURLOCK,

     Defendants.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' RENEWED [SIC] MOTION FOR RECONSIDERATION

Plaintiff Frazetta Properties, LLC ("Frazetta Properties") files this Response in Opposition to Defendants' Renewed [sic] Motion for Reconsideration of this Court's Order (docket number 128) pursuant to Rule 60(b).

## CASE STATUS

1.    Defendants published the infringing work *Frazetta Book Cover Art* on April 29, 2022, as shown on the back of the book's title page. See Plaintiff's Motion for Summary Judgment ("MSJ"), Exhibit 1 at page 4 of 94, docket number 128.

2.    The Court disposed of this case in its Order entered on February 9, 2024, "[T]he uncontested evidence shows that Defendants' infringed Frazetta Properties' copyright in Death Dealer II and V, and that use of the protected work was not allowed by prior license or permitted by the fair use doctrine." See Order at pp. 32-24.

3.      On July 9, 2024, one hundred fifty-one days (five months) after the Court's Order was entered, Defendants filed their Renewed [Sic] Motion for Reconsideration citing Rule 60(b), but it appears to rely on "60(b)(6) any other reason that justifies relief."

4.      In their Renewed [Sic] Motion, Defendants rely on (i) the 2010 Licensing Agreement attached to the affidavit of Joe Weber Dkt # 87 and (ii) a letter dated January 13, 2015, attached to the Rebuttal affidavit of David Spurlock Dkt # 95, directing Frank Frazetta, Jr. to, "Please immediately, CEASE AND DESIST from distributing any books and/or comicbooks [sic] featuring Frank Frazetta art . . ."

5.      Defendants relied on the two documents solely without an explanation as to what the

6.      In 2019, Spurlock and Vanguard, as Plaintiffs, filed suit alleging one Count against Frazetta Properties in Sarasota County Circuit Court of the State of Florida, the case caption being Spurlock and Vanguard Productions, LLC v. Frazetta Properties, LLC, et al. 2019 CA 001718 NC.

7.      In that lawsuit, then Plaintiffs Spurlock and Vanguard contended that Frazetta Properties' termination of the *Frazetta 2-Book Publishing Agreement* also caused termination of the *Frazetta Endorsement and Trademark Agreement*, both agreements were exhibits to the 2010 Settlement Agreement and incorporated into it.

8.      Termination of the two agreements incorporated into the 2010 Settlement Agreement resulted in its termination.

9.    Not until July 9, 2024, which was one hundred fifty-one days (five months) after the Court's Order was entered, did Defendants file their Renewed [sic] Motion for Reconsideration.

10.

## MEMORANDUM OF LAW AND ARGUMENT

11.    Defendants basis for its Renewed [Sic] Motion for Reconsideration is Fed. R. Civ. P. 60(b) that provides

> "GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or(6) any other reason that justifies relief."

12.    In their Motion, Defendants fail to advise the Court of error, mistake, or fraud, and fail to provide rationale as to why the Court's Order was void, which leaves only the catch-all "60(b)(6) any other reason that justifies relief."

13.    Defendants referenced the case of <u>Bald Guy C-Store, Inc. v. United States</u>, No. 6:22-cv-977-PGB-DCI, 2024 U.S. Dist. LEXIS 64279 (M.D. Fla. Apr. 4, 2024) but omitted to include in their citation that the Court held that it is wholly inappropriate in a motion for reconsideration to "**vent dissatisfaction with the Court's reasoning**." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013

U.S. Dist. LEXIS 113262, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted).  Bald Guy, at 4.

14.    Defendants omitted the citation because they lost their Motion for Summary Judgment and Defendants also lost their Motion to Reconsider their Motion for Summary Judgment.  See Docket Number 154.

15.    Defendants' Motion is primarily a recitation of the law of a Motion for Summary Judgment and is nothing more than their third attempt to convince the Court its Order should not have been entered.

16.    Defendants reliance on the January 13, 2015, CEASE AND DESIST letter is nothing less than to read into a letter that is not contractual and is not a meeting of the minds on anything other than the Frazettas who signed the letter mutual desire not become involved in a lawsuit filed against them by David Spurlock.

17.    The litigious nature of Defendants is what caused them to sign the letter that was addressed and sent to their brother.

18.    As for the 2010 Settlement Agreement, Defendants rebutted the same argument made in their prior Motion for Summary Judgment and in their original Motion to Reconsider.

19.    Defendants misrepresented the Affidavits of Joe Weber who rebutted the contentions they made about the 2010 Settlement Agreement.

20.    To prevail on a Motion to Reconsider, the movant must identify manifest errors of law or fact or extraordinary circumstances.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).

## CONCLUSION

Defendants Renewed Motion to Reconsider, their second Motion to Reconsider is their third bite at the apple attempting to convince the Court they should have won on their Motion for Summary Judgment.  This is nothing less than an open effort to **vent dissatisfaction with the Court's reasoning** and attempt to convince the Court the Order was entered incorrectly.

Defendants' Motion Renewed/Second Motion for Reconsideration must be denied and their efforts to prolong this case and needless causing the Plaintiff to incur more attorneys' fees must be ended.

Respectfully submitted,

**MERRITT LAW PA**

/s/ Jack W. Merritt
Jack W. Merritt, Esq.
FBN: 0052248
690 South Tamiami Trail
Osprey, FL 34229
Email:        office@merrittlaw.net
Telephone: (941) 445.4841
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing Motion was furnished to Defendants' attorney, Leigh M. Williams, Esq., on August 1, 2024, via CM/ECF.

**MERRITT LAW PA**

/s/ Jack W. Merritt
Jack W. Merritt, Esq.
FBN: 0052248

690 South Tamiami Trail
Osprey, FL 34229
Attorney for Plaintiff