UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-cv-00581-WFJ-AEP

FRAZETTA PROPERTIES, LLC,

    *Plaintiff,*

v.

VANGUARD PRODUCTIONS, LLC,
and JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

**DEFENDANTS' MOTION TO COMPEL
PLAINTIFF'S PRODUCTION OF DOCUMENTS**

Defendants VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK, pursuant to Fed. R. Civ. P. 34 (b) and 37(a), request an order compelling Plaintiff FRAZETTA PROPERTIES, LLC to produce the requested documents, as follows:

**STATEMENT OF FACTS**

1. Defendants served their second Fed. R. Civ. P. 34(b) request for production of documents to Plaintiff under certificate of service dated December 9, 2024. (See, Ex. 1, RFP); (Ex. 2, email serving Defendants' 2d RFP to Plaintiff).

2. Plaintiff served their responses January 13, 2025, objecting to and declining to provide any of the requested documents. (Ex. 3).

3. On January 23, Defendants emailed Plaintiff's attorney advising of the Order [DIN 166} requiring production of Plaintiff's E-File application to the United States Copyright Office, thus, Defendants' request for production was ordered. (Ex. 4)

*Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
*Case No. 8:22-cv-00581-WFJ-AEP*

    4.      The January 23, 2025 correspondence to counsel for Frazetta Properties, LLC was a good faith effort to avoid the court's intervention compelling the following numbered items:

> *No. 4 - All documents you are likely to use in support of your claims.*
>> Properties objected on the basis of attorney-client privilege but provided none of the information required by Rule 34 of the Federal Rules of Civil Procedure or as instructed in the "Objections" section of Defendants' Second Request.
>> Properties' failure to adequately object to or produce documents critical to Defendants' defense of claims will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.
>
> *No. 5 All documents you are going to use or are likely to use to prove damages or harm concerning the alleged copyright infringement.*
>> Properties objected on the basis of attorney-client privilege but provided none of the information required by Rule 34 of the Federal Rules of Civil Procedure or as instructed in the "Objections" section of Defendants' Second Request.
>> Properties' failure to adequately object to or produce documents critical to Defendants' defense of claims will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.
>
> *No. 6 All agreements or licenses with any of the parties to this proceeding concerning Death Dealer II and Death Dealer V.*
>> Defendants request that Properties clarify their response by stating whether the members' "CORE Agreement" is the only document responsive to this request.
>
> *No. 7 Certified copies of Frazetta Properties' applications to copyright register Death Dealer II and Death Dealer V with the United States Copyright Office.*

> Properties' failure to produce this document, critical to Defendants' defense of claims, will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

*No. 9 All correspondence, including emails and texts, to the parties and non-parties to this case, pertaining to the dispute between Vanguard and Spurlock and Frazetta Properties and Hermes Press and Frank Frazetta, Jr. concerning Frank Frazetta, Jr.'s 2013 book "FRANK FRAZETTA: ART AND REMEMBRANCES.*

> The "Definitions" section of Defendants' second production request provides that:
>
>> "FRAZETTA PROPERTIES," "PLAINTIFF," "YOU," and "YOUR," as used herein, refer to Plaintiff Frazetta Properties, LLC and all predecessors in interest, successors in interest, agents, assigns, employees, attorneys, accountants, consultants, and/or all other persons acting or purporting to act on Plaintiff's behalf.
>
> Properties must produce items responsive to this request that are in the possession of Properties' members and the people and entities described in the above Definition unless objected to on the basis of privilege by providing information described in the "Objections" section of Defendants' Second Request For Production of Documents.

5.   Defendants seek an order compelling the above items listed in in their Second Request for Production pursuant to Fed. R. Civ. Pro. 37(a), providing such remedy for noncompliance with Fed. R. Civ. P. 34(b) discovery requests.

## LEGAL ARGUMENT

**Proof of Copyright Registration is Required to Claim Copyright Infringement**.

6.   Plaintiff produced no proof of copyright registration to support the allegation that Plaintiff holds copyright ownership to the two images in question.

*Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
Case No. 8:22-cv-00581-WFJ-AEP

7. Proof of registration is a prerequisite to a suit to enforce a copyright. A plaintiff in a copyright infringement case bears the burden of proving "(1) ownership of a valid copyright, and (2) [unauthorized] copying of constituent elements of the work that are original." *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995).

8. An application to register must be filed, and either granted or refused, before suit can be brought. See, 17 U.S.C. § 411(a) (Providing registration of copyright as necessary for civil litigation infringement claims), which provides, in pertinent part:

> … [N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. …

17. U.S.C. Section 411(a).

9. Defendants' Fed. R. Civ. Pro. 34(b) request for production to Plaintiffs for the relevant copyright registration certificates was made for legitimate purposes.

10. Plaintiffs' complaint does not satisfy their initial burden of proof to bring suit and Plaintiffs cannot further litigate their claim of copyright infringement unless such E-File application is filed with the court, as the Complaint's allegations are unsupported.

*Frazetta Properties, LLC v. Vanguard Productions, LLC & J. David Spurlock*
Case No. 8:22-cv-00581-WFJ-AEP

11. This is the second time Defendants have requested Plaintiff provide prima facie proof of copyright ownership of the two images in question.

12. The other requested items are crucial to Defendants' defenses to Plaintiff's allegations, and are therefore relevant and necessary items to be produced and are not requested as non-substantive or not required to prove copyright ownership.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request the court issue an order compelling Plaintiff produce the requested items and for an award of Defendants' costs and attorney's fees as provided under Fed. R. Civ. Pro. Rule 37.

DATED: JANUARY 28, 2025

/s/: *Leigh Williams*
_____
Leigh M. Williams, Esq.
Fla. Bar No. 624543
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: mcmillan.esq@gmail.com
Tel. No.: 210 209-3030
*Attorney for Vanguard Productions, LLC, and J. David Spurlock*

## CERTIFICATE OF GOOD FAITH CONFERRAL

I HEREBY CERTIFY that an attempt to obtain the above requested items was made with counsel for Plaintiffs prior to filing this motion, with no success.

/s/: *Leigh Williams*
Leigh M. Williams, Esq.