UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION
CASE NO. 8:22-cv-00581-WFJ-AEP

FRAZETTA PROPERTIES, LLC,

    *Plaintiff,*

v.

VANGUARD PRODUCTIONS, LLC
and JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

## DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

VANGUARD PRODUCTIONS, LLC, and J. DAVID SPURLOCK request FRAZETTA PROPERTIES, LLC, pursuant to Fed. R. Civ. P. 34(b), produce the following items simultaneously with the written responses to the following discovery requests, numbered 4 through 10, within 30 days from the date of service of this request.

DATED: DECEMBER 9, 2024

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct digital copy of Defendants' Second Request for Production was served on Plaintiff via their counsel below by email this **9th day of December 2024**.

    Jack W. Merritt, Esq.
    MERRITT LAW, P.A.
    690 S. Tamiami Trail, Osprey, FL 34229
    Tel.: 941 445-4841
    Email: jmerritt@merrittlaw.com
           office@merrittlaw.net

/s/: *Leigh Williams* _____
Leigh M. Williams, Esq.
Fla. Bar No. 624543
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: leigh@williamslegal.org
Tel. No.: 432 901-2141
*Attorney for Defendants*

*Frazetta Properties, LLC v. Vanguard Productions, LLC, et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

# DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

1. "FRAZETTA PROPERTIES," "PLAINTIFF," "YOU," and "YOUR," as used herein, refer to Plaintiff Frazetta Properties, LLC and all predecessors in interest, successors in interest, agents, assigns, employees, attorneys, accountants, consultants, and/or all other persons acting or purporting to act on Plaintiff's behalf.

2. "VANGUARD AND SPURLOCK" and "DEFENDANTS," as used herein, refer to Defendants Vanguard Productions, LLC and J. David Spurlock, and all predecessors in interest.

3. The term "DOCUMENT" is used in its broadest sense and includes, without limitation, all writings of every kind, including, electronically stored information.

    a. *The term "DOCUMENT" specifically includes, without limitation, all drafts and preliminary versions of documents, and the metadata of any document.*

    b. *Produce electronically stored information in Tagged Image File Format (TIFF) with a corresponding load file containing associated metadata, and maintain the native electronic for inspection, if necessary. Electronic mail communications ("e-mail") must include at least the date and time sent, sender, recipient, who received carbon copies and blind copies, and any attachments.*

4. The term "PERSON" shall mean and include any natural person, business organization, such as a corporation, partnership, limited partnership or the like.

5. The term "CONCERNING" shall mean, in whole or in part, and directly or indirectly: referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, concerning, constituting, received by, prepared by, or written by.

6. Any terms in this request that are not specifically defined which you contend are vague or ambiguous shall be interpreted by their ordinary meaning as understood by you and you are to provide such ordinary meaning in the response.

*Frazetta Properties, LLC v. Vanguard Productions, LLC, et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

## OBJECTIONS

7. If you object to any request in part, you shall respond fully to the extent not objected to and shall set forth specifically the grounds upon which the objection is based.

8. Any document requested which you contend is protected from discovery by some type of privilege or immunity must state the objection in compliance with the following instructions:

    a. State the particular rule or privilege upon which the claim is based.

    b. Append any information, including any document necessary to establish the factual elements required by the privilege rule invoked, and provide sufficiently detailed information to permit decision on the claim.

    c. When a document contains both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in the document, the party claiming the privilege must clearly indicate the portions to which the privilege is claimed.

*Frazetta Properties, LLC v. Vanguard Productions, LLC, et al.*
Case No. 8:22-cv-00581-WFJ-AEP

**DEFENDANTS' SECOND REQUEST FOR PRODUCTION**

4. All documents you are likely to use in support of your claims.

    RESPONSE:

5. All documents you are going to use or are likely to use to prove damages or harm concerning the alleged copyright infringement.

    RESPONSE:

6. All agreements or licenses with any of the parties to this proceeding concerning Death Dealer II and Death Dealer V.

    RESPONSE:

7. Certified copies of Frazetta Properties' applications to copyright register Death Dealer II and Death Dealer V with the United States Copyright Office.

    RESPONSE:

8. High resolution digital images of Death Dealer II and Death Dealer V that Frazetta Properties claims were infringed by Defendants.

    RESPONSE:

9. All correspondence, including emails and texts, to the parties and non-parties to this case, pertaining to the dispute between Vanguard and Spurlock and Frazetta Properties and Hermes Press and Frank Frazetta, Jr., concerning Frank Frazetta, Jr.'s 2013 book "*Frank Frazetta: Art and Remembrances.*"

    RESPONSE:

*Frazetta Properties, LLC v. Vanguard Productions, LLC, et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

10. All agreements or licenses with others (non-parties to this proceeding) concerning the Death Dealer II and Death Dealer V images, providing:

    (i)    the fee amount

    (ii)    the terms (i.e., exclusive, non-exclusive, ongoing or for a specified term, and the specified use, (i.e., merchandise, T-shirts, posters, decor, book publishing, etc.)

    (iii)    a true and correct copy of the hi-res digital image file provided to the licensee, and

    (iv)    a true and correct image of the licensed work as published or manufactured.

RESPONSE: