# Leigh M. Williams, Esq.
1701 W. Kansas Ave., Midland, TX 79701-5909
Tel. 432 901-2141   Email: leigh@williamslegal.org

January 23, 2025

*Via email to:* jmerritt@merrittlaw.net; office@merrittlaw.net
MERRITT LAW, P.A.
Jack W. Merritt, Esq.
690 S. Tamiami Trail
Osprey, FL 34229

RE:   **Discovery Issues** - *Frazetta Properties, LLC v. Vanguard Productions, LLC and J. David Spurlock,* Case No. 8:22-cv-00581-WFJ, Middle District of Florida

Dear Jack:

I spoke with Wendy Newsome today concerning Frazetta Properties, LLC ("Properties") responses to Vanguard Productions, LLC ("Vanguard") and J. David Spurlock's "Second Request for Production of Documents" (attached), served on December 9, 2024, containing requests numbered four (4) through ten (10).[1]

**This correspondence is Defendants' good faith attempt to obtain Properties' true and complete responses by close of discovery (February 7, 2025) to avoid moving the Court for the issuance of an order resolving Defendants' following production requests[2]:**

No. 4   *All documents you are likely to use in support of your claims.*

Properties objected on the basis of attorney-client privilege but provided none of the information required by Rule 34 of the Federal Rules of Civil Procedure or as instructed in the "*Objections*" section of Defendants' Second Request.

Properties' failure to adequately object to or produce documents critical to Defendants' defense of claims will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

---

[1] Continuing from Defendants' First Request for Production of Documents, served June 22, 2022, with requests numbered one through three.

[2] Please also see the Court's Endorsed Order issued April 19, 2024, directing "*Plaintiff to produce certified registration certificate, certified registration application, certified recordation of transfer of copyright ownership to Plaintiff, and copies of deposits.*" [DIN 166]

*Page 2 of 3*
*Corr. to J. Merritt RE: Defendants' 2nd Request for Production of Documents*
*January 23, 2025*

> No. 5   *All documents you are going to use or are likely to use to prove damages or harm concerning the alleged copyright infringement.*

Properties objected on the basis of attorney-client privilege but provided none of the information required by Rule 34 of the Federal Rules of Civil Procedure or as instructed in the "*Objections*" section of Defendants' Second Request.

Properties' failure to adequately object to or produce documents critical to Defendants' defense of claims will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

> No. 6   *All agreements or licenses with any of the parties to this proceeding concerning Death Dealer II and Death Dealer V.*

Defendants request that Properties clarify their response by stating whether the members' "CORE Agreement" is the only document responsive to this request.

> No. 7   *Certified copies of Frazetta Properties' applications to copyright register Death Dealer II and Death Dealer V with the United States Copyright Office.*

Properties' failure to produce this document, critical to Defendants' defense of claims, will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

> No. 9   *All correspondence, including emails and texts, to the parties and non-parties to this case, pertaining to the dispute between Vanguard and Spurlock and Frazetta Properties and Hermes Press and Frank Frazetta, Jr. concerning Frank Frazetta, Jr.'s 2013 book "FRANK FRAZETTA: ART AND REMEMBRANCES.*

The "Definitions" section of Defendants' second production request provides that:

> "FRAZETTA PROPERTIES," "PLAINTIFF," "YOU," and "YOUR," as used herein, refer to Plaintiff Frazetta Properties, LLC and all predecessors in interest, successors in interest, **agents, assigns, employees, attorneys, accountants, consultants, and/or all other persons acting or purporting to act on Plaintiff's behalf**.

Properties must produce items responsive to this request that are in the possession of Properties' members and the people and entities described in the above Definition unless objected to on the basis of privilege by providing information described in the "*Objections*" section of Defendants' Second Request For Production of Documents.

*Page 3 of 3*
*Corr. to J. Merritt RE: Defendants' 2nd Request for Production of Documents*
*January 23, 2025*

Additionally, Wendy Newsome relayed Plaintiffs' request to take David Spurlock's deposition, presumably on or before February 7, 2025, and I relayed this request to David so that he may check his dates of availability.

