UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

FRAZETTA PROPERTIES, LLC,

   Plaintiff,

v.                                                CASE NO. 8:22-cv-00581-WFJ-AEP

VANGUARD PRODUCTIONS, LLC,
and JESSE DAVID SPURLOCK,

   Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL**

     Plaintiff Frazetta Properties, LLC files this Response in Opposition to Defendants' Motion to Compel request the Defendants' Motion to Compel be Denied.

**CASE STATUS**

     1.    Before discussing it with Plaintiff, Defendants filed a Motion to Compel Production of Documents on Tuesday, January 28, 2025, at 1:03 a.m. **See** Dkt. 195.

     2.    Defendants' attorney, Ms. Williams, sent a letter at 9:23 pm on Thursday, January 23, 2025, and she wrote on the first page of the letter, "**This correspondence is Defendants' good faith attempt to obtain Properties' true and complete responses by close of discovery (February 7, 2025) to avoid moving the court for the issuance of an Order resolving Defendants' following production requests**". Emphasis in Defendants' letter. **See** Exhibit 1, Defendants' Letter.

3. Plaintiff's attorney sent a letter in response to Defendants on Friday, January 24, 2025, at 1:53 pm. **See** Exhibit 2, Plaintiff's Email and Letter.

4. In that letter, Plaintiff's attorney requested a call at 5 pm on Monday, January 27, 2024, to discuss the production requests, which would have been well before February 7, 2025, as stated in Defendants' letter.

5. Plaintiff's attorney sent a text message at 4:18 pm on Monday, January 27, requesting the call be moved from 5 pm Monday to as early as possible the next day, Tuesday, January 28, 2025, and Ms. Williams agreed.

6. However, Defendants attorney did not wait until the call, but instead filed their Motion to Compel on January 28, 2025, at 1:03 am, well before the parties' call was to have occurred and ten (10) days before February 7, 2025, which was the date stated in Defendants' Attorney's letter. **See** Exhibit 3, CM/ECF notice and transmittal email.

7. Defendants' Attorney waited to make the filing until 12:03 pm Central Time and 1:03 PM Eastern Time before making Defendants' filing and it is obvious she had no intention of waiting to talk with Plaintiff's attorney.

8. Defendants did not act in good faith as required by the Local Rule. A Letter is not a good faith effort to resolve anything, but Plaintiff's attorney responded by letter and scheduled a call.

9. At 8:40 am on January 28, 2025, Plaintiff's attorney contacted Ms. Williams via text and said he would call at 11 am that day and Ms. Williams agreed.

10. The call occurred at 11 am and Plaintiff's attorney explained that he had

seen that Defendants did not wait but instead filed their Motion to Compel at 1:03 am and asked why that occurred when Ms. Williams had agreed to reschedule the call and her letter stated **she wanted the updated responses by February 7, 2025**, in her letter dated January 23, 2025.

11. Ms. Williams responded that she did not understand what the purpose of the call and Plaintiff's Attorney stated the purpose was in Plaintiff's letter dated January 24, 2025.

12. Plaintiff's attorney then reviewed the production requests Defendants had listed in her letter with her and attorney Williams stated she wanted better answers and attorney Merritt then went through each production request with her and although she was unable to articulate little more than I do not understand it and Mr. Merritt took notes of the call.

13. With regard to the Certified Applications she stated she wanted the one for Death Dealer II, because she had filed the one for Death Dealer V. **See** Dkt. #193.

14. On August 14 at 11:25 am, Plaintiff's attorney sent updated production request responses to Defendants and then had a call with Defendants' attorney and who stated they were acceptable responses with the exception of the production of the Certified Application for Death Dealer II.

15. On August 17, 2025, Plaintiff stated it would provide the Application for Death Dealer II and then subsequently sent Second Amended Production Responses and stated it would produce the application for Death Dealer V. See Dkt. 200.

16. In response, Defendants responded, "I don't believe I can

cancel the hearing on the basis of the supplemental responses provided by Frazetta Properties." See Exhibit 4 email from Attorney Williams.

17. The response Defendant provided is insufficient and provides nothing as to why the agreed upon representations were not sufficient and that is the antithesis of acting in good faith.

## CONCLUSION

Plaintiff tried to resolve this without the necessity of Hearing and acted in good faith in doing so. Defendants stated it had acted in good faith but as shown by the content of timing of its acts, including today's cryptic response, that it has not acted in good faith. See paragraphs 1 through 6 above and Exhibits 1 through 4.

Plaintiff requests the Court DENY Defendants' Motion to Compel and award Plaintiff the attorneys' fees and costs it incurred in filing this response and in arguing this Response and for such other and further relief as the Court deems appropriate and justice requires.

**MERRITT LAW, P.A.**

/s/ Jack W. Merritt
Jack W. Merritt, JD, MBA
FBN: 0052248
Mediterranea Professional Park
690 S Tamiami Trail
Osprey FL 34229
941.445.4841 (Tel)
office@merrittlaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2025, a true and correct copy of the foregoing Response in Opposition was furnished via CM/ECF to Leigh McMillan Williams, Esq. at mcmillan.esq@gmail.com, and leigh@williamslegal.org, 1701 W. Kansas Avenue, Midland, TX 79701-5909, Attorney for Vanguard Productions, LLC and Jesse David Spurlock.

Dated: Sarasota, Florida
      February 17, 2025

                              Merritt Law P.A.
                              Mediterranea Professional Park
                              690 S. Tamiami Trail
                              Osprey FL 34229
                              (941) 445-4841
                              office@merrittlaw.net

                         By: /s/ Jack W. Merritt
                                Florida Bar No. 0052248
                                Counsel for Plaintiffs