## Jack Merritt, Attorney

| | |
|---|---|
| **From:** | Leigh Williams <leigh@williamslegal.org> |
| **Sent:** | Thursday, January 23, 2025 9:23 PM |
| **To:** | jmerritt@merrittlaw.net |
| **Cc:** | Wendy Newsome, Paralegal; office@merrittlaw.net |
| **Subject:** | RE: Frazetta Properties v. Vanguard and Spurlock; Plaintiff's Responses to 2nd RFP |
| **Attachments:** | 2025-01-23 Ltr. to Merritt RE Discovery Issues.pdf |

Dear Jack -

When I spoke with Wendy earlier today, I promised to send a detailed letter describing the requested items needed by Defendants. I also included a few questions about the deposition of David Spurlock that Plaintiff is requesting.

Attached directly to my letter are Defendants' 2nd RTP, Plaintiff's Responses, and the Court's Endorsed Order issued April 19, 2024. [DIN 166]

Due to the impending discovery deadline (February 7, 2025), I expect a response by Monday, January 27th. Thank you in advance for your anticipated courtesies in this matter.

With kindest regards,

*Leigh*

Leigh M. Williams
Leigh M. Williams Law Office, PLLC
Tel. 432 901-2141

CONFIDENTIALITY NOTICE: This message, including any attachments, may contain confidential, proprietary, privileged and/or private information. The information is intended for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by one other than the intended recipient is prohibited.

EXHIBIT 1

**Leigh M. Williams, Esq.**
1701 W. Kansas Ave., Midland, TX 79701-5909
Tel. 432 901-2141   Email: leigh@williamslegal.org

January 23, 2025

*Via email to: jmerritt@merrittlaw.net; office@merrittlaw.net*
MERRITT LAW, P.A.
Jack W. Merritt, Esq.
690 S. Tamiami Trail
Osprey, FL 34229

RE:   **Discovery Issues** - *Frazetta Properties, LLC v. Vanguard Productions, LLC and J. David Spurlock,* Case No. 8:22-cv-00581-WFJ, Middle District of Florida

Dear Jack:

I spoke with Wendy Newsome today concerning Frazetta Properties, LLC ("Properties") responses to Vanguard Productions, LLC ("Vanguard") and J. David Spurlock's "Second Request for Production of Documents" (attached), served on December 9, 2024, containing requests numbered four (4) through ten (10).[1]

**This correspondence is Defendants' good faith attempt to obtain Properties' true and complete responses by close of discovery (February 7, 2025) to avoid moving the Court for the issuance of an order resolving Defendants' following production requests[2]:**

No. 4   *All documents you are likely to use in support of your claims.*

Properties objected on the basis of attorney-client privilege but provided none of the information required by Rule 34 of the Federal Rules of Civil Procedure or as instructed in the "*Objections*" section of Defendants' Second Request.

Properties' failure to adequately object to or produce documents critical to Defendants' defense of claims will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

---

[1] Continuing from Defendants' First Request for Production of Documents, served June 22, 2022, with requests numbered one through three.

[2] Please also see the Court's Endorsed Order issued April 19, 2024, directing "*Plaintiff to produce certified registration certificate, certified registration application, certified recordation of transfer of copyright ownership to Plaintiff, and copies of deposits.*" [DIN 166]

*Page 2 of 3*
*Corr. to J. Merritt RE: Defendants' 2nd Request for Production of Documents*
*January 23, 2025*

> No. 5  *All documents you are going to use or are likely to use to prove damages or harm concerning the alleged copyright infringement.*

Properties objected on the basis of attorney-client privilege but provided none of the information required by Rule 34 of the Federal Rules of Civil Procedure or as instructed in the "*Objections*" section of Defendants' Second Request.

Properties' failure to adequately object to or produce documents critical to Defendants' defense of claims will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

> No. 6  *All agreements or licenses with any of the parties to this proceeding concerning Death Dealer II and Death Dealer V.*

Defendants request that Properties clarify their response by stating whether the members' "CORE Agreement" is the only document responsive to this request.

