UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRAZETTA PROPERTIES, LLC,

          *Plaintiffs,*                   CASE NO. 8:22-cv-00581-WFJ-AEP

v.

VANGUARD PRODUCTIONS, LLC,
and JESSE DAVID SPURLOCK,

          *Defendants.*

_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION FOR SANCTIONS

Defendants VANGUARD PRODUCTIONS, LLC and J. DAVID SPURLOCK respond to Plaintiff's motion for sanctions [DIN 218] as follows:

1.      Plaintiff's motion for sanctions demands Defendants be punished for raising an issue of material fact in their second motion for reconsideration [DIN 176], granted in part by the court on August 14, 2024 [DIN 184].

2.      However, the court had already directed [DIN 166] Plaintiff to produce certified copies of the application and deposit copies for the *Death Dealer II* and *Death Dealer V* images from the United States Copyright Office.

3.      The affidavits of three of the four Frazetta Properties, LLC's members [DIN 220, 221, 222] each state the identical words in the same order and were apparently drafted by counsel for Frazetta Properties, LLC, each denying ever having seen the 2015 letter.

4.    The 2015 letter was emailed to William Frazetta by Mr. Spurlock and is part of Frazetta Properties' business records the same as it is part of Vanguard Productions' business records.

5.    The letter was drafted by Mr. Spurlock at William Frazetta's request when Frazetta Properties, LLC was having a dispute concerning public domain material Dark Horse Comics intended to publish without the involvement of Plaintiff. The letter was to be sent to the attorneys for Frank Frazetta, Jr., Dark Horse Comics, and Diamond Comics.

6.    Mr. Spurlock did not draft this letter on his own initiative.  The email was not sent to Frank Frazetta, Jr., whose email address is not the one on the email. William Frazetta's email address is the one on the email. [DIN 224-1].

7.    The 2015 letter was emailed to William Frazetta by Mr. Spurlock and is part of Frazetta Properties' business records the same as it is part of Vanguard Productions' business records.

8.    Apparently the letter, or one much like it, was sent, because the matter was resolved amicably and Vanguard Productions thereafter published the public domain material, *White Indian* and *Johnny Comet*, under the Frazetta Classics imprint authorized in the parties' 2010 *Frazetta Trademark and Endorsement Agreement,* the same agreement authorizing Defendants broad discretion in publication of future editions of the *Definitive Frazetta Reference*.

*Holly J. Frazetta, et al. vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

9.      Counsel for Frazetta Properties neither requested discovery on the 2015 letter during the time discovery was re-opened [DIN 188] from September 26, 2024 through February 7, 2025 or asked his clients to search their records for this letter, as several emails concerning this dispute exist. (See, Ex. 1).

10.     Instead, Plaintiff's counsel drafted a harshly-worded motion for sanctions accusing Defendants and the undersigned of engaging in an unethical plan to prolong this matter instead of appealing the order [DIN 128] after entry of final judgment.

11.     The 2015 letter [DIN 95-4] was filed well before summary judgment was entered [DIN 128]. Frazetta Properties did not refute the 2015 business record but erroneously claimed that future editions of the *Frazetta Definitive Reference* must include the original authors' names, which is silly. (See, DIN 100, Aff. J. Weber). The prior editions of the *Frazetta Definitive Reference* contain a substantial chapter on Frank Frazetta's book covers. This latest edition simply reproduces all of them, which is a proper purpose of the *Frazetta Definitive Reference*.

12.     Defendants have relied in good faith on the 2010 *Frazetta Trademark and Endorsement Agreement,* reiterated in the 2015 letter, until Plaintiff claimed infringement, despite having remained silent when the *Death Dealer* images were reproduced in both of the prior editions of the *Frazetta Definitive Reference*.

13.     It is a fact that Plaintiff has continued to remain silent and ultimately place Mr. Spurlock in the position of having relied in good faith to his detriment concerning the agreement he negotiated with the late Frank Frazetta.

14.     Plaintiff would have the court believe that Defendants are some kind of opportunistic interlopers. This is untrue. Ellie Frazetta, Frank Frazetta's wife and business manager, personally asked the original author, James A. Bond, to work with Mr. Spurlock and Vanguard Productions to publish the *Frazetta Definitive Reference*. (See, Book, 2010 ed., Introduction and Afterward).

15.     Mr. Spurlock worked closely with Ellie on the *Frazetta Definitive Reference.* Her instructions for reproducing Frazetta's artwork, including the *Death Dealer* images, are on multiple galley pages of the Book, some in her own handwriting. (See, Ex. 2).

16.     Ellie Frazetta's instructions were not legal advice on fair use, but were her instructions, as business manager for Frank Frazetta, concerning the authorized reproduction of Frank Frazetta's work in the *Frazetta Definitive Reference*.

17.     As some sort of parting shot, the affidavit of Joseph Weber [DIN 223], Plaintiff's corporate representative, falsely states that Vanguard Productions was found to have breached a different agreement incorporated into the parties' 2010 settlement agreement in a lawsuit filed in state court in Sarasota, Florida.

18.     This is not the case at all. In that litigation, both parties sued each other for breach of that particular agreement, and the jury found for neither party. The 2015 letter would not have been produced in that suit because this letter had nothing to do with that other agreement and Mr. Weber knows this.

19.     Plaintiff has painted a false picture of the parties' agreement and the history of the *Frazetta Definitive Reference,* and Defendants filed the 2015 letter as

another example of Defendants' reliance (to his detriment, apparently) in good faith based on Plaintiff's conduct from 2010 until the filing of this lawsuit in 2022, which 2015 letter raised a genuine issue of material fact illustrating that Frank Frazetta's heirs, manager members of Frazetta Properties, LLC, dislike the terms of the *Frazetta Trademark and Endorsement Agreement* and wish to rescind it without making a proper business arrangement with Mr. Spurlock.

WHEREFORE, Defendants respectfully request the court Deny Plaintiffs' Motion for Sanctions [DIN 218] in its entirety.

DATED: APRIL 2, 2025

Respectfully submitted,

LEIGH M. WILLIAMS LAW OFFICE, PLLC

/s/:   *Leigh Williams*
_____
Leigh M. Williams, Esq.
Fla. Bar 624543
1701 W. Kansas Ave.
Midland, Texas 79701
leigh@williamslegal.org
mcmillan.esq@gmail.com
Tel. No.: 432 901-2141
*Attorney for Defendants*