UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRAZETTA PROPERTIES, LLC,

    *Plaintiff,*　　　　　　　　　　　CASE NO. 8:22-cv-00581-WFJ-AEP

v.

VANGUARD PRODUCTIONS, LLC,
and JESSE DAVID SPURLOCK,

    *Defendants.*

_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

DEFENDANTS Vanguard Productions, LLC ("Vanguard") and J. David Spurlock respond to Frazetta Properties, LLC's ("Frazetta Properties") motion for sanctions as follows:

**A.　BACKGROUND and PROCEDURAL HISTORY**

1. On March 31, 2025, Frazetta Properties filed their motion for sanctions [DIN 218] claiming Defendants and the undersigned knowingly filed a forged document with the court on November 8, 2023 and relied upon it to fraudulently obtain the court's Order [DIN 188], entered August 14, 2024, granting the motion in part, receding from its summary judgment Order [DIN 128] finding in Plaintiff's favor.

2. The document, a letter dated January 13, 2015, was addressed to Frank Frazetta, Jr. (a member of Frazetta Properties), Dark Horse Comics, and Diamond Comics Distributors, stating that Frazetta Properties authorized Vanguard to reproduce copyrighted images pursuant to the parties' 2010 Settlement Agreement. (the "Dark Horse Letter") [DIN 95-4].

*Frazetta Properties, LLC vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

3. The Dark Horse Letter contained the signatures of David Spurlock, for Vanguard, and of Frazetta Properties members Holly Frazetta, Heidi Frazetta, and William Frazetta [DIN 95-4] at the bottom, and was filed as Exhibit 4 to David Spurlock's November 8, 2023 Affidavit. [DIN 95].

4. Frazetta Properties did not object to the Dark Horse Letter in Joseph Weber's November 16, 2023 Rebuttal to Mr. Spurlock's Affidavit [DIN 100]; Frazetta Properties' January 22, 2024 Response to Defendants' December 19, 2023 second motion for summary judgment [DIN 111]; Frazetta Properties' January 6, 2024 amended Response to Defendants' second motion for summary judgment [DIN 125], or any time prior to the February 9, 2024 summary judgment Order. [DIN 128]

5. On September 6, 2024, a new case management schedule was set, including a new time period for serving discovery. [DIN 188].

6. From February 2024 until mid-February 2025, Frazetta Properties did not dispute the Dark Horse Letter.

7. On March 31, 2025, Plaintiff complied with the court's April 19, 2024 Order [DIN 166] by filing a certified copy of Frazetta Properties' Application submitted for copyright registration of *Death Dealer II*. [DIN 217].

8. As described and explained more fully in the attached Affidavit of J. David Spurlock (Ex. 1, attached hereto), the Dark Horse Letter was not drafted by Mr. Spurlock on his own initiative, but at the request of Frazetta Properties' member William Frazetta, who drafted the wording with Mr. Spurlock a lengthy telephone call and agreed to the wording in the Dark Horse Letter on behalf of Frazetta Properties,

*Frazetta Properties, LLC vs. Vanguard Productions, LLC et al.*
Case No. 8:22-CV-00581 WFJ-AEP

and although William Frazetta denies having seen the Dark Horse Letter, Mr. Spurlock emailed it to him in January 2015, contemporaneous with that telephone call between William Frazetta and David Spurlock.

9. As described and explained more fully in the Affidavit of Leigh M. Williams, attached hereto as Exhibit 2, the Renewed Motion for Reconsideration was filed in good faith with the firm belief that the parties had signed the Dark Horse Letter in agreement with the wording contained therein.

B. **PLAINTIFF'S MOTION FOR SANCTIONS**

10. The statements made in paragraphs 1 through 19 and paragraphs 29 through 39 of Leigh McMillan Williams' Affidavit (Ex. 2), are incorporated herein.

11. The statements made in the Affidavit of J. David Spurlock, attached as Exhibit 1 hereto, are incorporated by reference herein.

12. Plaintiff makes many inferences and implications in support of the repeated accusations of fraud and forgery. However, actual support is lacking and is refuted by the January 2015 email showing that David Spurlock emailed the Dark Horse Letter to William Frazetta.

13. Federal Rule of Civil Procedure 11(c)(2) requires that a motion for sanctions be served upon opposing counsel, and if no action is taken to remedy the situation voluntarily within 21 days, the motion may then be filed.

14. Plaintiff's counsel did not serve a copy of the motion for sanctions upon Defendants prior to filing it with the court. Plaintiff's counsel did not contact the undersigned to discuss the Dark Horse Letter prior to filing the motion for sanctions.

*Frazetta Properties, LLC vs. Vanguard Productions, LLC et al.*
*Case No. 8:22-CV-00581 WFJ-AEP*

WHEREFORE, Defendants respectfully request the court Deny Plaintiffs' Motion for Sanctions [DIN 218] in its entirety.

DATED: APRIL 14, 2025

                    Respectfully submitted,

                    LEIGH M. WILLIAMS LAW OFFICE, PLLC

/s/: *Leigh Williams* _____
Leigh M. Williams, Esq.
Fla. Bar 624543
1701 W. Kansas Ave.
Midland, Texas 79701
leigh@williamslegal.org
mcmillan.esq@gmail.com
Tel. 432 901-2141
*Attorney for Defendants*