UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRAZETTA PROPERTIES, LLC**,

   Plaintiff,

v.                                                        Case No. 8:22-cv-581-WFJ-AEP

**VANGUARD PRODUCTIONS, LLC**, and
**JESSE DAVID SPURLOCK**,

   Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff's Amended Motion for Money Damages, Fees, Expenses, and Costs and Sanctions ("Motion"), Dkt. 285, and Defendants' Response and Objections ("Response"), Dkt. 287, responding to the Court's request for such documents in its Order on Motions for Sanctions, Dkt. 279. Upon careful review of the filings, Plaintiff may jointly and severally recover $68,784 in fees, $9,170.61 in costs, $20,000 in statutory damages, and post-judgment interest. Further, Defendants are permanently enjoined from all further infringement of Plaintiff's copyright in Death Dealer II and Death Dealer V, and Defendants are ordered to destroy their remaining inventory of materials that contain infringing images of Death Dealer II and Death Dealer V.

## BACKGROUND

This case involves a dispute over certain artwork of the late fantasy and science fiction artist Frank Frazetta, Sr.—Specifically, Death Dealer II and Death Dealer V (jointly, "the Artwork"), which were utilized as the cover art for two *Death Dealer* novels. Dkt. 128 at 1–3. Plaintiff, claiming copyright ownership in these works, alleged Defendants' reproduction of these two book covers in their art book, *Frazetta Book Cover Art*, infringed its copyright. Dkt. 128 at 4. Both parties filed Motions for Summary Judgment, Dkts. 67, 79, 111, which the Court ruled on ("Summary Judgment Order"), finding that Defendants had infringed upon Plaintiff's copyright in the Artwork. Dkt. 128 at 32–33.

Defendants eventually filed a Renewed Motion for Reconsideration regarding the Summary Judgment Order. Dkt. 176. This Motion heavily relied upon a misleading document submitted to this Court by Defendants that indicated that a proper license existed, and thus Defendants were within their rights to utilize the Artwork. Dkt. 176 at 2–3; Dkt. 95-4 ("Vanguard is the exclusive, authorized book publisher of artwork copyright Frank Frazetta and/or Frazetta Properties LLC"). On its face, it appeared this document was signed by Defendant Spurlock, as well as by William Frazetta, Holly Frazetta, and Heidi Frazetta Grabin. Dkt. 95-4. Relying upon this document, the Court then reconsidered and vacated its Summary Judgment Order. Dkts. 184, 279.

The Plaintiffs then filed a Motion for Sanctions, alleging that the document was counterfeit due to the fact that the signatures of William Frazetta, Holly Frazetta, and Heidi Frazetta Grabin had been copied from other sources and pasted onto the document. Dkt. 218. The Count granted the motion for sanctions, renewed the Summary Judgment Order, and ordered that Defendant Spurlock "respond to this distraction and waste of resources by covering Plaintiff[']s attorney fees." Dkt. 279 at 2. To this end, Plaintiff then filed its Motion outlining damages, fees, and costs, Dkts. 284, 285, and Defendants filed their Response, Dkt. 287. The Court now considers both below.

## DISCUSSION

In light of the misleading document submitted to the Court by Defendant, Dkts. 95-4, 279, and the established copyright infringements of the Artwork, Dkts. 128, 279, the Court awards Plaintiff some of its requested remedies, as outlined in the analysis below.

### I.  Recovery of Fees

The Copyright Act authorizes the Court to award attorneys' fees to the prevailing party. 17 U.S.C. § 505 ("the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"). Additionally, this Court has found Defendants liable for Plaintiff's attorney's fees. Dkt. 279 ("Mr. Spurlock must

3

respond to this distraction and waste of resources by covering Plaintiffs' attorney fees."); *see* 28 U.S.C. 1927 ("Any . . . person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). In calculating attorney fee awards, courts use the lodestar method to calculate the value of an attorney's services, multiplying the hours reasonably expended by a reasonable hourly rate. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1298–99 (11th Cir. 1988). The Court notes that Defendants do not object to Plaintiff counsel's hourly rates.