In anticipation of such a deposition taking place, please provide information as to the following aspects of the deposition sought:

(i) A description of the issues sought to be discussed or subjects of inquiry and whether the deposition will require the full seven hours allotted

(ii) whether David's testimony is sought in his individual capacity and/or in the capacity of Vanguard Productions' designated officer

(iii) whether David's deposition may be taken in the Dallas area via video to accommodate David's schedule and mine on such short notice

(iv) whether Properties anticipates moving the Court for an enlargement of time to complete discovery if the deposition is to be taken after February 7th, and

(v) whether Properties would agree to Defendants taking the deposition of its designated officer concerning the copyright claims alleged, which deposition is anticipated to take approximately two to three hours to conduct the direct examination.

Due to the looming discovery deadline, I look forward to Properties' reply on or before Monday, January 27, 2025.

Thank you in advance for your anticipated courtesies in these matters.


Sincerely,

*Leigh Williams*
Leigh M. Williams


*Attachments: Defendants' 2d Request for Production and*
*Plaintiff's Response;, Court's Endorsed Order*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION
CASE NO. 8:22-cv-00581-WFJ-AEP

FRAZETTA PROPERTIES, LLC,

    *Plaintiff,*

v.

VANGUARD PRODUCTIONS, LLC
and JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

## DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

VANGUARD PRODUCTIONS, LLC, and J. DAVID SPURLOCK request FRAZETTA PROPERTIES, LLC, pursuant to Fed. R. Civ. P. 34(b), produce the following items simultaneously with the written responses to the following discovery requests, numbered 4 through 10, within 30 days from the date of service of this request.

DATED: DECEMBER 9, 2024

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct digital copy of Defendants' Second Request for Production was served on Plaintiff via their counsel below by email this **9th day of December 2024**.

    Jack W. Merritt, Esq.
    MERRITT LAW, P.A.
    690 S. Tamiami Trail, Osprey, FL 34229
    Tel.: 941 445-4841
    Email: jmerritt@merrittlaw.com
           office@merrittlaw.net

/s/: *Leigh Williams* _____
Leigh M. Williams, Esq.
Fla. Bar No. 624543
1701 W. Kansas Ave.
Midland, TX 79701
E-mail: leigh@williamslegal.org
Tel. No.: 432 901-2141
*Attorney for Defendants*

*Frazetta Properties, LLC v. Vanguard Productions, LLC, et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

# DEFINITIONS AND INSTRUCTIONS

### DEFINITIONS

1. "FRAZETTA PROPERTIES," "PLAINTIFF," "YOU," and "YOUR," as used herein, refer to Plaintiff Frazetta Properties, LLC and all predecessors in interest, successors in interest, agents, assigns, employees, attorneys, accountants, consultants, and/or all other persons acting or purporting to act on Plaintiff's behalf.

2. "VANGUARD AND SPURLOCK" and "DEFENDANTS," as used herein, refer to Defendants Vanguard Productions, LLC and J. David Spurlock, and all predecessors in interest.

3. The term "DOCUMENT" is used in its broadest sense and includes, without limitation, all writings of every kind, including, electronically stored information.

    a. *The term "DOCUMENT" specifically includes, without limitation, all drafts and preliminary versions of documents, and the metadata of any document.*

    b. *Produce electronically stored information in Tagged Image File Format (TIFF) with a corresponding load file containing associated metadata, and maintain the native electronic for inspection, if necessary. Electronic mail communications ("e-mail") must include at least the date and time sent, sender, recipient, who received carbon copies and blind copies, and any attachments.*

4. The term "PERSON" shall mean and include any natural person, business organization, such as a corporation, partnership, limited partnership or the like.

5. The term "CONCERNING" shall mean, in whole or in part, and directly or indirectly: referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, concerning, constituting, received by, prepared by, or written by.

6. Any terms in this request that are not specifically defined which you contend are vague or ambiguous shall be interpreted by their ordinary meaning as understood by you and you are to provide such ordinary meaning in the response.

*Frazetta Properties, LLC v. Vanguard Productions, LLC, et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

## OBJECTIONS

7. If you object to any request in part, you shall respond fully to the extent not objected to and shall set forth specifically the grounds upon which the objection is based.