> No. 7  *Certified copies of Frazetta Properties' applications to copyright register Death Dealer II and Death Dealer V with the United States Copyright Office.*

Properties' failure to produce this document, critical to Defendants' defense of claims, will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

> No. 9  *All correspondence, including emails and texts, to the parties and non-parties to this case, pertaining to the dispute between Vanguard and Spurlock and Frazetta Properties and Hermes Press and Frank Frazetta, Jr. concerning Frank Frazetta, Jr.'s 2013 book "FRANK FRAZETTA: ART AND REMEMBRANCES.*

The "Definitions" section of Defendants' second production request provides that:

> "FRAZETTA PROPERTIES," "PLAINTIFF," "YOU," and "YOUR," as used herein, refer to Plaintiff Frazetta Properties, LLC and all predecessors in interest, successors in interest, **agents, assigns, employees, attorneys, accountants, consultants, and/or all other persons acting or purporting to act on Plaintiff's behalf**.

Properties must produce items responsive to this request that are in the possession of Properties' members and the people and entities described in the above Definition unless objected to on the basis of privilege by providing information described in the "*Objections*" section of Defendants' Second Request For Production of Documents.

*Page 3 of 3*
*Corr. to J. Merritt RE: Defendants' 2nd Request for Production of Documents*
*January 23, 2025*

Additionally, Wendy Newsome relayed Plaintiffs' request to take David Spurlock's deposition, presumably on or before February 7, 2025, and I relayed this request to David so that he may check his dates of availability.

In anticipation of such a deposition taking place, please provide information as to the following aspects of the deposition sought:

(i) A description of the issues sought to be discussed or subjects of inquiry and whether the deposition will require the full seven hours allotted

(ii) whether David's testimony is sought in his individual capacity and/or in the capacity of Vanguard Productions' designated officer

(iii) whether David's deposition may be taken in the Dallas area via video to accommodate David's schedule and mine on such short notice

(iv) whether Properties anticipates moving the Court for an enlargement of time to complete discovery if the deposition is to be taken after February 7th, and

(v) whether Properties would agree to Defendants taking the deposition of its designated officer concerning the copyright claims alleged, which deposition is anticipated to take approximately two to three hours to conduct the direct examination.

Due to the looming discovery deadline, I look forward to Properties' reply on or before Monday, January 27, 2025.

Thank you in advance for your anticipated courtesies in these matters.

Sincerely,

*Leigh Williams*
Leigh M. Williams


*Attachments:  Defendants' 2d Request for Production and*
*Plaintiff's Response;, Court's Endorsed Order*

1701 W. Kansas Ave., Midland, Texas 79701
Tel. 432 901-2141   Email: leigh@williamslegal.org

# Jack Merritt, Attorney

| | |
|---|---|
| **From:** | Leigh Williams <leigh@williamslegal.org> |
| **Sent:** | Thursday, January 23, 2025 9:23 PM |
| **To:** | jmerritt@merrittlaw.net |
| **Cc:** | Wendy Newsome, Paralegal; office@merrittlaw.net |
| **Subject:** | RE: Frazetta Properties v. Vanguard and Spurlock; Plaintiff's Responses to 2nd RFP |
| **Attachments:** | 2025-01-23 Ltr. to Merritt RE Discovery Issues.pdf |

Dear Jack -

When I spoke with Wendy earlier today, I promised to send a detailed letter describing the requested items needed by Defendants. I also included a few questions about the deposition of David Spurlock that Plaintiff is requesting.

Attached directly to my letter are Defendants' 2nd RTP, Plaintiff's Responses, and the Court's Endorsed Order issued April 19, 2024. [DIN 166]

Due to the impending discovery deadline (February 7, 2025), I expect a response by Monday, January 27th. Thank you in advance for your anticipated courtesies in this matter.

With kindest regards,

*Leigh*

Leigh M. Williams
Leigh M. Williams Law Office, PLLC
Tel. 432 901-2141

CONFIDENTIALITY NOTICE: This message, including any attachments, may contain confidential, proprietary, privileged and/or private information. The information is intended for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by one other than the intended recipient is prohibited.