Plaintiff's attorney asserts that an amount of work totaling $72,314[1] has been expended in this case. Dkt. 286 at 2; *see* Dkts. 285-1, 285-2. Defendants object to several of Plaintiff's specific time entries and dispute $19,165 of these fees. Dkt. 287 at 1–4.

Defendants' relevant objections to the time entries fall into one of the following arguments: (i) unreasonable or unnecessary work; (ii) the entry is relevant

---

[1] In Exhibit 1 of the Motion, Dkt. 285-1, the billing shows 122.4 hours of the attorney's work at $300/hr, 0.5 hours of the attorney's work at $374/hr, and 24.7 hours of the paralegal's work at $100, for a total of 147.6 hours and $39,377.50 in fees. In Exhibit 2 of the Motion, Dkt. 285-2, the billing shows 64.3 hours of the attorney's work at $375/hr, 54.9 hours of the paralegal's work at $160/hr, and 0.4 hours of the paralegal's work at $100/hr, for a total of 119.6 hours and $32,936.50 in fees. Between these two sets of billing, this amounts to the aforementioned figure of $72,314.

4

to a separate case; or (iii) the work was merely clerical in nature, not legal and fitting of an attorney. Dkt. 287 at 1–4.

As to (i) the reasonableness and necessity of the work, attorneys must exercise billing judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Work that is "excessive, redundant, or otherwise unnecessary" should be excluded from a fee request. *Id.* Exclusions for excessive billing are left to the discretion of the Court. *Norman*, 836 F.2d at 1301. Billing for (ii) matters relevant to a separate case cannot be included for self-evident reasons. Further, the work must be (iii) fitting for an attorney, being legal in nature and not merely clerical. *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090–91 (11th Cir. 2022) (quoting *Norman*, 836 F.2d at 1306) ("[A] district court may conclude that 'a fee applicant is not entitled to compensation at an attorney's rate' where 'an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment.'").

In the Court's discretion, the following entries on Plaintiff's time sheet will be modified, while those not mentioned will remain the same, Dkts. 285-1, 285-2; *see* Dkt. 287 at 1–4:

| Date | Time Entry | Rate | Task | Reduced Fee Awarded | Reason |
|---|---|---|---|---|---|
| Dec. 20, 2021 | 6.0 | $100 (WN) | Copyright of *Dark Kingdom*, calls to copyright office and client, online filing, etc. | $0 | Relevant to a separate case – Prior to initial complaint in federal court. |
| Jan. 25, 2022 | 5.0 | $300 (JM) | Hearing on Motion to Dismiss. Receipt of Second Set of Interrogatories. Plaintiffs Frazetta Properties Response to Second Set of Interrogatories and Requests for Prod. and Requests for Admission. | $0 | Relevant to a separate case – Prior to initial complaint in federal court. |
| Feb. 14, 2022 | 1.5 | $100 (WN) | Worked on Standard Application for *Jongor Fights Back* to the Copyright Office & e-mail client re: Holly's paintings and order to copyright them. | $0 | Relevant to a separate case – Prior to initial complaint in federal court. |
| Feb. 15, 2022 | 1.0 | $100 (WN) | Worked on Standard Application for *At Earths Core* to the Copyright Office. | $0 | Relevant to a separate case – Prior to initial complaint in federal court. |
| Feb. 22, 2022 | 4.0 | $100 (WN) | Research for Copyright of *Egyptian Queen*, Where and when it was first published. | $0 | Relevant to a separate case – Prior to initial complaint in federal court. |
| Mar. 21, 2024 | 0.2 | $300 (JM) | Summonses received for service. | $0 | Relevant to a separate case. |
| Apr. 15, 2024 | 9.0 | $160 (WN) | Work on federal case to File Attachments per Judge's Order. | $720 (4.5hr) | Unreasonable or Unnecessary – Excessive hours. |

After incorporating these adjustments to Plaintiff's original timesheet, reducing fees by $3,530, Plaintiff's lodestar figure for recoverable attorneys' fees is $68,784.