8. Any document requested which you contend is protected from discovery by some type of privilege or immunity must state the objection in compliance with the following instructions:

    a. State the particular rule or privilege upon which the claim is based.

    b. Append any information, including any document necessary to establish the factual elements required by the privilege rule invoked, and provide sufficiently detailed information to permit decision on the claim.

    c. When a document contains both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in the document, the party claiming the privilege must clearly indicate the portions to which the privilege is claimed.

*Frazetta Properties, LLC v. Vanguard Productions, LLC, et al.*
Case No. 8:22-cv-00581-WFJ-AEP

## DEFENDANTS' SECOND REQUEST FOR PRODUCTION

4. All documents you are likely to use in support of your claims.

    RESPONSE:

5. All documents you are going to use or are likely to use to prove damages or harm concerning the alleged copyright infringement.

    RESPONSE:

6. All agreements or licenses with any of the parties to this proceeding concerning Death Dealer II and Death Dealer V.

    RESPONSE:

7. Certified copies of Frazetta Properties' applications to copyright register Death Dealer II and Death Dealer V with the United States Copyright Office.

    RESPONSE:

8. High resolution digital images of Death Dealer II and Death Dealer V that Frazetta Properties claims were infringed by Defendants.

    RESPONSE:

9. All correspondence, including emails and texts, to the parties and non-parties to this case, pertaining to the dispute between Vanguard and Spurlock and Frazetta Properties and Hermes Press and Frank Frazetta, Jr., concerning Frank Frazetta, Jr.'s 2013 book "*Frank Frazetta: Art and Remembrances*."

    RESPONSE:

*Frazetta Properties, LLC v. Vanguard Productions, LLC, et al.*
*Case No. 8:22-cv-00581-WFJ-AEP*

10. All agreements or licenses with others (non-parties to this proceeding) concerning the Death Dealer II and Death Dealer V images, providing:

    (i) the fee amount

    (ii) the terms (i.e., exclusive, non-exclusive, ongoing or for a specified term, and the specified use, (i.e., merchandise, T-shirts, posters, decor, book publishing, etc.)

    (iii) a true and correct copy of the hi-res digital image file provided to the licensee, and

    (iv) a true and correct image of the licensed work as published or manufactured.

RESPONSE:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRAZETTA PROPERTIES, LLC,

    Plaintiffs,

v.                                                           Case No. 22-cv-000581

VANGUARD PRODUCTIONS, LLC, AND
JESSE DAVID SPURLOCK,

    Defendants.

_____/

**PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND SET OF PRODUCTION REQUESTS**

Plaintiff FRAZETTA PROPERTIES, LLC, provides the following responses and objections to Defendant's Second Set of Production Requests, numbered 4 through 10.

**RESPONSES AND OBJECTIONS**

4.     All documents you are likely to use in support of your claims.

RESPONSE:     Defendant objects to this Request on the grounds that it calls for the disclosure of information protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Defendant further objects to this Request on the ground that it seeks discovery regarding Defendant's opinions of counsel prior to the time for disclosure of such opinions as set forth in the Court's Scheduling Order. Plaintiff reserves the right to supplement this Response.

5.     All documents you are going to use or are likely to use to prove damages or harm concerning the alleged copyright infringement.

RESPONSE:     Defendant objects to this Request on the grounds that it calls for the disclosure of information protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Defendant further objects to this Request on the ground that it seeks discovery regarding Defendant's opinions of counsel prior to

1

the time for disclosure of such opinions as set forth in the Court's Scheduling Order. Plaintiff reserves the right to supplement this Response.

Plaintiff has not determined whether it will seek statutory damages or damages arising from sales made by Defendants and projected loss of sales. Plaintiff reserves the right to supplement this response.

6. All agreements or licenses with any of the parties to this proceeding concerning Death Dealer II and Death Dealer V.

RESPONSE: Although already in Defendants' possession from the Sarasota County Circuit Court case decided by jury trial in December 2023, Plaintiff will produce the CORE Agreement by February 1, 2025.

7. Certified copies of Frazetta Properties applications to copyright register Death Dealer II and Death Dealer V with the United States Copyright Office.

RESPONSE: Plaintiff does not have the applications in its possession. Defendants may contact the U.S. Copyright Office to obtain the requested documents.