**Leigh M. Williams, Esq.**
1701 W. Kansas Ave., Midland, TX 79701-5909
Tel. 432 901-2141   Email: leigh@williamslegal.org

January 23, 2025

*Via email to: jmerritt@merrittlaw.net; office@merrittlaw.net*
MERRITT LAW, P.A.
Jack W. Merritt, Esq.
690 S. Tamiami Trail
Osprey, FL 34229

RE: **Discovery Issues** - *Frazetta Properties, LLC v. Vanguard Productions, LLC and J. David Spurlock,* Case No. 8:22-cv-00581-WFJ, Middle District of Florida

Dear Jack:

I spoke with Wendy Newsome today concerning Frazetta Properties, LLC ("Properties") responses to Vanguard Productions, LLC ("Vanguard") and J. David Spurlock's "Second Request for Production of Documents" (attached), served on December 9, 2024, containing requests numbered four (4) through ten (10).[1]

**This correspondence is Defendants' good faith attempt to obtain Properties' true and complete responses by close of discovery (February 7, 2025) to avoid moving the Court for the issuance of an order resolving Defendants' following production requests[2]:**

No. 4   *All documents you are likely to use in support of your claims.*

Properties objected on the basis of attorney-client privilege but provided none of the information required by Rule 34 of the Federal Rules of Civil Procedure or as instructed in the "*Objections*" section of Defendants' Second Request.

Properties' failure to adequately object to or produce documents critical to Defendants' defense of claims will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

---

[1] Continuing from Defendants' First Request for Production of Documents, served June 22, 2022, with requests numbered one through three.

[2] Please also see the Court's Endorsed Order issued April 19, 2024, directing "*Plaintiff to produce certified registration certificate, certified registration application, certified recordation of transfer of copyright ownership to Plaintiff, and copies of deposits.*" [DIN 166]

*Page 2 of 3*
*Corr. to J. Merritt RE: Defendants' 2nd Request for Production of Documents*
*January 23, 2025*

> No. 5  *All documents you are going to use or are likely to use to prove damages or harm concerning the alleged copyright infringement.*

Properties objected on the basis of attorney-client privilege but provided none of the information required by Rule 34 of the Federal Rules of Civil Procedure or as instructed in the "*Objections*" section of Defendants' Second Request.

Properties' failure to adequately object to or produce documents critical to Defendants' defense of claims will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

> No. 6  *All agreements or licenses with any of the parties to this proceeding concerning Death Dealer II and Death Dealer V.*

Defendants request that Properties clarify their response by stating whether the members' "CORE Agreement" is the only document responsive to this request.

> No. 7  *Certified copies of Frazetta Properties' applications to copyright register Death Dealer II and Death Dealer V with the United States Copyright Office.*

Properties' failure to produce this document, critical to Defendants' defense of claims, will oblige Defendants to move to strike or preclude admission of undisclosed items attached in support of or in opposition to dispositive motions and/or sought to be admitted into evidence at trial.

> No. 9  *All correspondence, including emails and texts, to the parties and non-parties to this case, pertaining to the dispute between Vanguard and Spurlock and Frazetta Properties and Hermes Press and Frank Frazetta, Jr. concerning Frank Frazetta, Jr.'s 2013 book "FRANK FRAZETTA: ART AND REMEMBRANCES.*

The "Definitions" section of Defendants' second production request provides that:

> "FRAZETTA PROPERTIES," "PLAINTIFF," "YOU," and "YOUR," as used herein, refer to Plaintiff Frazetta Properties, LLC and all predecessors in interest, successors in interest, **agents, assigns, employees, attorneys, accountants, consultants, and/or all other persons acting or purporting to act on Plaintiff's behalf**.

Properties must produce items responsive to this request that are in the possession of Properties' members and the people and entities described in the above Definition unless objected to on the basis of privilege by providing information described in the "*Objections*" section of Defendants' Second Request For Production of Documents.