6

## II.  Recovery of Costs.

The Copyright Act authorizes the Court to award costs. 17 U.S.C. § 505 ("the court in its discretion may allow the recovery of full costs by or against any party"). In awarding such costs, courts are typically limited to those listed in 28 U.S.C. § 1920.[2] *Healthplan Servs. v. Dixit*, No. 8:18-cv-2608-SDM-AAS, 2021 WL 4927434, at *21 (M.D. Fla. May 27, 2021) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, (1987)).

However, this Court has separately found Defendants liable for Plaintiff's costs. Dkt. 279; *see* 28 U.S.C. 1927 ("Any . . . person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). While 28 U.S.C. § 1920 enumerates the limited types of costs a prevailing party can generally recover, 28 U.S.C. § 1927 is an independent punitive statute that allows the Court to impose sanctions, including

---

[2] 28 U.S.C. § 1923.
    A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
    A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

costs. Therefore, in applying 28 U.S.C. § 1927, the Court finds that the costs to be awarded will not be limited by 28 U.S.C. § 1920.

Plaintiff's attorney asserts that costs totaling $9,170.61 have been expended in this case. Dkt. 286 at 2; *see* Dkt. 285-3. Defendants object to $2,714 of these costs. Dkt. 287 at 1–4. Without considering the objections that rely upon 28 U.S.C. § 1920, Defendants' relevant objections only relate to the cost being incurred in a separate, different case. *Id.* at 4. Specifically, Defendants object to the costs Plaintiffs expended in retrieving certified copyright material from the Copyright Office of the United States. Dkt. 285 at 32; Dkt. 285-3 at 22; Dkt. 285-3 at 25. These costs were not relevant to a separate case, but instead were expended in efforts to respond to the Court's endorsed order on April 19, 2024, which requested "Plaintiff to produce certified registration certificate, certified registration application, certified recordation of transfer of copyright ownership to Plaintiff, and copies of deposits." Dkt. 166. Therefore, no adjustments will be made, and Plaintiff's recoverable costs are $9,170.61.

### III. Statutory Damages.

Upon an infringement of copyright, the copyright owner may elect to recover either the owner's actual damages and any additional profits of the infringer or may elect to recover statutory damages. 17 U.S.C. § 504(a); *Jordan v. Time, Inc.*, 111

F.3d 102, 104 (11th Cir. 1997) ("[A] copyright owner may choose between two types of damages: actual damages and profits or statutory damages."). At their discretion, courts may award statutory damages ranging from $750 to $30,000 for the infringement of each copyrighted work. 17 U.S.C. § 504(c)(1). The upper limit may be increased up to $150,000 if the copyright owner establishes that the infringement was committed willfully. 17 U.S.C. § 504(c)(2). "'Willfully,' in the context of section 504(c)(2), means that the defendant 'knows his actions constitute an infringement; the actions need not have been malicious.'" *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 851 (11th Cir. 1990) (citations omitted).

Here, it is not clear that Defendants knew their use of the Artwork in *Frazetta Book Cover Art* constituted an infringement. Defendants claim they initially utilized these works with the good faith belief that they were within the realm of fair use. Dkt. 14 at 14 ¶ 5; Dkt. 15 at 14 ¶ 5. Although this was ultimately found not to be fair use, Dkt. 128 at 24–32, the Court is compelled by the possibility that Defendants' failure to obtain a license was a mistaken error instead of a willful omission. The Court therefore declines to find these infringements to be willful, and the statutory limits will thus remain between $750 and $30,000. 17 U.S.C. § 504(c).