8. High resolution digital images of Death Dealer II and Death Dealer V that Frazetta Properties claims were infringed by Defendants.

RESPONSE: Plaintiff provided copies of the images produced by the U.S. Copyright Office with the certified registrations from the Office, which were high resolution images. Defendants used high resolution images when it created the infringing book. Defendants have such images in its possession, Plaintiff will produce responsive images in its possession by February 1, 2025.

9. All correspondence, including emails and texts, to the parties and non-parties to this case, pertaining to the dispute between Vanguard and Spurlock and Frazetta Properties and Harmes Press and Frank Frazetta, Jr. concerning Frank Frazetta, Jr.'s 2013 book "*Frank Frazetta: Art and Remembrances.*"

RESPONSE: Plaintiff has no texts. Although Plaintiff does not have emails between Vanguard and Spurlock and Frazetta Properties and Harmes Press and Frank Frazetta, Jr., Plaintiff is reviewing emails produced in the Sarasota County Circuit Court case decided by jury trial in December 2023.

10. All agreements or licenses with others (non-parties to this proceeding) concerning the Death Dealer II and Death Dealer V images, providing:

    (i) the fee amount

2

    (ii)    The terms (i.e., exclusive, non-exclusive, ongoing or for a specified term, and the specialized use, (e.g., merchandise, T-shirts, posts décor, book publishing, etc.)

    (iii)    A true and correct copy of the hi-res digital image file provided to the licensee, and

    (iv)    A trust and correct image of the license work as published or manufactured

RESPONSE:  None.

DATED:  January 13, 2025

Respectfully submitted,

/s/   Jack W. Merritt  
Jack W. Merritt  
FBN: 0052248  
Mediterranea Professional Park  
690 S. Tamiami Trail  
Osprey FL 34229  
941.445.4841  
Email:        office@merrittlaw.net

### CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, a copy of the foregoing Plaintiff's Responses and Objections to Defendants Second Set of Production Requests was served via email on the following Defendants' attorney, Leigh M. Williams.

/s/   Jack W. Merritt  
Jack W. Merritt  
FBN: 0052248  
Mediterranea Professional Park  
690 S. Tamiami Trail  
Osprey FL 34229  
941.445.4841  
Email:        office@merrittlaw.net



Leigh McMillan <mcmillan.esq@gmail.com>

## Activity in Case 8:22-cv-00581-WFJ-AEP Frazetta Properties, LLC v. Vanguard Productions, LLC et al Order

1 message

**cmecf_flmd_notification@flmd.uscourts.gov** <cmecf_flmd_notification@flmd.uscourts.gov>　　Fri, Apr 19, 2024 at 8:18 AM
To: cmecf_flmd_notices@flmd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Middle District of Florida**

### Notice of Electronic Filing

The following transaction was entered on 4/19/2024 at 9:18 AM EDT and filed on 4/19/2024
**Case Name:**　　Frazetta Properties, LLC v. Vanguard Productions, LLC et al
**Case Number:**　　8:22-cv-00581-WFJ-AEP
**Filer:**
**Document Number:** 166(No document attached)

**Docket Text:**
**ENDORSED ORDER directing Plaintiff to produce certified registration certificate, certified registration application, certified recordation of transfer of copyright ownership to Plaintiff, and copies of deposits. For instructions for requesting these items, Plaintiff should refer to Circular 6 of the Copyright Office, available at https://www.copyright.gov/circs/circ06.pdf. To request deposits, Plaintiff must use the Litigation Statement Form (for more information, see Circular 6). Plaintiff must file an affidavit certifying that it made these requests no later than 5 PM Eastern Standard Time on April 26, 2024. Plaintiff should attach copies of its requests and any receipts or other proof that requests were submitted. Today's hearing on damages will be rescheduled after these records are produced. Signed by Judge William F. Jung on 4/19/2024. (NME)**

**8:22-cv-00581-WFJ-AEP Notice has been electronically mailed to:**

Manuel Menendez, Jr　　m.menendezjr@gmail.com

Jack William Merritt　　office@merrittlaw.net

Patricia Leigh McMillan　　mcmillan.esq@gmail.com

**8:22-cv-00581-WFJ-AEP Notice has been delivered by other means to:**