1701 W. Kansas Ave., Midland, Texas 79701
Tel. 432 901-2141   Email: leigh@williamslegal.org

*Page 3 of 3*
*Corr. to J. Merritt RE: Defendants' 2nd Request for Production of Documents*
*January 23, 2025*

Additionally, Wendy Newsome relayed Plaintiffs' request to take David Spurlock's deposition, presumably on or before February 7, 2025, and I relayed this request to David so that he may check his dates of availability.

In anticipation of such a deposition taking place, please provide information as to the following aspects of the deposition sought:

(i) A description of the issues sought to be discussed or subjects of inquiry and whether the deposition will require the full seven hours allotted

(ii) whether David's testimony is sought in his individual capacity and/or in the capacity of Vanguard Productions' designated officer

(iii) whether David's deposition may be taken in the Dallas area via video to accommodate David's schedule and mine on such short notice

(iv) whether Properties anticipates moving the Court for an enlargement of time to complete discovery if the deposition is to be taken after February 7th, and

(v) whether Properties would agree to Defendants taking the deposition of its designated officer concerning the copyright claims alleged, which deposition is anticipated to take approximately two to three hours to conduct the direct examination.

Due to the looming discovery deadline, I look forward to Properties' reply on or before Monday, January 27, 2025.

Thank you in advance for your anticipated courtesies in these matters.

Sincerely,

*Leigh Williams*
Leigh M. Williams

Attachments:  Defendants' 2d Request for Production and
Plaintiff's Response;, Court's Endorsed Order

| | |
|---|---|
| **From:** | Jack Merritt, Attorney |
| **To:** | Leigh M. Williams, Esq.; "leigh@williamslegal.org" |
| **Cc:** | Merritt Law Office |
| **Subject:** | Letter Response to Your letter |
| **Date:** | Friday, January 24, 2025 1:52:00 PM |
| **Attachments:** | Letter to Ms Leigh Williams sent via email and USPS Mail 1-50 pm on 1-24-25.pdf |
| **Importance:** | High |

Dear Leigh,

Attached is the letter sent I response to your letter dated sent at 9:22 pm yesterday, 1/23/25.

Regards,
Jack Merritt

EXHIBIT 2



**MERRITT LAW, PA**
Legal & Advisory Services
Mediterranea Professional Park
690 South Tamiami Trail
Osprey, Florida 34229
941.445.4841
www.merrittlaw.net

**Jack W. Merritt, MBA, JD**
Licensed in States of Florida & Maryland
US Middle & Southern Dists of FL
US Dist of MD, 4th & 9th Circuits
Federal Courts of Appeal

January 24, 2025

Leigh M. Willams, Esq.
1710 W Kansas Avenue
Midland, Texas 79701

Re:   Discovery and Depositions and Related Matters

Dear Ms. Williams:

I am providing this response to the letter that is timestamped as sent yesterday January 23, 2025, at 9:22pm. This is comprised of four parts, but the substance of this letter is less than two pages. The first part relates directly to you inquiry regarding the deposition of Mr. Spurlock (your client) and the deposition of Frank Frazetta, Jr. Of course, I know that you do not represent Mr. Frazetta, but I will need dates from you.

The following contains your questions and responses to same. Of course, responses to your request for information are not provided as a sworn statement, but provided for informational purposes. Given your requirement that responses be provided by Monday, January 27, 2025, may draft was done as quickly as I could and was not intended to result in an issue between us in this lawsuit.

## PART I

The issues you brought forward in your inquiries regarding Mr. Spurlock's deposition are provided first and the responses are bold and underlined.