From here, the Court has "wide latitude . . . in awarding statutory damages, bounded only by the statutory limits." *Cable/Home Commc'n Corp.*, 902 F.2d at 852. In determining the appropriate amount of statutory damages to award, some

9

courts in this jurisdiction consider factors such as "the expenses saved and profits reaped by infringer, revenues lost by copyright holder as a result of infringement, and infringer's state of mind, whether willful, knowing or innocent." *Nintendo of Am., Inc. v. Ketchum*, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993) (citations omitted). Other courts take a more formulaic approach, starting with the licensing fee of the infringed work and adding relevant multipliers, typically for willful infringement or for scarcity, applied when the work at issue is "unique" and "rare." *See Strober v. Harris*, No. 8:20-cv-2663-MSS-JSS, 2021 WL 7629457, at *3, at *7–8 (M.D. Fla. Nov. 23, 2021) (applying a three-times multiplier for willfulness and a two-times multiplier for scarcity for an infringement related to an online commentary video); *Reiffer v. World Views LLC*, No. 6:20-cv-786-RBD-GJK, 2021 WL 1269247, at *5 (M.D. Fla. Mar. 1, 2021) (applying a three-times multiplier for willfulness and a five-times multiplier for scarcity for an infringement related to a unique photograph of Dubai's cityscape at night); *but see Crisman v. Intuition Salon & Spa, LLC*, No. 8:19-cv-2963-T-24 AAS, 2020 WL 1492770, at *1–2 (M.D. Fla. Mar. 27, 2020) (applying a two-times multiplier for willfulness and declining to apply a multiplier for scarcity for an infringement related to a photograph of a woman getting a facial at a spa).

In its discretion, the Court declines to consider any arrangement of factors, and instead will utilize a formulaic approach to determine the appropriate amount of

statutory damages to award. It must be noted that "statutory damages are not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered." *Strober*, 2021 WL 7629457, at *3 (quoting *Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, No. 20-81307-CIV, 2021 WL 2823270, at *3 (S.D. Fla. July 7, 2021)).

Here, Plaintiff seeks $300,000 in statutory damages, with $150,000 for the infringements of each Death Dealer II and Death Dealer V. Dkt. 285 at 4. This amount represents the upper bound of what would be permissible for a willful infringement under 17 U.S.C. 504(c). Plaintiff substantiates this figure through the implementation of a non-binding six-point analysis utilized by the Second Circuit. Dkt. 285 at 4–6; *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010); *Elec. Creations Corp. v. Gigahertz, Inc.*, No. 5:12-CV-1423 (GTS/DEP), 2013 WL 3229125. At *6 (N.D.N.Y. June 25, 2013). In a previous filing, Plaintiff applied the more formulaic approach that this Court will now utilize, but has since abandoned it in favor of the aforementioned six factors. Dkt. 159 at 13–14. In its previous analysis, Plaintiff began with a licensing fee of $5,000, applied a three-times multiplier for willfulness, and further applied a two-times multiplier for scarcity, reaching a total of $30,000 for statutory damages per infringed work, for a total of $60,000. *Id.* Although, Plaintiff later claimed $30,000 was insufficient and

11

sought the maximum award of $150,000 per infringed work, for a total of $300,000. *Id.*

In their Response, Defendants argue that the licensing fee to be utilized in a statutory damages calculation should be significantly reduced. Dkt. 287 at 5. This contention is supported by the claim that no licensing agreements currently exist for either Death Dealer II or Death Dealer V. Dkt. 287 at 5; Dkt. 287-1. Additionally, Defendants assert that no publisher pays more than Taschen, claimed to be the largest art book publisher, who pays a $500 licensing fee for interior images. Dkt. 287 at 5. This conclusory assertion is made without any support or citation, and the Court cannot find any substantiation.

Accordingly, following the precedent set by *Strober*, the Court will employ the formulaic approach to establishing statutory damages and will begin with a licensing fee of $5,000, which the Court finds reasonable. 2021 WL 7629457, at *3 (reducing a proposed $10,000 licensing down to $5,000 for the use of an online commentary video when neither party provided conclusive evidence of a licensing fee).