(i) A description of the issues sought to be discussed or subjects of inquiry and whether the deposition will require the full seven hours allotted. **The deposition will be for discovery, motions, and use at trial and for any other permitted purpose. Of course, subjects will include documents filed in this case, issues in the complaint, his expert opinions, etc. I do not know how long the deposition will take because of Mr. Spurlock's conduct during the deposition in the Florida case that occurred during the jury trial the occurred during December 2023. If Mr. Spurlock simply answers the questions, then 8 to 14 hours should be sufficient. The goal is to complete the deposition without a repeat of Mr. Spurlock's histrionics that occurred during his trial in the Sarasota County, during the lawsuit that he filed against Frazetta Properties and Holly Frazetta. Among the documents to be presented before his deposition includes any reports that he provided to you.**

(ii) whether David's testimony is sought in his individual capacity and/or in the capacity of Vanguard Productions' designated officer **There will be the deposition of Mr. Spurlock in his individual capacity and as the managing member co-defendant Vanguard, and as expert witness.**

VIA EMAIL AND MAIL
Leigh M. Willams, Esq.
January 24, 2025
Page 2

(iii) whether David's deposition may be taken in the Dallas area via video to accommodate David's schedule and mine on such short notice  **I will discuss that with the client.  If Mr. Spurlock provides the documents requested before the deposition, we may be able to do it via ZOOM**.

(iv) whether Properties anticipates moving the Court for an enlargement of time to complete discovery if the deposition is to be taken after February 7th, and **Yes, if necessary, Properties will request an extension of time, and it may file a Motion to allow it time to complete this discovery.  I do not expect you will object to it, because you also may need additional time to take the deposition of Frazetta Properties corporate designee .**

(v) whether Properties would agree to Defendants taking the deposition of its designated representative concerning the copyright claims alleged, which deposition is anticipated to take approximately two to three hours to conduct the direct examination**.  I have sent a message to my client's representative for his availability to have his deposition taken.  As I asked first for the deposition dates from you first, I will take Mr. Spurlock's depositions first.  As for Mr. Frank Frazetta, Jr., we will also schedule his deposition, and I ask that you provide available dates for that deposition.**

## PART II

Regarding the issues raised in your draft concerning discovery responses, I do not understand most of the issues you listed in connection with your requests for production and would like to discuss them with you Monday, January 27, at 5 pm Eastern time.  I request the call to ensure that what you request is

## PART III

I am available January 29-31 and February 4-7 to take Mr. Spurlock's depositions in his individual capacity, capacity as member of Vanguard Productions, and as expert witness.  Please provide your availability and Mr. Spurlock's availability.  I will send you the documents before we talk Monday.

## PART IV

I previously asked you why you required the certified applications from the Copyright Office, but you did not respond.  I ask that you respond to my inquiry as I did to your inquiries in Part I above.  You did not raise it before, and I would like to know why you deem it necessary.  It seems this may be a form over substance issue.  If you cannot provide an explanation, please confirm that.  As you know, I provided certified copies of the registration and the two works the Copyright Office has in its possession. I understand the copies were high resolution.

## CONCLUSION

I must have responses to the foregoing by Monday, January 27, 2024.  The discovery deadline is looming.  I expect it will be necessary to file Motions and send them to you as required by Local Rule 3.01 (g) to attempt to work out issues before filing them.  I ask that you provide your response in writing.

VIA EMAIL AND MAIL
Leigh M. Willams, Esq.
January 24, 2025
Page 3

    I look forward to your prompt response to the foregoing and talking with you Monday, 1/27, at 5 pm ET.

    On a personal matter, I hope you are feeling much better. I hope your weather is warmer that is has been recently.

    Regards,

/s/ *Jack W. Merritt*

    Jack W. Merritt

Cc:    Client

| | |
|---|---|
| **From:** | cmecf_flmd_notification@flmd.uscourts.gov |
| **To:** | cmecf_flmd_notices@flmd.uscourts.gov |
| **Subject:** | Activity in Case 8:22-cv-00581-WFJ-AEP Frazetta Properties, LLC v. Vanguard Productions, LLC et al Motion to Compel |
| **Date:** | Tuesday, January 28, 2025 1:04:05 AM |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Middle District of Florida

## Notice of Electronic Filing

The following transaction was entered by McMillan, Patricia on 1/28/2025 at 1:02 AM EST and filed on 1/28/2025

**Case Name:** Frazetta Properties, LLC v. Vanguard Productions, LLC et al
**Case Number:** 8:22-cv-00581-WFJ-AEP
**Filer:** Jess David Spurlock
Vanguard Productions, LLC
**Document Number:** 195