As the Court declines to find these infringements to be willful, no willfulness multiplier will be applied to the estimated licensing fee of $5,000. Regarding scarcity, the Court applies a two-times multiplier to the licensing fee to account for

the "unique" and "rare" nature of the Artwork, as the Court has previously established that these pieces are the "highly creative, original, and inventive" works of an acclaimed artist. Dkt. 128 at 30; *see Strober*, 2021 WL 7629457, at *3 (finding an online commentary video to fulfill the requirements for the a scarcity multiplier). The Court thus exercises its discretion to award $10,000 in statutory damages for each Death Dealer II and Death Dealer V, totaling $20,000 in statutory damages. This amount is well within the established statutory limits of $750 to $30,000. 17 U.S.C. § 504(c). The Court finds that this is not a "windfall recovery" and bears "some relationship to the actual damages suffered." *Strober*, 2021 WL 7629457, at *3 (quoting *Affordable Aerial Photography, Inc.*, 2021 WL 2823270, at *3).

### IV. Pre-Judgment and Post-Judgment Interest on Damages.

Plaintiff further seeks an award for both pre-judgment and post-judgment interest in its Motion. Dkt. 285 at 7. "The Copyright Act doesn't specify whether a copyright owner is entitled to recover interest on an award of . . . statutory damages, and 'a request for pre-judgment interest on an award of damages and profits will be directed to the court's discretion.'" *Nadeau v. Brickell Brokers LLC*, No. 24-CV-23907, 2025 WL 1768156, at *6 (S.D. Fla. June 25, 2025) (citations omitted); *see* 17 U.S.C. 504.

Regarding pre-judgment interest, Plaintiff does not provide an analysis of why the Court should award such interest, nor does Plaintiff provide a computation of the amount sought. Dkt. 285 at 7 ¶ 39 (requesting merely that "the Court order Defendants to pay Plaintiff pre-judgment and post-judgment interest on all applicable damages at a rate to be determined by the Court"). Plaintiff, carrying the burden, fails to demonstrate entitlement to pre-judgment interest. Therefore, the Court declines to award Plaintiff such a remedy. *Verch v. Speedy Holdings Grp., Inc.*, No. 6:24-cv-1895-WWB-DCI, at 23 (M.D. Fla. Aug. 12, 2025) (citations omitted) (denying similarly deficient request for pre-judgment interest).

Regarding post-judgment interest, Plaintiff is not required to include an analysis, as an award of post-judgment interest is mandatory. 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *see BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1053 (11th Cir. 1994) (explaining that post-judgment interest is mandatory and even a plaintiff's failure to request it does not waive the right to it). Accordingly, the Court awards Plaintiff with post-judgment interest on the aforementioned awards, with interest accruing from the date of the Court's Order on Motion for Sanction, June 2, 2025. Dkt.. 279; *Verch*, No. 6:24-cv-1895-WWB-DCI, at 23 (citing *Johnson v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1339 n.37 (11th Cir.

1999) ("[I]nterest accrues from the date of a judgment whether or not the judgment expressly includes it.")).

V.   **Injunction Against Future Violations.**

Beyond monetary remedies, Plaintiff also requests that the Court permanently enjoin Defendants from "all further infringement of works created by Frank Frazetta, Sr. and owned by Plaintiff." Dkt. 285 at 7 ¶ 40. Plaintiff further mentions supposed infringements of Death Dealer I, III, IV, and VI in a separately published art book. Dkt. 285 at 7 ¶ 41. Because the Court is only ruling upon the infringing use of Death Dealer II and Death Dealer V, the Court declines to act upon any supposed infringements beyond the Artwork at issue.

Under 17 U.S.C. § 502(a), the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." A plaintiff seeking such an injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Bait Prods. Pty Ltd. v. Murray*, No. 8:13-

15

cv-0169-T-33AEP, 2013 WL 4506408, at *4 (M.D. Fla. Aug. 23, 2013) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Here, the standard for a permanent injunction has been met in this case. The continued infringing use of Plaintiff's copyrighted work by Defendant creates an irreparable injury by potentially diminishing the market value of the copyrighted work and causing a loss of licensing fees. *Verch*, No. 6:24-cv-1895-WWB-DCI, at 23. Due to the possibility of future infringement, alternate remedies at law would be insufficient. *Bait Prods. Pty Ltd.*, 2013 WL 4506408, at *4. Defendants would suffer minimal, if any, hardship, as they never had a legitimate license to profit from the use of the copyrighted work. Lastly, there is no sign that such an injunction would cause a disservice to the public interest.