**Docket Text:**
**MOTION to Compel Production of 2d RFP by Jess David Spurlock, Vanguard Productions, LLC. (Attachments: # (1) Exhibit 2nd MTC, # (2) Exhibit Gmail service, # (3) Exhibit Plaintiff's Responses, # (4) Exhibit Defendants' Corr. to Frazetta Properties, # (5) Exhibit Gmail Service)(McMillan, Patricia)**

**8:22-cv-00581-WFJ-AEP Notice has been electronically mailed to:**

Jack William Merritt     office@merrittlaw.net

Manuel Menendez , Jr     m.menendezjr@gmail.com

Patricia Leigh McMillan     mcmillan.esq@gmail.com

**8:22-cv-00581-WFJ-AEP Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a

EXHIBIT 3

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=1/28/2025] [FileNumber=25268093-0] [98f48d5d9edf687516506477639175a57ef681e722d54f15abb9e8462cd9ba5792 1073a60ae3e1fd093d147c35094c902a89546542c46436329deeecf4212d7d]]
**Document description:** Exhibit 2nd MTC
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=1/28/2025] [FileNumber=25268093-1] [3223f7434d8df8b052d6168d850578e42485a91a0f08c91cd0d72334f88a550632 236ffe508c5f337d533dcb515e42d3ee07b6e5023ee65565c1b253e3476804]]
**Document description:** Exhibit Gmail service
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=1/28/2025] [FileNumber=25268093-2] [47d92d05d8e8eaaeedf5ecdd01b0a37d416732c9dd134fa346e5ccdb8a206f3f9e 6d64d8a3e9a4a5097dfd6fc40fe8b844f3682bff2006b6b31abcb65526a1dd]]
**Document description:** Exhibit Plaintiff's Responses
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=1/28/2025] [FileNumber=25268093-3] [7e47317c84e8581385fc04de7ef2cf3dd24d173111674ea4ee49e4b36774b924c4 81b3aeb44af9d89ce2719c95a66afd41a98c5fd8308a27addaae0b5b25361d]]
**Document description:** Exhibit Defendants' Corr. to Frazetta Properties
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=1/28/2025] [FileNumber=25268093-4] [96d66b68ccdf62a857240f7023c1b387fde4a4a0e7801340828b5e03088f2d1ffd 48541e8127c937f896a65653f785598808772ba72e645b7e6f5ebfccf95c1d]]
**Document description:** Exhibit Gmail Service
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=1/28/2025] [FileNumber=25268093-5] [0f3fb5c6d5bef8e1d563f356e47f93201227beef4a96bf103fa618bb066a0722ad bcb2b4d2ddbd8adcb7b97ec923793ce321847cad5c918c60e7ba046f931a98]]

EXHIBIT 3

E

| | |
|---|---|
| **From:** | Leigh Williams |
| **To:** | office@merrittlaw.net |
| **Cc:** | jmerritt@merrittlaw.net; Wendy Newsome, Paralegal |
| **Subject:** | Re: Second Amended Production Responses |
| **Date:** | Monday, February 17, 2025 2:11:51 PM |

Jack -

I don't believe I can cancel the hearing on the basis of the supplemental responses provided by Frazetta Properties.

Kind regards,

Leigh

On Mon, Feb 17, 2025 at 12:09 PM Jack Merritt, Attorney <jmerritt@merrittlaw.net> wrote:

> Hi Leigh,
>
> Attached you will find the Second Amended Responses to Production Requests. I filed them with the Court and you should receive a copy.
>
> This should eliminate the need for the hearing scheduled for tomorrow. However, I will file a Response in Opposition because I do not know whether you will cancel the Hearing. I should have filed it last week, but I expected this would be resolved.
>
> Regards,
>
> Jack Merritt

EXHIBIT 4

--
Leigh M. Williams
Leigh M. Williams Law Office, PLLC
Tel. 432 901-2141

CONFIDENTIALITY NOTICE: This message, including any attachments, may contain confidential, proprietary, privileged and/or private information. The information is intended for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by one other than the intended recipient is prohibited.