Therefore, the Court orders Defendants to be permanently enjoined from all further infringement of Plaintiff's copyright in Death Dealer II and Death Dealer V, including without limitation by promoting, selling, or producing further copies of *Frazetta Book Cover Art* or any other work containing the two artworks, except pursuant to a lawful license or with the express authority of Plaintiff.

## VI. Impoundment and Destruction of Books.

Finally, in addition to an injunction, Plaintiff requests the Court to order that "the Infringing Book and all other products and materials that infringe Plaintiff's

original work be impounded and destroyed." Dkt. 285 at 7 ¶ 38. Under 17 U.S.C. § 503(b), the Court has broad discretion to "order the destruction or other reasonable disposition of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights." In determining the appropriateness of this equitable remedy, the Court follows a standard which mirrors that of injunctive relief. *See Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 633 (S.D.N.Y. 2011); *Softketeers, Inc. v. Regal W. Corp.*, No. 8:19-CV-00519-JWH (JDEx), 2023 WL 2024701, at *8 (C.D. Cal. Feb. 7, 2023). "An order requiring destruction of an unlawful inventory is particularly appropriate where the court seeks to prevent future infringements." *Entral Grp. Int'l v. 7 Day CafÉ & Bar*, No. 05 CV 1911 (JG), 2006 WL 8439052, at *15 (E.D.N.Y. Sep. 29, 2006) (citations omitted). Although courts typically "refrain[] from granting this type of relief if it may deprive the defendant of legitimate use of the items in question," *Hounddog Prods., L.L.C.*, 826 F. Supp. 2d at 634, such restraint does not apply when there exists "no use other than for unlawful, infringing purposes." *Antenna TV v. Aegean Video*, 95-CV-2328 (ERK), 1996 WL 298252, at *14 (E.D.N.Y. Mar. 20, 1996) (citations omitted).

Here, the destruction of Defendants' remaining inventory is found to be appropriate, as the mirrored standard for injunctive relief has already been met. The Court grants this remedy principally to prevent future infringement, which remains a significant risk. This risk is demonstrated by Defendant Vanguard's promotion and

sale of *Frazetta Book Cover Art*, which has continued even after the Court determined that Defendant's use of the Artwork constituted copyright infringement. Dkt. 128; *Frazetta Book Cover Art*, VANGUARD, http://www.vanguardpublishing.com/Frazetta_Book_Cover_Art/index.html, [https://perma.cc/5EK2-2QJB] (last visited Aug. 26, 2025). Moreover, the Court considers the only use for the infringing material to be further infringement through continued promotion and sale. The sole remedy sufficient to prevent such future infringement is one requiring Defendants destroy their remaining inventory.

Therefore, the Court orders that Defendants destroy their remaining inventory of materials which contain infringing instances of the Artwork.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. Plaintiff's Amended Motion for Money Damages, Fees, Expenses, and Costs and Sanctions, Dkt. 285, is **GRANTED**;

2. Defendants are **JOINTLY and SEVERALLY liable** to Plaintiff for **$68,784** in fees, **$9,170.61** in costs, **$20,000** in statutory damages, and post-judgment interest to accrue at the legal rate, all for which let execution issue forthwith;

3. Defendants are permanently **ENJOINED** from all further infringement of Plaintiff's copyright in Death Dealer II and Death Dealer V;

4. Defendants are **ORDERED** to destroy their remaining inventory of materials that contain infringing instances of Death Dealer II and Death Dealer V.

5. The Clerk will enter the money judgment and **CLOSE** this file.

**DONE AND ORDERED** at Tampa, Florida, on August 29, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record